Steven J. Moser
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY  11743
Tel: 516-671-1150
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Santos Hernandez, Emanuel De Jesus Lievano and Miguel Antonio Vasquez<br><br>                                                    Plaintiffs,<br><br>                     -*against*-<br><br>Rosso Uptown Ltd., Michael Tizzano and Massimo Gammella,<br><br>                                                    Defendants | **COMPLAINT** |

Plaintiffs Santos Hernandez, Emanuel De Jesus Lievano and Miguel Antonio Vasquez, by their attorneys, the Moser Law Firm, P.C., hereby file this complaint against Rosso Uptown Ltd., Michael Tizzano and Massimo Gammella, and allege as follows:

JURISDICTION AND VENUE

1. This action is brought to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New York Labor Law ("NYLL"), including minimum wage, overtime, spread of hours, wage statement, and wage notice violations.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 261(a)(2), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred

1

within the Eastern District.

## PARTIES

*Plaintiff*

4. Plaintiff Santos Hernandez is a natural person who resides in Nassau County, New York.

5. Plaintiff Emanuel De Jesus Lievano is a natural person who resides in Nassau County, New York.

6. Plaintiff Miguel Antonio Vasquez is a natural person who resides in Nassau County, New York.

*Corporate Defendant*

7. Defendant Rosso Uptown, Ltd. is a domestic corporation incorporated under the laws of the State of New York.

8. Defendant Rosso Uptown, Ltd. maintained a principal place of business at 52 Main Street, Port Washington, New York 11050.

*Individual Defendants*

9. Defendant Massimo Gammella is a natural person who resides in Nassau County, New York.

10. Upon information and belief, Massimo Gammella (Gammella), at all times relevant, was a shareholder of Rosso Uptown, Ltd.

11. Upon information and belief, Defendant Gammella had the power to hire and fire the Plaintiffs, supervised, and controlled the work schedules and conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

12. Upon information and belief, Defendant Gammella exercised sufficient operational control over Rosso Uptown, Ltd. to be deemed Plaintiffs' employer.

13. Defendant Michael Tizzano is a natural person who resides in Nassau County, New York.

14. Upon information and belief, Michael Tizzano (Tizzano), at all times relevant, was a shareholder of Rosso Uptown, Ltd.

15. Upon information and belief, Defendant Tizzano had the power to hire and fire the Plaintiffs, supervised, and controlled the work schedules and conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

16. Upon information and belief, Defendant Tizzano exercised sufficient operational control over Rosso Uptown, Ltd. to be deemed Plaintiffs' employer.

## FACTUAL ALLEGATIONS

17. At relevant times, Defendant Rosso Uptown, Ltd. was an employer as defined under the FLSA and NYLL.

18. At relevant times, Defendant Gammella was an employer as defined under the FLSA and NYLL.

19. At relevant times, Defendant Tizzano was an employer as defined under the FLSA and NYLL.

20. At all relevant times, Defendant Rosso Uptown, Inc. has been an entity engaged in commerce as defined by the FLSA. 29 U.S.C. §§ 201 et seq.

21. For the calendar year 2014, Rosso Uptown, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

22. For the calendar year 2015, Rosso Uptown, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

23. For the calendar year 2016, Rosso Uptown, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

24. For the calendar year 2017, Rosso Uptown, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

25. For the calendar year 2018, Rosso Uptown, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

26. At all relevant times, the Rosso Uptown, Ltd. operated an eating or drinking place that prepared and offered food or beverages for human consumption on its premises.

*Santos Hernandez*

27. At all relevant times, Santos Hernandez was an employee of and employed by the Defendants under the FLSA and NYLL.

28. More specifically, Mr. Hernandez was employed by Defendants from on or about March 20, 2016 until on or about July 1, 2018.

29. Mr. Hernandez worked six days per week.

30. Mr. Hernandez's scheduled hours were from 11 am to 10 pm on Tuesday, Wednesday, and Thursday, from 11 am until 11 pm on Friday and Saturday, and from 12 pm to 10 pm on Sunday.   Mr. Hernandez took a lunch break each day from 3pm to 4 pm.

31. On virtually every week during his employment with the defendants, Mr. Hernandez worked at least the regularly scheduled hours (61 hours).

32. Mr. Hernandez worked as a dishwasher and food preparer.

33. From on or about March 20, 2016 until on or about May 31, 2017, Mr. Hernandez was paid a weekly salary, in cash, of $400.00.

34. From on or about May 31, 2017 until on or about July 1, 2018, Mr. Hernandez was paid a weekly salary of $475, $350 of which was paid by check, and $125 of which was paid in cash.

35. Mr. Hernandez was not compensated at the New York State Minimum wage for all

hours worked.

36. Mr. Hernandez never received overtime compensation for hours worked in excess of forty at one- and one-half times his regular rate of pay.

37. Mr. Hernandez was never given a wage notice at hiring or at any time subsequent to hiring.

38. Mr. Hernandez was never given a wage statement reflecting the cash wages paid to him.

39. The wage statements furnished to Mr. Hernandez with his check were defective because, inter alia, the statements did not reflect the cash wages paid, they did not contain the telephone number of the employer, and they did not list the regular or overtime hours worked.

40. Mr. Hernandez regularly worked a spread of hours that exceeded ten.

41. Mr. Hernandez was never paid the spread of hours premium.

*Emmanuel De Jesus Lievano*

42. At all relevant times, Emmanuel De Jesus Lievano was an employee of and employed by the Defendants under the FLSA and NYLL.

43. More specifically, Mr. Lievano was employed by Defendants from approximately August 2016 until on or about July 1, 2018.

44. Mr. Lievano worked six days per week.

45. Mr. Lievano's scheduled hours were from 10:30 am to 10 pm on Monday, Wednesday, and Thursday, from 10:30 am until 11 pm on Friday and Saturday, and from 11 pm to 10 pm on Sunday.  Mr. Lievano took a lunch break each day from 3pm to 4 pm.

46. On virtually every week during his employment with the Defendants, Mr. Lievano worked at least the regularly scheduled hours (64 ½ hours).

47. Mr. Lievano worked as a cook and salad preparer.

5

48. From approximately August 2016 until January 2017, Mr. Lievano was paid a weekly salary, in cash, of $420.00.

49. From approximately February 2017 until March 2017, Mr. Lievano was paid a weekly salary, in cash, of $440.00.

50. From approximately April 2017 until on or about July 1, 2018, Mr. Lievano was paid a weekly salary, in cash, of $460.00.

51. Mr. Lievano was not compensated at the New York State Minimum wage for all hours worked.

52. Mr. Lievano never received overtime compensation for hours worked in excess of forty at one- and one-half times his regular rate of pay.

53. Mr. Lievano was never given a wage notice at hiring or at any time subsequent to hiring.

54. Mr. Lievano was never given a wage statement reflecting the cash wages paid to him.

55. Mr. Lievano regularly worked a spread of hours that exceeded ten.

56. Mr. Lievano was never paid the spread of hours premium.

*Miguel Antonio Vasquez*

57. At all relevant times, Miguel Antonio Vasquez was an employee of and employed by the Defendants under the FLSA and NYLL.

58. More specifically, Mr. Vasquez was employed by Defendants on a date beginning more than 6 years prior to the date of commencement of this action until on or about July 1, 2018.

59. Mr. Vasquez worked six days per week.

60. Mr. Vasquez's scheduled hours were from 11 am to 10 pm on Tuesday, Wednesday, and Thursday, from 11 am until 11 pm on Friday and Saturday, and from 12 pm to 10 pm on

6

Sunday.   Mr. Vasquez took a lunch break each day from 3pm to 4 pm.

61. On virtually every week during his employment with the Defendants, Mr. Vasquez worked at least the regularly scheduled hours (61 hours).

62. Mr. Vasquez worked as a cook.

63. From approximately August 2014 until June 2016, Mr. Vasquez was paid a weekly salary, in cash, of $400.

64. From approximately July 2016 until on or about July 1, 2018, Mr. Vasquez was paid a weekly salary, in cash, of $500.00.

65. Mr. Vasquez was not compensated at the New York State Minimum wage for all hours worked.

66. Mr. Vasquez never received overtime compensation for hours worked in excess of forty at one and one half his regular rate of pay.

67. Mr. Vasquez was never given a wage notice at hiring or at any time subsequent to hiring.

68. Mr. Vasquez was never given a wage statement reflecting the cash wages paid to him.

69. Mr. Vasquez regularly worked a spread of hours that exceeded ten.

70. Mr. Vasquez was never paid the spread of hours premium.

## FIRST COUNT

*Minimum Wages under Article 19 of the New York Labor Law §§ 650 et seq. NYLL §§ 658 and 663*

71. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

72. Defendants are required to the Plaintiffs at a rate not less than the minimum wage as prescribed by law.

73. Defendants failed to compensate the Plaintiffs the minimum wages to which they were entitled.

74. Defendants willfully deprived the Plaintiffs the minimum wages to which they were entitled.

## SECOND COUNT

*Overtime Wages under the Fair Labor Standards Act 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

75. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

76. Defendants are each an employer within the meaning of 29 U.S.C. § 203(e).

77. Plaintiffs are each an employee within the meaning of 29 U.S.C. § 203(e).

78. Defendants were required to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a workweek.

79. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled.

80. Defendants willfully deprived the Plaintiffs the overtime wages to which they were entitled.

81. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies.

## THIRD COUNT

*Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. (NYLL § 663 and N.Y. Compilation of Codes, Rules, and Regulations §§ 146-1.4)*

82. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

83. Defendants are each an employer within the NYLL.

84. Plaintiffs are each an employee within the NYLL.

85. Defendants were required to pay Plaintiffs one and one-half times their regular rate minimum wage for all hours worked in excess of forty (40) hours in a workweek.

86. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled.

87. Defendants willfully deprived the Plaintiffs the overtime wages to which they were entitled.

## FOURTH COUNT

*Spread of Hours Premium under 12 NYCRR §§ 146-1.6*

88. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

89. Plaintiffs were entitled to a spread of hours premium for each workday that the spread of hours exceeded ten.

90. Plaintiffs regularly worked a spread of hours that exceeded ten.

91. Defendants failed to pay the Plaintiffs spread-of-hours pay.

92. Defendants willfully deprived the Plaintiffs spread of hours pay to which they were entitled.

## FIFTH COUNT

*Wage Notice Violations under NYLL § 195(1) and 198*

93. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

94. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring that contains inter alia, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

95. Defendants failed to provide the wage notice as required by NYLL § 195.

## SIXTH COUNT

*Wage Statement Violations under NYLL §§ 195(3) and 198*

96. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

97. NYLL § 195(3) requires an employer furnish a wage statement with every wage payment that lists inter alia, the employee's name, address, and phone number, employer's name, dates covered by the payment, deductions, and net wages.

98. Defendants failed to provide a wage statement with each wage payment as required by NYLL § 195.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Minimum wages owed under the NYLL;

B. An amount equal to such minimum wages as liquidated damages under the NYLL;

C. Unpaid overtime pay under the NYLL and the FLSA;

D. An amount equal to unpaid overtime as liquidated damages under the FLSA and NYLL;

E. Unpaid spread of hours pay;

F. An amount to Spread of Hours Pay as liquidated damages under the NYLL;

G. Statutory damages for continuing violations of the wage notice provisions of NYLL § 195, up to a total of $5,000 per plaintiff;

H. Statutory damages for continuing violations of the wage statement provisions of NYLL § 195, up to a total of $5,000 per plaintiff;

I. Reasonable attorney's fees and costs of the action;

J.   Prejudgment interest; and

K.   Such other relief as this Court shall deem just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand a trial by jury in this action of all issues so triable.

Dated:  August 28, 2020

                Respectfully submitted,
                MOSER LAW FIRM, P.C.

                _____
                By:  Steven John Moser
                5 E. Main Street
                Huntington, NY  11743
                (516) 671-1150
                smoser@moseremploymentlaw.com
                *Attorneys for Plaintiff*