UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Santos Hernandez, Emanuel De Jesus Lievano and Miguel Antonio Vasquez<br><br>Plaintiffs,<br><br>-against-<br><br>Rosso Uptown Ltd., Michael Tizzano and Massimo Gammella,<br><br>Defendants | Civil Action No. 20-cv-04026<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants', ROSSO UPTOWN LTD., MICHAEL TIZZANO and MASSIMO GAMMELLA ("Defendants"), by and through the undersigned attorneys of Hamra Law Group, P.C., hereby respectfully submits its Answers and Affirmative Defenses to Plaintiffs', SANTOS HERNANDEZ, EMANUEL De JESUS LIEVANO and MIGUEL ANTONIO VASQUEZ, Complaint as follows:

### JURISDICTION AND VENUE

1. Defendants' admit that Plaintiffs purport to bring a claim under the Fair Labor Standards Act, of 1938. ("FLSA"), as amended, and various violations of the New York Labor Law ("NYLL"), including minimum wage, overtime, spread of hours, wage statement, and wage notice violations. However, Defendants' deny the remaining allegations contained in Paragraph "1" of Plaintiffs' Complaint.

2. Defendants deny the allegations contained in Paragraph "2" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

3. Defendants deny the allegations contained in Paragraph "3" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

9

## PARTIES

*Plaintiffs*

4.  Defendants' deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "4" of Plaintiffs' Complaint.

5.  Defendants' deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "5" of Plaintiffs' Complaint.

6.  Defendants' deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "6" of Plaintiffs' Complaint.

*Corporate Defendant*

7.  Defendants admit the allegations contained in Paragraph "7" of Plaintiffs' Complaint.

8.  Defendants admit the allegations contained in Paragraph "8" of Plaintiffs' Complaint.

*Individual Defendants*

9.  Defendants admit the allegations contained in Paragraph "9" of Plaintiffs' Complaint.

10. Defendants deny the allegations contained in Paragraph "10" of Plaintiffs' Complaint.

11. Defendants deny the allegations contained in Paragraph "11" of Plaintiffs' Complaint.

12. Defendants deny the allegations contained in Paragraph "12" of Plaintiffs' Complaint.

13. Defendants admit the allegations contained in Paragraph "13" of Plaintiffs' Complaint.

14. Defendants deny the allegations contained in Paragraph "14" of Plaintiffs' Complaint.

15. Defendants deny the allegations contained in Paragraph "15" of Plaintiffs' Complaint.

16. Defendants deny the allegations contained in Paragraph "16" of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

17. Defendants deny the allegations contained in Paragraph "17" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

18. Defendants deny the allegations contained in Paragraph "18" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

19. Defendants deny the allegations contained in Paragraph "19" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

20. Defendants deny the allegations contained in Paragraph "20" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

21. Defendants deny the allegations contained in Paragraph "21" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

22. Defendants deny the allegations contained in Paragraph "22" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

23. Defendants deny the allegations contained in Paragraph "23" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

24. Defendants deny the allegations contained in Paragraph "24" of Plaintiffs'

Complaint and refer all questions of law to this Honorable Court.

25. Defendants deny the allegations contained in Paragraph "25" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

26. Defendants deny the allegations contained in Paragraph "26" of Plaintiffs' Complaint.

*Santos Hernandez*

27. Defendants deny the allegations contained in Paragraph "27" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

28. Defendants deny the allegations contained in Paragraph "28" of Plaintiffs' Complaint.

29. Defendants deny the allegations contained in Paragraph "29" of Plaintiffs' Complaint.

30. Defendants deny the allegations contained in Paragraph "30" of Plaintiffs' Complaint.

31. Defendants deny the allegations contained in Paragraph "31" of Plaintiffs' Complaint.

32. Defendants deny the allegations contained in Paragraph "32" of Plaintiffs' Complaint.

33. Defendants deny the allegations contained in Paragraph "32" of Plaintiffs' Complaint.

34. Defendants deny the allegations contained in Paragraph "34" of Plaintiffs'

35. Defendants deny the allegations contained in Paragraph "35" of Plaintiffs' Complaint.

36. Defendants deny the allegations contained in Paragraph "36" of Plaintiffs' Complaint.

37. Defendants deny the allegations contained in Paragraph "37" of Plaintiffs' Complaint.

38. Defendants deny the allegations contained in Paragraph "38" of Plaintiffs' Complaint.

39. Defendants deny the allegations contained in Paragraph "39" of Plaintiffs' Complaint.

40. Defendants deny the allegations contained in Paragraph "40" of Plaintiffs' Complaint.

41. Defendants deny the allegations contained in Paragraph "41" of Plaintiffs' Complaint.

*Emmanuel De Jesus Lievano*

42. Defendants deny the allegations contained in Paragraph "42" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

43. Defendants deny the allegations contained in Paragraph "43" of Plaintiffs' Complaint.

44. Defendants deny the allegations contained in Paragraph "44" of Plaintiffs' Complaint.

45. Defendants deny the allegations contained in Paragraph "45" of Plaintiffs' Complaint.

46. Defendants deny the allegations contained in Paragraph "46" of Plaintiffs' Complaint.

47. Defendants deny the allegations contained in Paragraph "47" of Plaintiffs' Complaint.

48. Defendants deny the allegations contained in Paragraph "48" of Plaintiffs' Complaint.

49. Defendants deny the allegations contained in Paragraph "49" of Plaintiffs' Complaint.

50. Defendants deny the allegations contained in Paragraph "50" of Plaintiffs' Complaint.

51. Defendants deny the allegations contained in Paragraph "51" of Plaintiffs' Complaint.

52. Defendants deny the allegations contained in Paragraph "52" of Plaintiffs' Complaint.

53. Defendants deny the allegations contained in Paragraph "53" of Plaintiffs' Complaint.

54. Defendants deny the allegations contained in Paragraph "54" of Plaintiffs' Complaint.

55. Defendants deny the allegations contained in Paragraph "55" of Plaintiffs' Complaint.

56. Defendants deny the allegations contained in Paragraph "56" of Plaintiffs' Complaint.

*Miguel Antonio Vasquez*

57. Defendants deny the allegations contained in Paragraph "57" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

58. Defendants deny the allegations contained in Paragraph "58" of Plaintiffs' Complaint.

59. Defendants deny the allegations contained in Paragraph "59" of Plaintiffs' Complaint.

60. Defendants deny the allegations contained in Paragraph "60" of Plaintiffs' Complaint.

61. Defendants deny the allegations contained in Paragraph "61" of Plaintiffs' Complaint.

62. Defendants deny the allegations contained in Paragraph "62" of Plaintiffs' Complaint Mr. Vasquez worked as a cook.

63. Defendants deny the allegations contained in Paragraph "63" of Plaintiffs' Complaint.

64. Defendants deny the allegations contained in Paragraph "64" of Plaintiffs' Complaint.

65. Defendants deny the allegations contained in Paragraph "65" of Plaintiffs' Complaint.

66. Defendants deny the allegations contained in Paragraph "66" of Plaintiffs' Complaint.

67. Defendants deny the allegations contained in Paragraph "67" of Plaintiffs' Complaint.

68. Defendants deny the allegations contained in Paragraph "68" of Plaintiffs' Complaint

69. Defendants deny the allegations contained in Paragraph "69" of Plaintiffs' Complaint.

70. Defendants deny the allegations contained in Paragraph "70" of Plaintiffs' Complaint

## FIRST COUNT

*Minimum Wages under Article 19 of the New York Labor Law §§ 650 et seq. NYLL §§ 658 and 663*

71. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

72. Defendants deny the allegations in Paragraph "72" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

73. Defendants deny the allegations in Paragraph "73" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

74. Defendants deny the allegations in Paragraph "74" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

## SECOND COUNT

*Overtime Wages under the Fair Labor Standards Act 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

75. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

76. Defendants deny the allegations in Paragraph "76" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

77. Defendants deny the allegations in Paragraph "77" of Plaintiffs' Complaint and

refer all questions of law to this Honorable Court.

78. Defendants deny the allegations in Paragraph "78" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

79. Defendants deny the allegations in Paragraph "79" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

80. Defendants deny the allegations in Paragraph "80" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

81. Defendants deny the allegations in Paragraph "81" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

### THIRD COUNT

*Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. (NYLL § 663 and N.Y. Compilation of Codes, Rules, and Regulations §§ 146-1.4)*

82. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

83. Defendants deny the allegations in Paragraph "83" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

84. Defendants deny the allegations in Paragraph "84" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

85. Defendants deny the allegations in Paragraph "85" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

86. Defendants deny the allegations in Paragraph "86" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

87. Defendants deny the allegations in Paragraph "87" of Plaintiffs' Complaint and

refer all questions of law to this Honorable Court.

## FOURTH COUNT

*Spread of Hours Premium under 12 NYCRR §§ 146-1.6*

88.  Defendants repeat and reallege all paragraphs above as though fully set forth herein.

89.  Defendants deny the allegations in Paragraph "89" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

90.  Defendants deny the allegations in Paragraph "90" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

91.  Defendants deny the allegations in Paragraph "91" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

92.  Defendants deny the allegations in Paragraph "92" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

## FIFTH COUNT

*Wage Notice Violations under NYLL § 195(1) and 198*

93.  Defendants repeat and reallege all paragraphs above as though fully set forth herein.

94.  Defendants deny the allegations in Paragraph "94" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

95.  Defendants deny the allegations in Paragraph "95" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

## SIXTH COUNT

*Wage Statement Violations under NYLL §§ 195(3) and 198*

96. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

97. Defendants deny the allegations in Paragraph "97" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

98. Defendants deny the allegations in Paragraph "98" of Plaintiffs' Complaint and refer all questions of law to this Honorable Court.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

99. Plaintiffs' Complaint fails in whole, or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

100. The Plaintiffs' claims are barred in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

101. Plaintiffs' claims are barred in whole or in part, by the doctrines of waiver and/or estoppel, including, but not limited to, collateral estoppel and res judicata.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

102. Plaintiffs' claims are barred in whole or in part, by the doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

103. Plaintiffs breached their duty of good faith towards Defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

104. Plaintiffs have failed to mitigate his damages, if any.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

105. At all times relevant hereto, Defendants acted in good faith, without malice and in a non-reckless manner, with reasonable grounds to believe that they acted in accordance with the law and did not act in a wrongful manner.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

106. Plaintiffs have failed to join all necessary and indispensable parties in this action.

## AS AND FOR A NINETH AFFIRMATIVE DEFENSE

107. Any amount of damages otherwise recoverable by the Plaintiffs shall be diminished in total, or in proportion, to which such culpable conduct of the Plaintiff bears to the total conduct causing the damages alleged in the Complaint(s).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

108. The alleged damages, if any, sustained by Plaintiffs were caused in whole or in part by the conduct of Plaintiffs or third-parties, over whom the Defendants had no control.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

109. At all times relevant thereto, Defendants did not act in a negligent, reckless or fraudulent manner or in violation of any statute or applicable law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

110. Plaintiffs are unable to demonstrate the necessary elements of causation and damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

111. Plaintiffs have failed to allege collectible damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

112. Defendants reserve the right to raise additional affirmative defenses that may subsequently become or may appear applicable to some or all of Plaintiff's claims.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

113. The Summons' were not served in any manner permissible under the Federal Rules of Civil Procedure. Accordingly, personal jurisdiction over the defendants is lacking.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

114. The Complaint is barred in whole or in part because Defendants made accurate payment of all wages, including, but not limited to overtime.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

115. To the extent that Plaintiff was an employee of any of Defendants, he was never engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as those terms are defined under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.(29 U.S.C.* §§ 207, 216). Accordingly, this Court lacks subject matter jurisdiction herein.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

116. To the extent that Plaintiffs were employees and/or was an employee of any of Defendants, he does not fall within those persons that NYLL §§ 650 *et seq.( NYLL § 663 and N.Y. Compilation of Codes, Rules and Regulations §§ 146-1.4),* and the supporting New York State Department of Labor Regulations was designed to protect.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

117. Defendants acted in good faith with respect to Plaintiff and did not willfully violate the FLSA and/or any state law. Plaintiff, therefore, is not entitled to liquidated and/or punitive damages.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

118. The Complaint is barred in whole or in part because Plaintiffs have pled no facts demonstrating that they are entitled to recover liquidated and/or punitive damages, and Defendants have at all times acted with reasonable grounds for believing they were in compliance with the FLSA pursuant to the Portal-to-Portal Act, 29 U.S.C. § 260.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

119. Defendants have acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator. Accordingly, the action is barred under the Portal- to-Portal Act, 29 U.S.C. § 260, *et seq.*

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

120. Some or all of Plaintiffs' claims may be subject to the *de minimus* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

121. Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

122. Defendants acted in good faith with respect to Plaintiff and did not willfully violate the NYLL and/or any state law. Plaintiff, therefore, is not entitled to liquidated and/or punitive damages

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request that the Court:

A. Dismiss the Complaint in its entirety, with prejudice;

B. Deny each and every demand and request for relief contained in the Complaint's PRAYER FOR RELIEF section;

C. Award Defendants judgment against Plaintiff, with interest and costs of suit;

D. Award Defendants their costs and reasonable attorneys' fees; and

E. Award Defendants such other and further relief as the Court deems just and proper.

Dated:  December 3, 2020                    Respectfully submitted,

                                            **HAMRA LAW GROUP, P.C.**

                                    By:     _____

11

Anthony R. Portesy, Esq (AP-1986)
*Attorneys for Defendants*
1 Linden Place, Suite 207
Great Neck, NY 11021
phone: (646) 590-0571
fax: (646) 619-4012
aportesy@Hamralawgroup.com