UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Santos Hernandez, Emanuel De Jesus Lievano and
Miguel Antonio Vasquez

                                        Plaintiffs,

                        -against-                                Case No. 20-cv-4026(JMA)(SIL)

Rosso Uptown Ltd., Michael Tizzano and Massimo
Gammella,

                                        Defendants

**DECLARATION OF STEVEN J. MOSER IN SUPPORT OF PROPOSED ORDER TO
SHOW CAUSE WHY THE DEFENDANT ROSSSO UPTOWN, LTD. SHOULD NOT BE
HELD IN DEFAULT FOR FAILURE TO DEFEND THIS ACTION**

I, Steven J. Moser, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that

the following is true and correct:

1.      I am an attorney in good standing and a member of the bar of this Court.

2.      I represent the Plaintiffs.

3.      I make this declaration in support of the Proposed Order to Show Cause why the

Defendant Rosso Uptown, Ltd. should not be held in default for failure to defend this action.

**Procedural History**

4.      This action was commenced on August 28, 2020 by the Plaintiffs Santos

Hernandez, Emanuel De Jesus Lievano and Miguel Antonio Vasquez against Defendants Rosso

Uptown Ltd., Michael Tizzano and Massimo Gammella, to remedy overtime violations of the

Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New

York Labor Law ("NYLL"), including minimum wage, overtime, spread of hours, wage

statement, and wage notice violations. *See* ECF No. 1.

5.      On September 30, 2020 the Defendant Michael Tizzano a/k/a Michele Tizzano,

appearing *pro se*, filed an answer to the complaint (See ECF No. 8)..

6.      Subsequently, the Hamra Law Group appeared on behalf of all Defendants (*See*

ECF Nos. 9-11), and filed an amended answer to the Complaint on behalf of all Defendants on

December 3, 2020 (ECF No. 13).

7.      On March 18, 2021, the Hamra Law Group filed a motion to withdraw as counsel

for all Defendants, and for a stay of 45 days to retain alternate counsel.  (See ECF No. 17,

annexed hereto as Exhibit 1). The basis for the motion to withdraw was that "Defendants have

affirmatively stated that they can no longer afford to pay for future legal fees for continued

discovery, let alone trial preparation."

8.      On March 25, 2021 the Court issued an electronic order stating, in part: "Without

opposition, Hamra Law Group, PC is terminated as counsel for Defendants, and Defendants'

request for a 45-day stay to retain alternate counsel is granted."

9.      Defendant Rosso Uptown, Ltd. has not appeared through counsel.

10.     At a conference on June 10, 2021 the Defendants Massimo Gammella and

Michael Tizzano a/k/a Michele Tizzano appeared pro se, but there was no appearance for the

Defendant Rosso Uptown, Ltd.  During the conference Counsel for the Plaintiffs advised the pro

se defendants and the Court that should Rosso Uptown, Ltd. not defend the case through counsel,

that Plaintiffs would seek a default against the corporate defendant.

11.     On June 11, 2021, Plaintiffs' Counsel served a copy of the June 10, 2021 Civil

Conference Minute Order upon the Defendants, and attached a letter which stated in part:

> As you know, I represent the Plaintiffs in the above referenced action. I hereby
> renew the request that was made in the Conference with the Honorable Steven I.
> Locke, USMJ on June 10, 2021 that Rosso Uptown, Ltd. appear by counsel to
> defend this case. In the event that a notice of appearance by counsel is not filed on

or before June 25, 2021 I intend on filing a motion holding Rosso Uptown, Ltd. in default and entering a judgment against the corporate defendant.

A copy of this letter is annexed hereto as Exhibit 2.

12.     As of the date of this declaration, Rosso Uptown, Ltd. has not appeared by counsel to defend this case.

### Argument

13.     It is undisputed that Rosso Uptown, Ltd. is a domestic corporation.  On September 30, 2020, the Defendant Michael Tizzano a/k/a Michele Tizzano annexed the Certificate of Incorporation of Rosso Uptown, Ltd. to his *pro se* answer (See ECF No. 8).  A copy of the Certificate of Incorporation of Rosso Uptown, Ltd. is annexed hereto as Exhibit 3. An online search of the corporation database maintained by the New York State Department of State, Division of Corporations, confirms that Rosso Uptown, Ltd. is a domestic business corporation.  A copy of the "Entity Information" page from the New York State Department of State, Division of Corporations database for Rosso Uptown, Ltd. is annexed hereto as Exhibit 4.

14.     "It has been the law for the better part of two centuries [. . .] that a corporation may appear in the federal courts only through licensed counsel."  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993); *Grace v. Bank Leumi Tr. Co.*, 443 F.3d 180, 192 (2d Cir. 2006) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney...").

15.     FRCP 55 permits a party to obtain a default against a party who has "failed to plead or otherwise defend" an action.  *See* FRCP 55(a).

16.     "[T]he 'typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer.'" *City of N.Y. v. Mickalis Pawn Shop, L.L.C.*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d

61, 64 (2d Cir. 1986)).  Nevertheless, the Court's authority to enter a default is not limited to circumstances in which a defendant fails to file an answer, but also extends to situations in which a defendant has failed to "otherwise defend." *Id.;* Fed. R. Civ. P. 55(a).

17.     "It is well settled in the Second Circuit that a corporation's refusal to retain new counsel after the withdrawal of initial counsel is a valid basis for a default judgment." *Christa Constr., L.L.C. v. Connelly Drywall, L.L.C.*, 879 F. Supp. 2d 389, 392 (W.D.N.Y. 2012) (compiling cases).

18.     On March 25, 2021 the Court gave Rosso Uptown, Ltd. 45 days to obtain new counsel.  Rosso Uptown, Ltd. had until May 9,  2021 to retain new counsel to defend the action. As of the date of this declaration it has not done so.

19.     Plaintiffs therefore respectfully request that the Defendant Rosso Uptown, Ltd. be Ordered to Show Cause why this Court should not direct the Clerk of the Court to enter a Default against the Defendant Rosso Uptown if Rosso Uptown does not retain counsel to defend this action within 14 days.

20.     On July 2, 2021 I served the Proposed Order to Show Cause, this Declaration, and the Exhibits annexed thereto via first class mail to the following addresses of record:

Massimo Gammella
24 Manorhaven Blvd.
Port Washington, NY 11050

Michael Tizzano
44 Sitsink Drive East, Apt. E
Port Washington, NY 11050

Rosso Uptown, Ltd.
664 Flanders Drive
Valley Stream, New York 11581

21.     On July 2, 2021 I served the Proposed Order to Show Cause, this Declaration, and the Exhibits annexed thereto upon the Defendants via email mail to the following emails furnished by the Defendants:

> Rosso Uptown, Ltd. (mm@rossouptown.com)
>
> Massimo Gammella (mm@rossouptown.com)
>
> Michael Tizzano (michaelcapri@optonline.net)

I declare that the foregoing is true and correct.

Dated:  Huntington, New York
        July 2, 2021

_____

Steven J. Moser