# HAMRA LAW GROUP, PC.

32 BROADWAY, STE. 1818, NEW YORK, NY 10004
WEB: WWW.HAMRALAWGROUP.COM

ABRAHAM HAMRA, ESQ.  
AHAMRA@HAMRALAWGROUP.COM

T: 646.590.0571  
F: 646.619.4012

March 18, 2021

**VIA ECF:**
Honorable Judge Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    Hernandez et al v. Rosso Uptown, LTD. Et al.
                Case # 2:20-cv-04026-JMA-SIL

Dear Judge Locke:

Our firm represents, Rosso Uptown, Ltd., Michael Tizzano, and Massimo Gammella, ("Defendants") in the matter indicated above. Your undersigned, with the Defendants' consent, writes this letter motion pursuant to Your Honor's Individual Motion Practice rule 4(A)(i), leave of court to withdraw as counsel for the Defendants.

The Local Civil Rule 1.4 of the Local Rules of the Eastern District of New York provides, "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. . ."

Whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *Stair v. Calhoun,* 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (internal quotations omitted). The Court thus considers two issues in determining the motion: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Karimian v. Time Equities, Inc.,* No. 10 Civ. 3773 (AKH) ClCF), 2011 U.S. Dist. LEXIS 51916, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011); *Police Officers for a Proper Promotional Process v. Port Auth. of NY. & NJ.,* 2012 U.S. Dist. LEXIS 147381 (S.D.N.Y. Oct. 10, 2012).

**Basis for Leave to Withdraw**

No formal exchange of discovery in this matter has been made. Defendants have filed an answer. The Court sent this case to mediation, and a mediation date was set for April 19, 2021. In the interim, the Defendants have alerted us of their dire financial condition and told us that they can no longer afford our services.

# HAMRA LAW GROUP, PC.

32 Broadway, Ste. 1818, New York, NY 10004
Web: Www.Hamralawgroup.Com

Abraham hamra, Esq.  
ahamra@Hamralawgroup.Com

T: 646.590.0571  
F: 646.619.4012

The Defendant restaurant has been closed for over two years, and the individual defendant's financial stability was compromised due in part to COVID 19. The Defendants have incurred extreme financial hardship. The financial hardship Defendants have incurred has resulted in an irreconcilable conflict in the attorney – client relationship.

Satisfactory reasons for withdrawal, include failure to pay legal fees, a client's lack of cooperation-including lack of communication with counsel, and "the existence of an irreconcilable conflict between attorney and client." See, *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96 Civ. 2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997); *Shea v. F.C. Financial Serv's, Inc.*, No. 92 Civ. 5756, 1994 WL 649176, at *1 (S.D.N.Y. Nov. 16, 1994); *Furlow v. City of New York*, No. 90 Civ. 3956, 1993 WL 88260, at *1-2 (S.D.N.Y. Mar. 22, 1993). See, *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 CIV. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005)"

[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *Melnick v. Press,* No. 06-CV-6686, 2009 U.S. Dist. LEXIS 77609, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009); *Team Obsolete Ltd. v. A.HR.MA. Ltd.,* 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4."); *Cower v. Albany Law School of Union University,* No. 04 Civ. 643, 2005 U.S. Dist. LEXIS 13669, 2005 WL 1606057, at*5 (S.D.N.Y. July 8, 2005)

Here, Defendants have affirmatively stated that they can no longer afford to pay for future legal fees for continued discovery, let alone trial preparation. Defendants' counsel will waive its right to assert a lien on the file as the client has consented to this firm's withdrawal.

At this juncture no discovery has been exchanged, and we are awaiting an upcoming litigation. Therefore, this request to withdraw will not prejudice Defendants or Plaintiff.

If this motion is Granted, we ask the Court to stay all further proceedings for 45 days to give, Defendants an opportunity to retain alternate counsel if they chose to do so.

No previous applications have been made to withdraw as counsel.

We respectfully ask the Court to grant this motion, allow Hamra Law Group and all noticed attorneys on behalf of Hamra Law Group, to withdraw from representation, and for a stay of 45 days to allow Defendants a meaningful opportunity to explore other attorneys if they decide to retain alternate counsel to defend them. We thank the Court for its time and attention to this matter.

# HAMRA LAW GROUP, PC.

32 Broadway, Ste. 1818, New York, NY 10004
Web: Www.Hamralawgroup.Com

Abraham hamra, Esq.
ahamra@Hamralawgroup.Com

T: 646.590.0571
F: 646.619.4012

Respectfully Submitted,

HAMRA LAW GROUP, PC

_____

Ibrahim Abohamra, Esq.

*Counsel for Defendants*

1 Linden Place, Suite 207

Great Neck, New York 11021

Tel.: (646) 590-0571

Fax.: (646) 619-4012

E-mail: aportesy@hamralaw.com

CC via ECF:

**Steven John Moser**
Moser Law Firm PC
5 E Main St
Huntington, NY 11743
631-759-9766
Fax: 631-759-9766
Email: smoser@moseremploymentlaw.com

Cc: via email Massimo Gammella, Michael Tizzano, and Rosso Uptown, Ltd.