MOSER LAW FIRM, PC 

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

January 19, 2023

**VIA ECF**

Hon. Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Hernandez, et ano v Rosso Uptown Ltd, et al,* Case No. 20-cv-04026-JMA-SIL

Dear Judge Azrack:

     I represent the plaintiffs Santos Hernandez and Emanuel De Jesus Lievano in this FLSA/NYLL action. Plaintiffs are former employees of Rosso Uptown, Ltd., a restaurant bas Port Washington, New York. Please accept this pre-motion letter regarding our anticipated motion for both default judgment against the Corporate Defendant Rosso Uptown, Ltd. for its failure to defend, and summary judgment as to the individual liability of the Defendants Massimo Gammella and Michelle Tizzano.

     **The Default of the Defendant Rosso Uptown, Ltd. has Been Noted by the Court.** On March 18, 2021, the Hamra Law Group filed a motion to withdraw as counsel for Rosso Uptown, Ltd., and for a stay of 45 days to retain alternate counsel. (See ECF No. 17). On March 25, 2021 the Court issued an electronic order stating, in part: "Without opposition, Hamra Law Group, PC is terminated as counsel for Defendants, and Defendants' request for a 45-day stay to retain alternate counsel is granted." Rosso Uptown, Ltd. had until May 9, 2021 to retain new counsel to defend the action. On July 2, 2021 plaintiff requested that the Defendant Rosso Uptown be directed to show cause why a default should not be entered against them for their failure to Defend. (ECF No. 23).

     On March 30, 2022 the Court Directed Rosso Uptown to show cause on May 16, 2022 at 1:00 PM why default should not be entered against it. Rosso Uptown, Ltd. once again failed to appear and leave to file a motion for default was granted.

**INDIVIDUAL EMPLOYER LIABILITY**

     "The Second Circuit has interpreted 'employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances.'" *Ocampo v. 455 Hosp. L.L.C.*, No. 14-CV-9614 (KMK), 2021 U.S. Dist. LEXIS 178875, at *16-17 (S.D.N.Y. Sept. 20, 2021) (citing *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008)). An individual who exercises sufficient control over a worker is

Case 2:20-cv-04026-NCM-SIL  Document 49  Filed 01/19/23  Page 2 of 3 PageID #: 168

Hon. Joan M. Azrack USDJ                                         MOSER LAW FIRM, PC 
Re:    *Hernandez, et ano v Rosso Uptown Ltd, et al*, Case No. 20-cv-04026-JMA-SIL
Page 2

individually liable under the FLSA and the NYLL. *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984). The factors to be considered are whether the individual controlled (1) the formation of the employer-employee relationship (hiring and firing), (2) employees in the performance of their work by supervising them, (3) the terms of employment by setting work schedules and compensation, or (4) employment records of the employee. Barfield.

**Massimo Gammella.** Massimo Gammella testified at his deposition that the Plaintiffs worked for him at Rosso Uptown, Ltd. (Gammella Dep. 8:5-8:14).[1] He had the power to hire and fire the Plaintiffs. (Gammella Dep. 48:2-48:5). Together with another manager he controlled the Plaintiffs' work schedules. (Gammella Dep. 48:6-48:15). He maintained their payroll records. (Gammella Dep. 48:16-48:22). He determined the rate of pay. (Gammella Dep. 48:23-48:24). He owned Rosso Uptown. (Gammella Dep. 48:25-49:3).

**Michael Tizzano.** On September 30, 2020 Michael Tizzano submitted a sworn statement to the Court (ECF No. 8) stating: "I never had interactions with the plaintiffs, so I could not hire them, supervised them (sic.), control their work etc." On January 14, 2022, Mr. Tizzano went a step further, swearing to the court that he has "no affiliation with Rosso Uptown." (ECF No. 29).

This is not the first time that Mr. Tizzano and Mr. Gammella were sued for wage and hour violations arising out of their management of Rosso Uptown, Ltd. The FLSA/NYLL case of *Barrera v. Pepe Rosso 24, Inc.,* 18-cv-04558, was filed against, *inter alia* Tizzano, Gammella, and Rosso Uptown, Ltd. on August 13, 2018. That case was assigned to Your Honor. Mr. Tizzano stated that he was honest with this Court in his answer to the complaint in the Barrera case. (Tizzano Dep. 63:8-63:17). But his answer in *Barrera* admits that "Tizzano was a joint owner and manager of Rosso Uptown" (¶ 13), and that "Defendant, Tizzano, managed Rosso Uptown." (¶ 22).[2]

Mr. Tizzano admitted at his deposition that he "helped" Mr. Gammella at Rosso Uptown "Whenever he needed me." (Tizzano Dep. 14:15-15:13).[3] Mr. Tizzano told customers that he was a manager of Rosso Uptown, Ltd. (Tizzano Dep. 17:25 - 22:14). He told members of the press that he was the "General Manager" of Rosso Uptown. (81:15-83:3). He "advised" Mr. Gammella on what to do with the restaurant's menu and design. (Tizzano Dep. 24:8-24:13). He did promotional work the restaurant, including Facebook and Instagram. (Tizzano Dep. 32:21-33:4). He spoke to members of the press on behalf of Rosso Uptown. (Tizzano Dep. 33: 25-35:7). When at the restaurant he would tell employees to do things (40:22-40:25), and would "show them how to work properly." (41:5 – 41:15). When he encountered a difficult employee he would report this to Mr. Gammella, who sometimes listened to his advice. (42:9-42:20).

He held the food certificate for Rosso Uptown issued by the Nassau County Health Department. 67:14-68:20). He used his personal Facebook page to advertise job openings at Rosso Uptown and listed his personal cell phone number as the number to call for those interested. (70:12 –71 : 23). He described a process of meeting with job applicants in which he

---

[1] A copy of the transcript of Mr. Gamella's testimony is annexed hereto as Exhibit 1.
[2] Several pages from the Answer in Barrera are annexed hereto as Exhibit 2.
[3] A copy of the transcript of Mr. Tizzano's Deposition is annexed hereto as Exhibit 3.

Hon. Joan M. Azrack USDJ  **MOSER LAW FIRM, PC** 
Re:   *Hernandez, et ano v Rosso Uptown Ltd, et al*, Case No. 20-cv-04026-JMA-SIL
Page 3

enquired about their abilities , including the ability to cook, their experience , knowledge, and their character, but refused to call this a "job interview." (73:3- 73 : 22 ).

In support of our anticipated motion for summary judgment, the Plaintiff's will explain that Mr. Tizzano, unsurprisingly, was a co-manager with Mr. Gammella at Rosso Uptown who supervised employees, hired employees, fired employees, and managed the day-to-day operations of the restaurant.

### THERE IS NO NEED FOR A TRIAL ON DAMAGES

Given the default of Rosso Uptown, Ltd., the Court may find that the NYLL/FLSA violations were willful. *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (adopting the magistrate judge's determination "that Defendants' default results in a finding that they willfully violated state and federal labor laws"); *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08 Civ. 3725 (DC), 2010 U.S. Dist. LEXIS 109373, 2010 WL 4159391, at *2 (S.D.N.Y. Sept. 30, 2010) (holding that "defendants defaulted and thus plaintiffs' allegations that the FLSA violations were willful are deemed admitted"). Moreover, the Court may accept facts taken from the plaintiffs' complaint and affidavits as true for purposes of establishing damages. *Newman v. W. Bar & Lounge, Inc.*, No. 20-CV-1141 (KAM)(RER), 2021 U.S. Dist. LEXIS 110040, at *2 (E.D.N.Y. June 11, 2021) (citing *City of N.Y. v. Mickalis Pawn Shop, L.L.C.*, 645 F.3d 114, 137 (2d Cir. 2011)).

Where the employer fails to produce payroll records in discovery to rebut the plaintiff's recollections, or where the employer has defaulted, the employee's recollection and estimates of hours worked are presumed to be correct. *Gomez v. El Rancho De Andres Carne De Tres Inc.*, No. CV 2012-1264 (CBA)(MDG), 2014 U.S. Dist. LEXIS 45580, at *16-17 (E.D.N.Y. Mar. 11, 2014).

Here both situations apply: there is a default *and* a failure to produce. Although Rosso Uptown paid the plaintiffs "on the books" through a payroll company (Gammella Dep. 28:15-20), the defendants haven't produced a single document that would reflect the hours worked by the plaintiffs or the wages paid to them. Defendants haven't produced any timesheet, punch card, payroll check, paystub, or hiring notice. Therefore, the Court may rely on the deposition testimony and affidavits of the Plaintiffs to establish damages.

### CONCLUSION

For the foregoing reason, Plaintiffs intend on filing a single motion for a default judgment against the corporate defendant and a motion for summary judgment as to the liability of the individual defendants therefor.

    Respectfully Submitted,

    *Steven J. Moser*
    Steven J. Moser

CC:   All counsel of record via ECF