# HAMRA LAW GROUP, PC.
1 Linden Place, Suite 207, Great Neck, NY 11021

www.Hamralawgroup.com

Kevin S. Johnson, Esq.  T: 646.590.0571
KJohnson@Hamralawgroup.Com  F: 646.590.0571

January 20, 2023

**VIA ECF**
Hon. Joan M. Azrack, U.S.D.J.
US District Court – EDNY
100 Federal Plaza
Central Islip, NY 11722

**RE:** *Hernandez, et al. v. Rosso Uptown, Ltd., et al.*
**Case No. 20-cv-04026-JMA-SIL**

## PREMOTION LETTER RE: SUMMARY JUDGEMENT MOTIONS BY DEFENDANTS GIMMELLA AND TIZZANO

To Your Honor:

This office represents Defendants Gammella and Tizzano in the above referenced action under the FLSA and NYLL for overtime and other wage violations. This representation is under a limited scope retainer limited to the filing and drafting of the proposed summary judgment motions below and defending any filed by Plaintiffs.

As such, below is a summation of the requested motions to be filed on behalf of represented Defendants. Rosso Uptown Ltd. remains in default and unrepresented.

Defendants Do Not Qualify as Covered under the FLSA

Defendant Gammella and Tizzano intend to file for summary judgment in that the business and thus themselves could not have qualified as a covered entity under the FLSA.

There are two types of employee coverage: "enterprise coverage" and "individual coverage." In order for enterprise coverage to applied a Plaintiff need to show they are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). To satisfy this definition, a business must be an "enterprise" that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) has an "annual gross volume of sales made or business done" of "not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." § 203(s)(1)(A)(i)-(ii). The tax returns from the business that were exchanged in the course of discovery show that for at least 2 of the years within the FLSA 3 year statute and 2 year statute, the Defendants could not be held liable under the enterprise coverage of the FLSA.

HAMRA LAW GROUP, PC.
1 LINDEN PLACE, SUITE 207, GREAT NECK, NY 11021

WWW.HAMRALAWGROUP.COM

KEVIN S. JOHNSON, ESQ.                                                              T: 646.590.0571
KJOHNSON@HAMRALAWGROUP.COM                                                          F: 646.590.0571

Individual coverage applies to employees "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). An employee "engage[s] in commerce" by "perform[ing] work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." Li, 35 F. Supp. 3d at 307-08 (quoting 29 C.F.R. § 779.103). An employee "engage[s] in the production of goods for commerce" when the employee "handles or otherwise works on goods intended for shipment out of the State, directly or indirectly." Id. at 307 (cleaned up) (quoting 29 C.F.R. § 779.104). The term "goods" includes "products, commodities, merchandise, or articles or subjects of commerce of any character," 29 U.S.C. § 203(i), and the term "commerce" includes "transportation, transmission, or communication among the several States," § 203(b) (emphasis added).

From the document discovery and deposition testimony, coverage does not exist as a matter of law either under the enterprise or individual coverage under the FLSA and NYLL.

Defendant Tizzano Is Not an Employer Under the FLSA or NYLL

Defendant Tizzano has demonstrated through his testimony, the document discovery, and all party depositions, that he does not qualify as an employer under the FLSA and NYLL and thus cannot be held joint and severely liable for any claims or causes of action for which Defendant Rosso Uptown, Ltd. or Defendant Gammella may be held liable by this Court or a jury's verdict.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In the Second Circuit, an economic reality test is used to determine, as in the case of Defendant Tizzano, that consists of "whether the alleged employer [Tizzano] (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." See Hermamn v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139-40, 139-40 (2d Cr. 1999); quote from, Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984), holding modified by Zheng v. Liberty Apparel Co., 355 F.3d 61 (2d Cir. 2003).

Furthermore, Courts in this and the Southern District have consistently applied the same analysis to NYLL claims as it does under the FLSA. See i.e. Inclan v. N.Y. Hosp. Grp. Inc., 95 F. Supp. 3d 490, 511 (SDNY 2015) ("[D]istrict courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA.")

As evident from the Plaintiff and Defendant depositions, Defendant Tizzano failed on every count to qualify as an employer under the FLSA and NYLL. Such that any of his interactions with

Page | 2

HAMRA LAW GROUP, PC.
1 LINDEN PLACE, SUITE 207, GREAT NECK, NY 11021

WWW.HAMRALAWGROUP.COM

KEVIN S. JOHNSON, ESQ.                                          T: 646.590.0571
KJOHNSON@HAMRALAWGROUP.COM                                      F: 646.590.0571

employees of Ross Uptown, Ltd., his interactions did not consistently and thoroughly fit the definition of employer applied via the economic realities test, such that the action against him should be dismissed as a matter of law.

Movant Defendants Cannot be Held Liable as Shareholders Under NYS Law

NY BCL § 630 provides that a non-public corporation's ten largest shareholders may be held personally liable for "all debts, wages or salaries due and owing to any of its laborers, servants or employees. . . for services performed by them for such corporation." NY LLCL § 609(c) likewise provides that the limited liability company members with the ten largest ownership stakes in a company can be held personally liable for the same types of employment claims. However, in order to invoke either of these provisions, an employee is required to serve the subject shareholders or members with notice of his intent to hold them liable within 180 days of the termination of his services. *See* N.Y. Bus. Corp. Law § 630(a); N.Y. LLC Law § 609(c).

Moreover, an action to enforce such liability is required to be commenced within 90 days "after an execution unsatisfied" against the corporation or limited liability company "upon a judgment recovered against it for such services." *Id*. Without proof that "Defendants [were served] with timely notice of [Plaintiff's] intent to invoke the foregoing provisions, nor that they have attempted to execute an unsatisfied judgment against any of the Corporate Defendants. Plaintiffs do not oppose this characterization of the Complaint. Accordingly, to the extent Plaintiffs seek to hold the Individual Defendants liable under NY BCL § 630 or NY LLCL § 609(c), rather than as Plaintiffs' employers under the FLSA and NYLL, Plaintiffs' claims should be dismissed.

In particular, in regards to Defendant Tizzano, he his not an employer under either the FLSA nor the NYLL and thus all claims should be dismissed against him as a matter of law.

Conclusion

Therefore, Defendants intend to file the aforesaid summary judgment motions, in a single motion, for dismissal of claims against both Defendant Gammella and Defendant Tizzano.

Best regards,

*Kevin S. Johnson*
Kevin S. Johnson, Esq.

CC via Email & ECF
Steven Moser, Esq.
Steven.moser@moserlawfirm.com

Page | 3