

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

January 26, 2023

**VIA ECF**

Hon. Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Hernandez, et ano v Rosso Uptown Ltd, et al,* Case No. 20-cv-04026-JMA-SIL

Dear Judge Azrack:

    I represent the plaintiffs Santos Hernandez and Emanuel De Jesus Lievano in this FLSA/NYLL action. Please accept this response to the pre-motion letter of Kevin S. Johnson, Esq., the attorney for the individual defendants Michael Tizzano and Massimo Gammella.

    **Enterprise coverage is not at issue.**  As an initial matter, counsel for the individual defendants has not filed a notice of appearance on behalf of the defaulting corporate defendant Rosso Uptown, Ltd. Yet, he argues that Rosso Uptown was not an enterprise engaged in commerce.  This is an attempt to circumvent this Court's order, which is the law of the case, finding the Defendant Rosso Uptown, Ltd. in default, and thereby the allegations of FLSA coverage admitted.

    More importantly, the Defendants have conceded that the gross income threshold of the FLSA was met for at least one year during the statute of limitations:

> The tax returns from the business that were exchanged in the course of discovery[1] show that *for at least 2 of the years within the FLSA 3 year statute. . .*, the Defendants could not be held liable under the enterprise coverage of the FLSA.

*See* Def's Letter, at 1.

    **Michael Tizzano's claim that he is not the Plaintiffs' employer is completely contradicted by the record.**  He first swore to this court that he has no affiliation with Rosso Uptown.  However, Mr. Tizzano made judicial admissions in another FLSA case (the *Barrera* case) which contradict his sworn statements to the court in this case.  The Plaintiffs' pre-motion

---

[1] To the best of my knowledge the Defendants have never furnished tax returns in this case in the course of discovery.

Hon. Joan M. Azrack USDJ  Moser Law Firm, PC
Re:    *Hernandez, et ano v Rosso Uptown Ltd, et al*, Case No. 20-cv-04026-JMA-SIL
Page 2

letter explained how, at his deposition, Mr. Tizzano admitted that he held the food preparation certificate for Rosso Uptown, helped Massimo Gammella with the restaurant, worked there, was involved in the hiring process, told employees how to do their jobs properly, and told members of the press and customers of the restaurant that he was the general manager. Mr. Tizzano appears to have no qualms about submitting yet another sworn affidavit to the Court in his motion for summary judgment denying any association with the restaurant.

**Defendants' arguments that there is no shareholder liability under the New York Business Corporation Law are misplaced.** Even if an individual is not an "employer" under the New York Labor Law, the NY BCL forms another alternate basis for liability of shareholders of a closely held corporation. Specifically, if notice is given to the shareholders of the corporation of the unpaid wages, and a judgment is eventually obtained against the corporation, a post-judgment enforcement proceeding can be commenced against the shareholders. *See* NY BCL 630. However, this is simply another enforcement mechanism,. There is no case law holding that only shareholders of a corporation are liable for wages. To the contrary, it is well established that an individual who exercises sufficient control over a worker is individually liable under the FLSA and the NYLL, regardless of whether the individual is a shareholder. *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984).

For the foregoing reason, Plaintiffs join in the Defendants' request for a pre-motion conference, and point out that there is no sound factual or legal basis for the Defendants' anticipated motion.

Respectfully Submitted,

*Steven J. Moser*

Steven J. Moser

CC:    All counsel of record via ECF