Massimo Gammella
141 42 72 Dr
Flushing NY 11367

New York January 24, 2024

Honorable Joan M. Azrack
District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Hernandez et al v. Rosso Uptown Ltd, et al, Case No. 20-cv-04026-JMA-SIL

**MOTION TO DISMISS PRETRIAL**

Your Honor,
I trust this letter finds you well. I am writing this to inform you that has been difficult establishing contact with my attorney, this put me in a situation that forces me to proceed, once again, pro se. Unfortunately, my attorney has missed important deadlines, failing to submit important documents and evidence that could constitute important proof and that could have been turned in my favor, in addition, as you know, he missed our last pretrial conference.

I kindly request that said missed evidence would be allowed as they represent crucial proof.

In said missed papers I released an affidavit concerning the records of my employees at Rosso Uptown LTD, which, unfortunately, were lost due to unforeseen circumstances.
In September of 2018 I regrettably had to surrender the premises of my business due to persistent non payment of rent. **SEE WRITTEN DEMAND FOR PAYMENT OF PAST DUE RENT.** This unexpected situation compelled me to vacate the premises promptly, leaving behind crucial documents, including employees records.
As per the depositions provided by the plaintiffs, they have affirmed receiving salaries by check, cash or both. I assure you that there was no willful violation of the Fair Labor Standards Act (FLSA) rules on my part. The salaries were distributed diligently and accordingly to the hours and days worked. It is important to note that that statute of limitations for FLSA violations in this case is only two years, and I believe this situation falls within that timeframe

Furthermore, the evidence I am submitting will show that the basis of this lawsuit lacks genuine merit and appears to be orchestrated for ulterior motives.

Firstly, out of the three plaintiffs originally involved, one has withdrawn from the case, precisely Miguel A. Vasquez (**document 44 filed on 06/13/22**) and another, Mr. Lievano, was unaware of his involvement until he was showed (at my place of work) a notification that reported his name.

This is substantiated by video and audio evidence, (**Exhibit A**) where the latter clearly disavows any connection to the lawsuit, where he clearly says that I was always fair and just and he had no reasons at all to bring a lawsuit against me and that he does not know how his name ended up on the summon, furthermore, under deposition and under oath he mentions meeting his lawyer for the first time solely at depositions, without any prior conversations related to the case (**Exhibit B**)

Furthermore, it has been revealed that plaintiff Santos Hernandez provided false information under oath, denying any prior involvement in another labor lawsuit, this is base for perjury. **Exhibit C.** Contrary to his sworn statement, Mr. Hernandez had previously been part of another labor lawsuit, resulting in a substantial settlement that encountered decision from the same **Judge, The honorable Joan M. Azark.**
See Re: **Hernandez v Trattoria Di Meo, et al 16-cv-02981**
Said settlement awarded Mr. Hernandez of $30.000 (**Exhibit D**) Such settlement had another restaurant involved "Trattoria Di Meo". The lawsuit seems to have the same Modus Operandi of the one initiated against me and my restaurant. Furthermore, Mr. Hernandez Lawsuit against "Trattoria Di Meo" was initiated in the year 2016 (a copy of a deposited check from Rosso Uptown showing that Mr. Hernandez's signature matches the one on the complaint filed is attached) as (**Exhibit E**) the settlement was reached and agreed on May 10, 2017, all this while Mr. Hernandez was employed by me, this can only lead me to think that Mr. Hernandez is exploiting the system and he knows how to manipulate it for his own financial gains.

Moreover, contrary to plaintiffs' attorney statement (paragraph 21, 22, 23, 24, 25, **Exhibit F**) the lawsuit lacks a fundamental basis under the FLSA, since the Corporation in question had a revenue of more than 500k **only one year**, rendering it exempt under the FLSA regulations. **1989 Amendments.**
In the specific:


For the year 2015 gross income: $ 446,287   **Exhibit G**
For the year 2016 gross income: $ 589,654   **Exhibit H**
For the year 2017 gross income: $ 464, 886   **Exhibit I**
For the year 2018 gross income: $ 219,619   **Exhibit L**

Mr. Moser, attorney for plaintiffs, also requested a form 4506 that would allow him to have access to my Corporate Income tax, though I signed and sent him the form (**Exhibit M**) he never pursued to obtain such taxes because he clearly knew, with documents exchanged at discovery, that the Corporation only produced an income of more than 500k in the year 2016.

**In the 1989 Amendments:**
**According to the FLSA, the Fair Labor Standards Act affects nearly all private and public employers. It applies to companies that have total annual sales of over 500,000 or those that engage in interstate commerce.**

It is correct to say that the **financial circumstances of the Corporation,** coupled with the **voluntary withdrawn** (Miguel A. Vasquez) **and unknowing plaintiffs** (Emanuel Lievano) and the **perjury committed** (Santos Hernandez) raise serious doubts about the legitimacy of this legal action.

I kindly request your attention to these critical matters, as they undermine the integrity of the legal process and allow actions like this to capitalize in an illegal and unjust manner. As a restauranteur I understand the importance of keeping records I guarantee that my employees were paid fairly and according to the time they worked, I would like to add that during the year 2017, 2018 the business was performing poorly, the restaurant changed entity 3 times, failing miserably, and that we were only operating 5-6 days a week with closing Mondays or Tuesdays and lastingly open only for dinner, giving each employee two consecutive days off., making plaintiffs' attorney allegations in reference to his clients worked hours false.

Your honor, your discernment and impartial judgement in evaluating these issues are essential for upholding justice.

In consideration of all the above-mentioned facts I am providing a list of witnesses that can testify and validate my case:

Sonia Begum
Ak Safiat
Saad Safiat
Renato De Santis
Michele Pellegrino

Subpoena to:
Salvatore DiMeo Owner of Trattoria Di Meo (involved in a labor lawsuit with Hernandez Santos)

Respectfully,

Massimo Gammella