# EXHIBIT D

*EXHIBIT D*



# PERVEZ & REHMAN, P.C.

Nadia M. Pervez, Esq.
Aneeba Rehman, Esq.

May 10, 2017

VIA ECF
The Honorable Joan M. Azrack     ← *SAME JUDGE !!!*
District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE: **Hernandez v. Trattoria Di Meo, et al.**
**16-cv-02981**

Dear Judge Azrack,

Plaintiff Santos Hernandez ("Hernandez" and/or "Plaintiff") and Defendant Trattoria Di Meo ("Trattoria" and/or "Defendants") respectfully submit this joint letter motion in support of their request for approval of the within settlement. Based on the information provided herein the Parties respectfully request that the settlement agreement (attached as Exhibit A) be approved, the case be dismissed and the fairness hearing be found unnecessary.

## INTRODUCTION

This action was a proposed collective action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et seq.*, and a proposed Rule 23 class action under the New York Labor Law (the "NYLL") against Defendants for alleged failure to pay overtime.

On April 4, 2017, the Parties attended a conference with the Court and reached were able to reach settlement of $46,000 for the Plaintiff. This settlement, which was reached after 10 months of contested litigation is fair and reasonable and should be approved. *See Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM)(SMG), 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016) (The parties must satisfy the court that their agreement is "fair and reasonable.").

burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

Here, the result is fair and reasonable and was reached after litigation, including depositions and document discovery. Each of the factors for approval of the settlement is met.

*First*, Plaintiffs' total recovery of $46,000 is greater than the liability total projected by Defendants and a reasonable portion of Plaintiffs' calculation of what they would be entitled to if they were to win at trial. Defendants produced some records which they claimed were maintained contemporaneously and believe that they would be able to undermine Plaintiff's claims of hours worked. The amount received by Plaintiff is a reasonable compromise of these conflicting claims. Of the total settlement, $30,000 will go to Plaintiff. Attorneys fees pursuant to the retainer is one-third of recovery with expenses off the top. Plaintiff's counsel paid for filing fees, copying fees and deposition costs.

*Second*, by settling now, the parties avoid the substantial burden and expense of establishing their claims and defenses. One major point of contention was Defendants' position that he was paid properly. Defendants also contended that Plaintiffs worked very few overtime hours, and that the time records Defendants produced would support that contention. By settling now, all parties avoid the risks inherent in asking a jury to make credibility determinations concerning the number of hours worked by Plaintiffs.

*Third*, for the same reasons as in factor 2, each party avoids the risk that its testimony concerning Plaintiff's hours worked and pay structure would be accepted by the Court or a jury.

*Fourth*, the settlement agreement here is the product of arm's-length negotiation between experienced counsel, each of whom vigorously represented their respective clients' interests. *See, e.g., Willix v. Healthfirst, Inc.*, No. 07 CIV. 1143 ENV RER, 2011 WL 754862, at *3 (E.D.N.Y. Feb. 18, 2011).

*Fifth*, there has been no fraud or collusion here. No party has been promised or is receiving anything more than what is set forth in the settlement agreement.

### B. Plaintiffs Should be Granted Attorneys' Fees and Expenses

The attorneys' fees and costs of $16,000.00 ($1,000 in expenses and then one-third of recovery) is fair considering the significant work and time that was put into the case by counsel for Plaintiffs. Plaintiffs' counsel spent significant time preparing the pleadings, discovery demands, meeting with Plaintiff, initial disclosures, discovery responses, appearing in court for the initial conference, status conferences, depositions, reviewing Defendants' discovery responses, preparing the settlement agreement and preparing this letter. This excludes all paralegal time and other time not considered like phone calls and emails. Further, Plaintiff's