# EXHIBIT F

13. Defendant Michael Tizzano is a natural person who resides in Nassau County, New York.

14. Upon information and belief, Michael Tizzano (Tizzano), at all times relevant, was a shareholder of Rosso Uptown, Ltd.

15. Upon information and belief, Defendant Tizzano had the power to hire and fire the Plaintiffs, supervised, and controlled the work schedules and conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

16. Upon information and belief, Defendant Tizzano exercised sufficient operational control over Rosso Uptown, Ltd. to be deemed Plaintiffs' employer.

## FACTUAL ALLEGATIONS

17. At relevant times, Defendant Rosso Uptown, Ltd. was an employer as defined under the FLSA and NYLL.

18. At relevant times, Defendant Gammella was an employer as defined under the FLSA and NYLL.

19. At relevant times, Defendant Tizzano was an employer as defined under the FLSA and NYLL.

20. At all relevant times, Defendant Rosso Uptown, Inc. has been an entity engaged in commerce as defined by the FLSA. 29 U.S.C. §§ 201 et seq.

21. For the calendar year 2014, Rosso Uptown, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

22. For the calendar year 2015, Rosso Uptown, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

23. For the calendar year 2016, Rosso Uptown, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

24. For the calendar year 2017, Rosso Uptown, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

25. For the calendar year 2018, Rosso Uptown, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

26. At all relevant times, the Rosso Uptown, Ltd. operated an eating or drinking place that prepared and offered food or beverages for human consumption on its premises.

*Santos Hernandez*

27. At all relevant times, Santos Hernandez was an employee of and employed by the Defendants under the FLSA and NYLL.

28. More specifically, Mr. Hernandez was employed by Defendants from on or about March 20, 2016 until on or about July 1, 2018.

29. Mr. Hernandez worked six days per week.

30. Mr. Hernandez's scheduled hours were from 11 am to 10 pm on Tuesday, Wednesday, and Thursday, from 11 am until 11 pm on Friday and Saturday, and from 12 pm to 10 pm on Sunday. Mr. Hernandez took a lunch break each day from 3pm to 4 pm.

31. On virtually every week during his employment with the defendants, Mr. Hernandez worked at least the regularly scheduled hours (61 hours).

32. Mr. Hernandez worked as a dishwasher and food preparer.

33. From on or about March 20, 2016 until on or about May 31, 2017, Mr. Hernandez was paid a weekly salary, in cash, of $400.00.

34. From on or about May 31, 2017 until on or about July 1, 2018, Mr. Hernandez was paid a weekly salary of $475, $350 of which was paid by check, and $125 of which was paid in cash.

35. Mr. Hernandez was not compensated at the New York State Minimum wage for all

4