Michael Tizzano
11 Yennicock Ave 1st fl
Port Washington NY 11050

REC'D IN PRO SE OFFICE
JUN 25 '24 AM 11:58

RECEIVED
JUN 25 2024
EDNY PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 25 2024 ★
LONG ISLAND OFFICE

June 24, 2024

Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Hernandez et al v. Rosso Uptown, Ltd et al case 2:20-cv-04026-JMA-SIL

Hostility of Plaintiff's lawyer to release information about the cases mentioned and used as reference in his pre trial order.

Dear Judge Locke,

I am writing to bring to your attention certain difficulties I have encountered in my communications with the plaintiffs' counsel, Mr. Moser, regarding the clarification of the summary of facts necessary to establish the elements of the case.

In the process of preparing for our case, I reached out to Mr. Moser seeking detailed clarification on specific elements of the summary of facts referenced in his legal arguments. However, Mr. Moser has responded in a manner that I find uncooperative and obstructive.

Specifically, Mr. Moser has limited his response to merely citing cases number and legal references without providing the requested detailed information (summary of the cases) or context necessary for me to fully understand and address the issue at hand.

When I expressed my need for a more comprehensive explanation Mr. Moser stated in email exchanges **(see Emails attached, Exhibit A my emails to Mr. Moser, Exhibit B his response, Exhibit C a sample of his Pre trial order without any summary of the cases ciited but only referring to flsa overtime)** that it was my responsibility to research the references and the cases he referred to.

This approach not only impedes my ability to prepare my case adequately but also seems contrary to the spirit of cooperative and fair legal proceedings. As I am diligently trying to ensure a thorough fair preparation, I respectfully request the Court's assistance in this matter. Can the court encourage or mandate more detailed and cooperative communication from the plaintiff's counsel to facilitate a fair trial process?

Thank you for your time and consideration. I look forward to your guidance on this matter.

Sincerely, Michael Tizzano

*[Handwritten:]* HERNANDEZ ET AL v. Rosso Uptown LTD  2:20 CV 04026 JMA-SIL

## RE: Michael Tizzano

June 13, 2024  4:18 PM

Shirley Navarr...    and 1 recipient    Details

Show images

I need you guys to produce those for me, you are putting in the trial order as exhibits, elements and citations, so you should have them handy, I have no means on how to research.
Thanks.

*[Handwritten stamp:]* EXHIBIT A

-------- Original message --------
From: Shirley Navarro-Losito <shirleylosito@moserlawfirm.com>
Date: 6/13/24 1:10 PM (GMT-05:00)
To: michaelcapri <michaelcapri@optonline.net>, Steven Moser <steven.moser@m___lawfirm.com>
Subject: RE: Michael Tizzano

## Re: Michael Tizzano

June 13, 2024  9:56 PM

Steven Moser    and 1 recipient        Details

Show images

It's not my job to research what you include as exhibits, citations, elements. You must disclose what you intend to present at trial, regardless if I have showed the ability to perform a research. I wait till Tuesday, then I will let the judge know about this.
Thanks.


-------- Original message --------
From: Steven Moser <steven.moser@moserlawfirm.com>
Date: 6/13/24 5:02 PM (GMT-05:00)
To: michaelcapri <michaelcapri@optonline.net>, Shirley Navarro-Losito <shirleylosito@moserlawfirm.com>

## Re: Michael Tizzano

June 13, 2024  10:23 PM

Steven Moser    and 1 recipient         Details

Show images

Ok, when you do please email them to me before Tuesday June 18th.
I need to see how the cases/codes/citations etc you refer to relate to the case.
Thanks.


Sent from my T-Mobile 5G Device


-------- Original message --------
From: Steven Moser <steven.moser@moserlawfirm.com>
Date: 6/13/24 10:00 PM (GMT-05:00)
To: michaelcapri

Reply    Reply all    Forward    Delete    More

## Michael Tizzano

June 13, 2024  11:44 AM

Steven Moser    and 1 recipient          Details

I would also need all the Elements and copies of cases Mr. Moser refers to (citations) and the codes/rules he refers to in regards to NYLL and Fsla.
Thanks

Sent from my T-Mobile 5G Device



Reply     Reply all     Forward     Delete     More

*HERNANDEZ ET AL V. Rubs UPTOWN LTD 2:20 CV 04.026 JMA-SIL*

<shirleylosito@moserlawfirm.com>
Date: 6/13/24 1:10 PM (GMT-05:00)
To: michaelcapri <michaelcapri@optonline.net>, Steven Moser <steven.moser@moserlawfirm.com>
Subject: RE: Michael Tizzano

Mr. Moser is away and is difficult to reach him. I will relay your request, however, I believe you should be able to find that information.

Attached are exhibits 21 and 22.

Best Regards,

phot o **Shirley Navarro-Losito**
**Practice Administrator, Moser Law Firm, PC**

 631.759.9766
 133C New York Avenue, Huntington, NY 11743
 PO Box 710, Huntington, NY 11743
 www.moserlawfirm.com
 shirleylosito@moserlawfirm.com



*EXHIBIT B*

**From:** michaelcapri

-------- Original message --------

From: Steven Moser <steven.moser@moserlawfirm.com>

Date: 6/13/24 5:02 PM (GMT-05:00)

To: michaelcapri <michaelcapri@optonline.net>, Shirley Navarro-Losito <shirleylosito@moserlawfirm.com>

Subject: Re: Michael Tizzano

There are numerous free online databases including Findlaw.com, google scholar and Justia.com. It is not our responsibility to perform any research for you and you have already shown the ability to perform research.

Steven Moser

MOSER LAW FIRM PC

133C New York Ave

PO Box 710

Huntington NY 11743

516-671-1150

---

From: michaelcapri <michaelcapri@optonline.net>

Sent: Thursday, June 13, 2024 2:18:06 PM

To: Shirley Navarro-Losito <shirleylosito@moserlawfirm.com>;

Date: 6/13/24 10:00 PM (GMT-05:00)

To: michaelcapri <michaelcapri@optonline.net>, Shirley Navarro-Losito <shirleylosito@moserlawfirm.com>

Subject: Re: Michael Tizzano

This is to confirm that you have the ability to perform your own research but choose not to. I have not printed the cases or statutes. If I had I would have provided them to you.

Best,
Steven

Steven Moser

MOSER LAW FIRM PC

133C New York Ave

PO Box 710

Huntington NY 11743

516-671-1150

**From:** Steven Moser <steven.moser@moserlawfirm.com>

**Sent:** Thursday, June 13, 2024 7:57:12 PM

**EXHIBIT C**

| | | any payroll records. *Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35, at *9 (S.D.N.Y. Jan. 7, 2004)(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946)). | |
|---|---|---|---|
| II. | NYLL Overtime under the Hospitality Industry Wage Order (12 NYCRR § 146-1.4) | | |
| Elements | | Citation | Summary of Facts to Establish Element |
| 1 | Defendants employed the Plaintiffs | 12 NYCRR 146-3.2; *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018)(FLSA and NYLL definitions of "employer" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 2 | Plaintiffs were "employees" covered by the Hospitality Industry Wage Order | 12 NYCRR 146-3.2 | See 1.1-1.3 of FLSA Overtime claim, supra.; Rosso Uptown, Ltd. was a restaurant. Gammella Dep. 21; Tizzano Dep. 8:11-13. |
| 3 | Defendants failed to pay Plaintiffs overtime pay for overtime hours worked | 12 NYCRR 146-1.4; The Plaintiffs' may estimate hours worked and wages paid based upon their recollection as the Defendants have not produced any payroll records. *Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35, at *9 (S.D.N.Y. Jan. 7, 2004)(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946)). | Plaintiffs were paid a fixed salary for all hours worked. Plaintiffs will rely on their sworn testimony as to the salary paid and hours worked. |
| III. | Spread of Hours Pay (12 NYCRR 146-1.6) | | |
| Elements | | Citation | Summary of Facts to Establish Element |
| 1 | Defendants employed the Plaintiffs | 12 NYCRR 146-3.2; *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 | See 1.1-1.3 of FLSA Overtime claim, supra. |

HERNANDEZ ET AL
V. ROSSO UPTOWN LTD ET AL
2:20 CV 04026 -JMA- SIL

| | Elements | Citation | Summary of Facts to Establish Element |
|---|---|---|---|
| 1 | Defendants employed the Plaintiffs | NYLL 190(3); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 2 | Plaintiffs were "employees" | NYLL 190(2); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 3 | Defendants did not furnish Plaintiffs "a statement with every payment of wages" | NYLL 195(3); NYLL 198 | Plaintiffs will rely on their sworn testimony. Defendants have not produced any wage statements. |

b. **Defendants' Defenses**

Michael Tizzano

For the legal arguments presented I deny all liabilities.

6. **Statement of Relief Sought.**

  a. **Plaintiffs' Position:** Plaintiffs seek compensatory damages as follows:

   i. Overtime;

   ii. Liquidated Damages equal to Overtime;

   iii. Spread of Hours Pay;

   iv. Liquidated Damages equal to Spread of Hours Pay;

   v. Statutory Damages for Hiring Notice Violations;

   vi. Statutory Damages for Wage Notice Violations;

   vii. Prejudgment interest;

   viii. Should the Plaintiffs prevail at trial, Plaintiffs' counsel will seek a separate

| | | | |
|---|---|---|---|
| | | (S.D.N.Y. Dec. 11, 2018)(FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | |
| 2 | Plaintiffs were "employees" covered by the Hospitality Industry Wage Order | 12 NYCRR 146-3.2 | See 1.1-1.3 of FLSA Overtime claim, supra.; Rosso Uptown, Ltd. was a restaurant. Gammella Dep. 21; Tizzano Dep. 8:11-13. |
| 3 | Defendants failed to pay Plaintiffs "spread of hours pay" for each workday in which the spread of hours exceeded 10. | 12 NYCRR 146-1.6; NYLL 198 | Plaintiffs were paid a fixed salary for all hours worked. Plaintiffs will rely on their sworn testify as to the wages paid and hours worked. |

| IV. | Wage Notice Violations (NYLL §§ 195(1) & 198)) | | |
|---|---|---|---|
| **Elements** | | **Citation** | **Summary of Facts to Establish Element** |
| 1 | Defendants employed the Plaintiffs | NYLL 190(3); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 2 | Plaintiffs were "employees" | NYLL 190(2); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 3 | Defendants did not furnish Plaintiffs "in writing in English and in the language identified by [them as] the[ir] primary language…a notice" at the time of hiring. | NYLL 195(1); NYLL 198 | Plaintiffs will rely on their sworn testimony. Defendants have not produced any hiring notices. |

| V. | Wage Statement Violations (NYLL §§ 195(3) & 198)) |