# EXHIBIT C

| | | any payroll records. *Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35, at *9 (S.D.N.Y. Jan. 7, 2004)(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946)). | |
|---|---|---|---|
| II. | NYLL Overtime under the Hospitality Industry Wage Order (12 NYCRR § 146-1.4) | | |
| Elements | | Citation | Summary of Facts to Establish Element |
| 1 | Defendants employed the Plaintiffs | 12 NYCRR 146-3.2; *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018)(FLSA and NYLL definitions of "employer" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 2 | Plaintiffs were "employees" covered by the Hospitality Industry Wage Order | 12 NYCRR 146-3.2 | See 1.1-1.3 of FLSA Overtime claim, supra.; Rosso Uptown, Ltd. was a restaurant. Gammella Dep. 21; Tizzano Dep. 8:11-13. |
| 3 | Defendants failed to pay Plaintiffs overtime pay for overtime hours worked | 12 NYCRR 146-1.4; The Plaintiffs' may estimate hours worked and wages paid based upon their recollection as the Defendants have not produced any payroll records. *Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35, at *9 (S.D.N.Y. Jan. 7, 2004)(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946)). | Plaintiffs were paid a fixed salary for all hours worked. Plaintiffs will rely on their sworn testimony as to the salary paid and hours worked. |
| III. | Spread of Hours Pay (12 NYCRR 146-1.6) | | |
| Elements | | Citation | Summary of Facts to Establish Element |
| 1 | Defendants employed the Plaintiffs | 12 NYCRR 146-3.2; *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 | See 1.1-1.3 of FLSA Overtime claim, supra. |

HERNANDEZ ET AL
V. ROSSO UPTOWN LTD ET AL
2:20 CV 04026 -JMA-SIL

| | Elements | Citation | Summary of Facts to Establish Element |
|---|---|---|---|
| 1 | Defendants employed the Plaintiffs | NYLL 190(3); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 2 | Plaintiffs were "employees" | NYLL 190(2); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 3 | Defendants did not furnish Plaintiffs "a statement with every payment of wages" | NYLL 195(3); NYLL 198 | Plaintiffs will rely on their sworn testimony. Defendants have not produced any wage statements. |

b. **Defendants' Defenses**

Michael Tizzano

For the legal arguments presented I deny all liabilities.

6. **Statement of Relief Sought.**

   a. **Plaintiffs' Position:** Plaintiffs seek compensatory damages as follows:

      i. Overtime;

      ii. Liquidated Damages equal to Overtime;

      iii. Spread of Hours Pay;

      iv. Liquidated Damages equal to Spread of Hours Pay;

      v. Statutory Damages for Hiring Notice Violations;

      vi. Statutory Damages for Wage Notice Violations;

      vii. Prejudgment interest;

      viii. Should the Plaintiffs prevail at trial, Plaintiffs' counsel will seek a separate

|   | Elements | Citation | Summary of Facts to Establish Element |
|---|---|---|---|
|   |   | (S.D.N.Y. Dec. 11, 2018)(FLSA and NYLL definitions of "employer" and "employee" are co-extensive). |   |
| 2 | Plaintiffs were "employees" covered by the Hospitality Industry Wage Order | 12 NYCRR 146-3.2 | See 1.1-1.3 of FLSA Overtime claim, supra.; Rosso Uptown, Ltd. was a restaurant. Gammella Dep. 21; Tizzano Dep. 8:11-13. |
| 3 | Defendants failed to pay Plaintiffs "spread of hours pay" for each workday in which the spread of hours exceeded 10. | 12 NYCRR 146-1.6; NYLL 198 | Plaintiffs were paid a fixed salary for all hours worked. Plaintiffs will rely on their sworn testify as to the wages paid and hours worked. |

### IV. Wage Notice Violations (NYLL §§ 195(1) & 198))

|   | Elements | Citation | Summary of Facts to Establish Element |
|---|---|---|---|
| 1 | Defendants employed the Plaintiffs | NYLL 190(3); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 2 | Plaintiffs were "employees" | NYLL 190(2); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 3 | Defendants did not furnish Plaintiffs "in writing in English and in the language identified by [them as] the[ir] primary language…a notice" at the time of hiring. | NYLL 195(1); NYLL 198 | Plaintiffs will rely on their sworn testimony. Defendants have not produced any hiring notices. |

### V. Wage Statement Violations (NYLL §§ 195(3) & 198))