1. **Full Caption of the Action:**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Santos Hernandez and Emanuel De Jesus Lievano,<br><br>Plaintiffs,<br><br>v.<br><br>Rosso Uptown Ltd., Michele Tizzano s/h/a Michael Tizzano and Massimo Gammella,<br><br>Defendants. | Case No. 20-cv-04026-<br><br>**JOINT PRE-TRIAL ORDER** |

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

2. **Trial Counsel**

*For Plaintiffs Santos Hernandez, Emanuel De Jesus Lievano,*

Steven J Moser
Moser Law Firm PC
5 E Main Street
Huntington, NY  11743
Office: 516-671-1150
Cell: 516-671-2776
steven.moser@moserlawfirm.com

*For Defendants Rosso Uptown Ltd., Michele Tizzano s/h/a Michael Tizzano and Massimo Gammella,*

Michael Tizzano, *Pro Se*
Massimo Gammella, *Pro Se*

3. **Statement of the Case:**

    a. **Plaintiff's Position**

    Federal law requires the payment of overtime to employees for working more than 40 hours a week.  In addition to requiring the payment of overtime, New York State Law also requires restaurants to pay their employees minimum wages and "spread of hours pay" (which is additional compensation owed to an employee for spending more than 10 hours at work on a given day).  The New York Labor Law requires employers to provide a notice at the time of hiring and with each payment of wages showing how wages were calculated.  Both federal and state law require employers to maintain records to prove their compliance with these laws.

The purposes of labor laws are (1) to level the playing field and protect law abiding businesses from unfair competition by businesses that do not comply with labor laws (2) to protect workers from substandard wages, and (3) to make sure that taxpayer dollars are not needed to supplement employees' wages.

Plaintiffs worked at Defendants' restaurant, Rosso Uptown, and were not paid the minimum wages, overtime, and "spread of hours" compensation required by law.  In addition, the Defendants did not keep adequate records to prove their compliance with these laws.  Furthermore the defendants did not (1) provide a hiring notice to the Plaintiffs (2) provide pay stubs showing how their wages were calculated, and (3) did not maintain records to prove their compliance with labor laws.

b. **Defendants' Position**

Michael Tizzano

**Defendant Tizzano's position:**

I assert that I have never been, an owner of the corporation named in this lawsuit.
I was always against Mr. Gammella' s desire to open a Brick Oven Pizza joint (see deposition) as I predicted that it would create confusion among our customers and the town of Port Washington where I have been a restaurateur since 1998.
I have never held any position as an officer or employee or as a shareholder (contrary to plaintiffs summon filed on 08/28/20 page 3 of 11 line 14, 15, 16) within the corporation.
I have never received any form of compensation or financial benefit from said restaurant (Corporation). I have never engaged in any activities related to hiring or firing employees of said restaurant, never supervised or managed employees nor I have been involving in creating their work schedules, or determine their rate or pay or compensation.
Furthermore, based on the FLSA my lack of daily involvement and operational control over the corporation's activities precludes me from being classified as an "employer" or owner under the statue.
There is no legal competent evidence to support any claim of my involvement in the day to day operations, particularly of this restaurant's operations.
Furthermore, I have provided legal evidence demonstrating my non-ownership and status as astranger to the operation.
Corporate documents provided to plaintiffs' lawyer unmistakably indicate my lack of involvement.
The plaintiffs' lawyer allegations are solely based on hearsay and lack substantive evidence to support his claims.
Furthermore, is public knowledge that Mr. Gammella and I have been partners in another establishment since 2010, I don't see why I would have entered into a business partnership withhim, or with anybody for that matter, without securing any legal documentation, such as corporate papers, lease agreement, or evidence of ownership through a checking account, to confirm my status as an owner.

## Defendant Massimo Gammella POSITION

**Statement of the case:**

**Defendant Massimo Gammella's position:**
Rosso Uptown restaurant was a business that open late 2014, the restaurant struggled from the beginning, I saw an opportunity as I always wanted a Brick Oven wood fire pizzeria for customers to enjoy, I have always been a sole proprietor of Rosso Uptown.
I signed a lease on January 2013, I then opened in August 2014 after a lengthy bureaucracy battle with Town of North Hempstead to release proper permits and C. of O.
The restaurant struggled so much that changed identity 3 times from the year 2014 till closing for good on Sept 2018.
My employees were always paid, and were always paid according to the time worked, (following a set schedule) as the plaintiffs stated in their depositions, they received checks and supplemental payments in cash to fully complete the weekly salary. I assure you that there was no willful violation of the FLSA rules on my part. The salaries were distributed diligently and accordingly to the schedule and days worked. It is important to note that the statute of limitations for FLSA in this case is only two years and this situation falls within that timeframe.
The first year the restaurant was open 7 days a week, then due to poor business I decided to close on Mondays (the slowest day). With such a schedule and poor business performance my employees were on a 5-day schedule and working less than 40 hours, making the spread of hours and overtime request by the plaintiffs, null.
I assure you that written wage notices were given at time of hiring, in English or Spanish, even when some refused to sign, we marked those as "refuses to sign".
In September of 2018 I had to surrender the premises due to persistent nonpayment of rent. This situation compelled me to vacate the premises prompt, forcing me to leave behind important documents and records.
My statement addresses the orchestrated nature of the current lawsuit, providing evidence that it was conceived to manipulate the legal system for financial gains. My evidence includes deposition statements, testimony, documented resignations, video recordings, and one plaintiff's history of similar fraudulent activities. Furthermore, as previously said, the plaintiffs initiate the lawsuit more than two years from their last day of employment, surpassing the statute of limitations of two years.
Plaintiff **Hernandez**'s statement at deposition is a clear way of retaliation (deposition page 16 lines 9, 10, 11, 12, 13, 14, 15, 15, 16, 17, 19, 20) **"I then looked for a way"**
Plaintiff **Hernandez** stated that was hired by me Massimo Gammella (deposition page 9 lines 9,10,11,12,13,14,15,16,17,18.)
Plaintiff **Hernandez** lied about not being involved in another lawsuit (deposition page 15, lines 7,8,9. He was indeed involved in another lawsuit, for which he received a substantial settlement. ($ 30.000), he provided false information under oath, denying any prior involvement in another labor lawsuit, this is base for perjury. Contrary to his sworn statement, plaintiff Hernandez had previously been part of another labor lawsuit, see case: "**Hernandez v. Trattoria Di Meo, et al 16-cv-02981**". The lawsuit seems to have the same Modus Operandi of the one initiated against me. Furthermore, Mr. Hernadez lawsuit against "Trattoria Di Meo" was initiated in the year 2016 (a copy of a deposited check from Rosso Uptown showing Mr. Hernandez 'signature matching the one on the complaint filed is here attached). The settlement was reached and agreed on May 10th 2017, **all this while Mr. Hernandez was employed by me**, this can only lead to think that Mr. Hernandez is exploiting the system and he knows how to manipulate it for his own financial gains.
Plaintiff **Lievano** had no idea of the ongoing lawsuit, as a matter of fact he also stopped at my place of business getting food for his girlfriend months before getting notified by Mr. Moser. He was confronted by me and Mr. Tizzano right there (deposition page 11, 12, lines 25,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20). A video/audio recording exchanged with Mr. Moser at Deposition clearly shows plaintiff 'surprise to hear about the lawsuit. Deposition Page 13, 14 lines

8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,

A video recording shows plaintiff Lievano clear disavows of any connection to the lawsuit, he can be clearly heard saying that I was always fair and just and he had no reasons at all to bring a lawsuit against me and he does not know how his name ended up on the summon.

Furthermore, plaintiff **Lievano** only met Mr. Moser for the first time at deposition, this is a clear sign of entering into a lawsuit with the hope and only purpose of gaining a financial benefit. (Deposition page 10, lines 18,19,20,21,22,23,24,25 page 11 lines 2,3,4,5,6,7,8.

Plaintiffs **Lievano and plaintiff Hernandez** are very confused about the hours of operation, who was opening the store and who was the manager. Plaintiff Lievano remembers my manager Renato, how could it be that working in the same place they have different versions? (Deposition page 9, lines 9,10,11,12,13,14,15,16,17,18.

Plaintiff **Hernandez** does not remember who was Renato the manager?  (deposition page 14, lines, 5,6,7,8,9,10,11,12,13,14)

Furthermore, Plaintiff **Miguel A. Vasquez** withdrew from the case, resigning with prejudice (document 44 filed on 06/13/22) .

Signed resignation is on file with the Court and is included in this pre-trial order as evidence.

Rosso Uptown Ltd is a company with less than 500k annual sales. (except for the year 2016. In Mr. Moser's first complaint filed on 08/28/20 "under factual allegations" pages 3 and 4 paragraphs 21, 22, 23, 24, 25 where Mr. Moser wrote that in those calendar years 'Rosso Uptown ltd" had an annual sales or business done of at last 500.000, corporate tax returns show that in the year 2015 reported gross sales were 446,287 the year 2016 the reported gross sales were 589,654 the year 2017 reported gross sales were 464,886 the year 2018 the reported gross sales were 219,619.

**Defendant Massimo Gammella Exhibits:**

**A** Business Lease of Rosso Uptown Ltd. (Shows only me Mr. Gammella as a signer)
**B** Video Recording (shows plaintiff Lievano in my restaurant ordering food, then when confronted about the ongoing lawsuit clearly stating he knew nothing about it)
**C** Certificate of Incorporation Rosso Uptown
**D** Demand for payment of past due rent.
**E** Schedule K-1 (form 1120s) Showing 100% ownership Massimo Gammella
**F** Form 2553 Filed Election by a small Bus Corporation Showing Massimo Gammella as a sole proprietor.
**G** Form 4506 sent to Plaintiffs' lawyer giving him access to my corporate records.
**H** Copy of complaint filed by plaintiffs' lawyer saying the sued corporation had sales over 500k (not true) and saying that plaintiffs received checks and cash for their salaries. Not true that Mr. Tizzano had power to hire and fire and determine rate of pay and work schedule, these are plaintiffs' lawyer assumptions.
**I** Corporate tax returns Rosso Uptown 2015 2016 2017 2018 (**only one year** Rosso Uptown Ltd. Reported sales over 500K)
**J 1, 2, 3 depositions** from plaintiffs. (Showing Mr. Hernadez lying about not being involved in another labor lawsuit and Mr. Lievano admitting he met Mr. Moser for that first time at this deposition. Full depositions will be attached as well.
**K** Plaintiff Hernandez settlement reached in another labor lawsuit, settling for $30.000
**L** Plaintiff Hernandez entering a complaint against Trattoria Di Meo (matching signature as proof)
**M** Mr. Vasquez resignation/ Withdrawal signed with prejudice, filed 06/13/22 document 44
**N** Flsa amendments
**O** Chase documents showing I was the only signer of the account for Rosso Uptown Ltd.
**Y**  Hernandez deposition
**Z** Lievano deposition

**DEFENDANT TIZZANO'S EXHIBITS:**

**A** Certificate of Incorporation of Rosso Uptown LTD, showing Massimo Gammella as a sole proprietor.

**B** NYS department of state file Certificate for Rosso Uptown LTD, showing only Massimo Gammella as sole proprietor.
**C** Schedule K-1 (form 1120s) Showing 100% of ownership belonging to Massimo Gammella.
**D** Form 2553 Showing 100% ownership to Massimo Gammella
**E** Form 4506 (request for copy of tax return) signed by Mr. Massimo Gammella and forwarded to Mr. Moser. Mr. Moser never executed the documents. However Tax returns exchanged with Mr. Gammella will be here attached.
**F** Complaint filed by Plaintiffs lawyer stating that Rosso Uptown had annual sales of over S00k. Not true. Only one year Rosso Uptown reported sales over 500K.
**G** Flsa Amendments
**H** Chase account for Rosso Uptown showing Massimo Gammella as a sole signer of the account.
**I** E-mail from Department of Health stating that "the course and certification (for a food Manager Certificate) is not limited to the owner of a service establishment.

**L** page from the Dept Of Health website "The more certified managers that an establishment has, the more protected that business id"
**M** E-mail from the Dept of Health saying my certificate is linked to Pepe Rosso 24.
**N** E-Mail from former Newsday Writer.
**O** Corporate tax returns for Rosso Uptown Ltd.
**P** Plaintiff Lievano's deposition
**Q** Plaintiff Hernandez's deposition

<u>Rosso Uptown, Ltd.</u>

In default.

4. **Jurisdiction.**

   a. **Plaintiffs' Position.** This action is brought to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New York Labor Law ("NYLL"), including minimum wage, overtime, spread of hours, wage statement, and wage notice violations. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 261(a)(2), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.[1]

   b. **Defendants' Position.**

   <u>Michael Tizzano</u>

According to the FLSA the act applies to companies that have total annual sales of over 500.000 or those that engage in interstate commerce. Rosso Uptown had sales for less that 500k.
   Therefor this case can't proceed in Federal Court.

   <u>Massimo Gammella position</u>

Corporate tax returns were exchanged with plaintiff's lawyer, in addition plaintiff's lawyer had a form signed by me (form 4506) that granted him full access of my corporate tax returns, form on which he refused to submit to the IRS.

---

[1] The Defendants have furnished a tax return for the year 2016 which indicates that the corporate defendant's gross volume of sales was $589,654.00. Pursuant to 29 CFR 794.123(b), Rosso Uptown is "deemed to have an annual gross volume of sales in excess of [the] statutory amount" in 2017.

In the 1989 Amendments: According to the FLSA the act applies to companies that have total annual sales of over 500.000 or those that engage in interstate commerce.

Therefor this case can't proceed in Federal Court. Furthermore plaintiffs statute of limitations expired as they initiate this lawsuit after 2 years.

<u>Rosso Uptown, Ltd.</u>

In default.

5. **Claims and Defenses.** A brief summary by each party of the elements of the claims and defenses which remain to be tried, including citations to all statutes relied on, with a summary of the facts relied upon to establish each element.

    a. **Plaintiffs' Claims**

| I. | FLSA Overtime (29 USC §§ 201 et seq.) | | |
|---|---|---|---|
| | **Elements** | **Citation** | **Summary of Facts to Establish Element** |
| 1.1 | Rosso Uptown, Ltd. employed the Plaintiffs | 29 U.S.C. 207(a)(1); 29 U.S.C. § 203(e) | Santos Hernandez and Manuel De Jesus Lievano were employees of Rosso Uptown, Ltd. (M. Gammella Dep. 49-52). |
| 1.2 | Massimo Gammella employed the Plaintiffs | *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984); 29 U.S.C. § 203(e) | Plaintiffs worked for Massimo Gammella at Rosso Uptown, Ltd. (Gammella Dep. 8:5-8:14). Gammella had the power to hire and fire the Plaintiffs. (Gammella Dep. 48:2-48:5). Together with another manager he controlled the Plaintiffs' work schedules. (Gammella Dep. 48:6-48:15). He maintained their payroll records. (Gammella Dep. 48:16-48:22). He determined the rate of pay. (Gammella Dep. 48:23-48:24). He owned Rosso Uptown. (Gammella Dep. 48:25-49:3). |
| 1.3 | Michelle Tizzano employed the Plaintiffs | *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013); 29 U.S.C. § 203(e) | "Tizzano was a joint owner and manager of Rosso Uptown." *Barrera v. Pepe Rosso 24, Inc.*, 18-cv-04558 (Answer, ECF No. 30) (¶ 13). "Defendant, Tizzano, managed Rosso Uptown." *Barrera v. Pepe Rosso 24, Inc.*, 18-cv-04558 (Answer, ECF No. 30) (¶ 22). Mr. Tizzano told customers that he was a manager of Rosso Uptown, Ltd. (Tizzano Dep. 17:25 - 22:14). He told members of the press that he was the "General Manager" of Rosso |

|   |   |   | |
|---|---|---|---|
|   |   |   | Uptown. (81:15-83:3). He directed employees to do things (40:22-40:25), and would "show them how to work properly." (41:5 – 41:15). He held the food certificate for Rosso Uptown issued by the Nassau County Health Department. (67:14-68:20). He used his Facebook page to advertise job openings at Rosso Uptown and listed his personal cell phone number as the number to call for those interested. (70:12 –71 : 23). He interviewed candidates. (73:3-73 : 22 ). He hired the Plaintiffs. |
| 2 | Rosso Uptown, Ltd. was an enterprise engaged in commerce that had annual gross sales of at least $500,000.00 | 29 U.S.C. 207(a)(1) | The Defendant Rosso Uptown, Ltd. is in default and the allegations against it in the complaint are deemed admitted, including that it was engaged in commerce and had gross sales in excess of $500K during the relevant time period (Complaint 20-25) |
| 3 | Defendants failed to pay Plaintiffs overtime pay for overtime hours worked | 29 U.S.C. 207(a)(1); The Plaintiffs' may estimate hours worked and wages paid based upon their recollection as the Defendants have not produced any payroll records. *Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35, at *9 (S.D.N.Y. Jan. 7, 2004)(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946)). | Plaintiffs were paid a fixed salary for all hours worked. Plaintiffs will rely on their sworn testimony as to the salary paid and hours worked. |
| **II.** | **NYLL Overtime under the Hospitality Industry Wage Order (12 NYCRR § 146-1.4)** | | |
| | **Elements** | **Citation** | **Summary of Facts to Establish Element** |
| 1 | Defendants employed the Plaintiffs | 12 NYCRR 146-3.2; *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018)(FLSA and NYLL definitions of "employer" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |

| | | | |
|---|---|---|---|
| 2 | Plaintiffs were "employees" covered by the Hospitality Industry Wage Order | 12 NYCRR 146-3.2 | See 1.1-1.3 of FLSA Overtime claim, supra.; Rosso Uptown, Ltd. was a restaurant. Gammella Dep. 21; Tizzano Dep. 8:11-13. |
| 3 | Defendants failed to pay Plaintiffs overtime pay for overtime hours worked | 12 NYCRR 146-1.4; The Plaintiffs' may estimate hours worked and wages paid based upon their recollection as the Defendants have not produced any payroll records. *Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35, at *9 (S.D.N.Y. Jan. 7, 2004)(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946)). | Plaintiffs were paid a fixed salary for all hours worked. Plaintiffs will rely on their sworn testimony as to the salary paid and hours worked. |
| **III.** | **Spread of Hours Pay (12 NYCRR 146-1.6)** | | |
| | **Elements** | **Citation** | **Summary of Facts to Establish Element** |
| 1 | Defendants employed the Plaintiffs | 12 NYCRR 146-3.2; *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018)(FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 2 | Plaintiffs were "employees" covered by the Hospitality Industry Wage Order | 12 NYCRR 146-3.2 | See 1.1-1.3 of FLSA Overtime claim, supra.; Rosso Uptown, Ltd. was a restaurant. Gammella Dep. 21; Tizzano Dep. 8:11-13. |
| 3 | Defendants failed to pay Plaintiffs "spread of hours pay" for each workday in which the spread of hours exceeded 10. | 12 NYCRR 146-1.6; NYLL 198 | Plaintiffs were paid a fixed salary for all hours worked. Plaintiffs will rely on their sworn testify as to the wages paid and hours worked. |
| **IV.** | **Wage Notice Violations (NYLL §§ 195(1) & 198))** | | |
| | **Elements** | **Citation** | **Summary of Facts to Establish Element** |
| 1 | Defendants employed the Plaintiffs | NYLL 190(3); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); | See 1.1-1.3 of FLSA Overtime claim, supra. |

| | | | |
|---|---|---|---|
| | | (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | |
| 2 | Plaintiffs were "employees" | NYLL 190(2); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 3 | Defendants did not furnish Plaintiffs "in writing in English and in the language identified by [them as] the[ir] primary language…a notice" at the time of hiring. | NYLL 195(1); NYLL 198 | Plaintiffs will rely on their sworn testimony. Defendants have not produced any hiring notices. |
| V. Wage Statement Violations (NYLL §§ 195(3) & 198)) | | | |
| **Elements** | | **Citation** | **Summary of Facts to Establish Element** |
| 1 | Defendants employed the Plaintiffs | NYLL 190(3); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 2 | Plaintiffs were "employees" | NYLL 190(2); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of FLSA Overtime claim, supra. |
| 3 | Defendants did not furnish Plaintiffs "a statement with every payment of wages" | NYLL 195(3); NYLL 198 | Plaintiffs will rely on their sworn testimony. Defendants have not produced any wage statements. |

b. **Defendants' Defenses**

Defendant Michael Tizzano **see attached pages Titled Citation A1 A2 A3 A4 A5 A6 A7 A8 A9**

Defendant Massimo Gammella **see attached pages Titled Citations A1 A2 A3**

**6. Statement of Relief Sought.**

   a. **Plaintiffs' Position:** Plaintiffs seek compensatory damages as follows:

      i. Overtime;

      ii. Liquidated Damages equal to Overtime;

      iii. Spread of Hours Pay;

      iv. Liquidated Damages equal to Spread of Hours Pay;

      v. Statutory Damages for Hiring Notice Violations;

      vi. Statutory Damages for Wage Notice Violations;

      vii. Prejudgment interest;

      viii. Should the Plaintiffs prevail at trial, Plaintiffs' counsel will seek a separate award of attorneys' fees and costs.

*Damages Calculations setting forth the computation of each element of damages for each Plaintiff are annexed hereto.*

   b. **Defendants' Position**

Michael Tizzano

Seeking damages for $ 7.000 days missed at work and initial lawyer's retainer fee paid.

Massimo Gammella

I seek to recover the sum of $25,750 in legal fees incurred during the course of litigation.

**6. Jury or Bench Trial; Trial Length.**

   a. **Plaintiffs' Position**

The Plaintiffs suggest a bench trial considering that the Defendants are *pro se*. Selecting a jury will unnecessarily prolong the trial and unnecessarily burden the jurors. Irrespective of whether the Defendants consent to a bench trial Plaintiffs will move for a directed verdict.

Plaintiffs anticipate that a bench trial will last 2 days.

   b. **Defendants' Position**

Michael Tizzano

Trial by Jury

<u>Massimo Gammella position:</u>

**Trial by jury is requested.** This case presents way too many inconsistencies that deserve a fair trial based not on by law but also by logic and judgment of the characters involved and their actions.

<u>Rosso Uptown, Ltd.</u>

In default.

7. **Consent to Trial by a Magistrate Judge:** A statement as to whether all parties have consented to trial of the case by a magistrate judge. The statement shall not identify which parties have or have not consented.

All parties **have not consented** to trial of the case by a Magistrate Judge.

8. **Witnesses:** A list of names and addresses by each party as to the fact and expert witnesses whose testimony is to be offered in its case in chief, together with a brief narrative statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

   a. **Plaintiffs' Position:** Santos Hernandez; Emanuel De Jesus Lievano; Michael Tizzano; Massimo Gammella.

   b. **Defendants' Position**

   <u>Michael Tizzano</u>

   Chase Bank (can substantiate that I was never on any bank accounts held by the sued corporation).

   Joe De Guida (owner of Shine hair Studio) located directly across former restaurant Rosso Uptown, he can testify about the day-to-day operations.

   <u>Gammella Massimo</u>

Testimony for Massimo Gammella

Salvatore DiMeo (owner of trattoria Di Meo) 183 Roslyn Rd, Roslyn Heights, NY 11577
He can testify about the nature of his lawsuit with plaintiff Hernandez.

Jospeh J. Russo (ex Employee) 35 Graywood Rd Port Washington NY 11050
Michele Pellegrino (ex employee) 211 Northern Blvd, Manhasset NY 11030
Salvatore Vitiello (ex employee) 2 Bay Club Dr. Bayside NY 11360 apt E1H
Ida Guarna (ex employee) 4756 Glenwood Street, Little Neck NY 11362
Sonia Begum (ex delivery driver) 50 Nottingham Dr. Middle Island NY 11953
Ak Safiat (ex delivery driver) 50 Nottingham Dr. Middle Island NY 11953
Saad Safiat (ex delivery driver) Nottingham Dr. Middle Island NY 11953
**All ex-employees can testify about the way the restaurant operated, who was the manager, waiters, pizza man, hours of operation and day to day operation.**

9. **The Deposition Testimony to be offered in its case in chief, with any cross designations and objections by any other party.**

    a. Plaintiffs: Manuel De Jesus Lievano, Santos Hernandez, Michele Tizzano, Massimo Gammella

    b. Defendants:

    Michael Tizzano and Massimo Gammella, Hernandez and Lievano.

10. **Stipulations:** A statement of stipulated facts, if any.

    a. Plaintiffs were employees of and employed by Rosso Uptown, Ltd.

    b. Plaintiffs were employees of and employed by Massimo Gammella

    c. Plaintiffs were covered by the Hospitality Industry Wage order as Rosso Uptown, Ltd. was a restaurant.

    d. Defendants have not produced any records regarding hours worked by the Plaintiffs.

    e. Defendants have not produced and records regarding wages paid to the Plaintiffs.

    f. Defendants have not produced any wage statements.

    g. Defendants have not produced any hiring notices.

11. **The Exhibits.** A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The plaintiff's exhibits shall be identified by numbers, and the defendant's exhibits shall be identified by letters. Except for good cause shown, only exhibits listed will be received into evidence. The parties will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party and set out the proponent's responses to those objections. Descriptions need not be longer than several sentences, but they shall include more than just a list of the rules upon which objections are based. Any objection not listed in the pretrial order shall be deemed waived, and any exhibits without an objection will be deemed admitted into evidence at the start of the trial. Parties are expected to resolve as many admissibility issues before trial as possible. Where the parties have not resolved their objections to exhibits, they shall be prepared to address them with the Court at the final pretrial conference.

    a. **Offered by Plaintiffs**

| Trial Exhibit No. | Description | Defendants' Objections |
|---|---|---|
| 1 | Letter from Michele Tizzano to Judge Joan M. Azrack and Magistrate Steven I. Locke dated 9/29/2020 | |

| | | |
|---|---|---|
| 2 | Letter from Michele Tizzano to Judge Joan M. Azrack and Magistrate Steven I. Locke denying allegations with Exhibits dated 9/29/2020 | |
| 3 | Letter from Michele Tizzano to the Court to proceed Pro se with Exhibits on in case of *Barrera v. Pepe Rosso 24 Inc.* dated 02/18/2021 | |
| 4 | Affidavit from Michele Tizzano to Judge M. Azrack dated 01/13/2022 | |
| 5 | Affidavit from Michele Tizzano to Judge M. Azrack with Exhibits dated 03/06/2022 | |
| 6 | Letter from Massimo Gammella to the Court Re: Case *Barrera v. Pepe Rosso 24 Inc.* dated 02/22/2021 | |
| 7 | Affidavit from Massimo Gammella to the Court dated 03/08/2022 | |
| 8 | Pl 1st RFP to Def dated -7/12/2021 | |
| 9 | Amended Complaint in *Barrera v. Pepe Rosso 24 Inc.* dated 07/08/2019 | |
| 10 | Pl Notice of Acceptance of Defendants' Offer of Judgement in *Barrera v. Pepe Rosso 24 Inc.* dated 06/28/2021 | |
| 11 | Nassau County Health Inspection Report for Rosso Uptown, Ltd., 12/4/2015-10/26/2017 | |
| 12 | Michael Tizzano Facebook Ad for Brick Osteria dated 07/26/2018 | |
| 13 | Michael Tizzano Facebook post Re: Rosso Uptown Job email dated 08/12/2018 | |
| 14 | Michael Tizzano Facebook page with Postings of food from Brick Osteria with multiple dates | |
| 15 | *Looks Familiar But its Full of Surprises*, N.Y. Times, (Feb 11, 2011), https://www.nytimes.com/2011/02/13/nyregion/13dineli.html | |
| 16 | *Rosso Uptown goes back to Rustic Italian roots as Brick Osteria,* Port Washington Times-The island Now, (Sept 19, 2017), https://theislandnow.com/port-washington/rosso-uptown-goes-back-rustic-italian-roots-osteria/ | |
| 17 | *Rosso Uptown in Port Washington morphs into Brick Osteria,* Newsday, (Sept 13, 2017), https://www.newsday.com/lifestyle/restaurants/rosso-uptown-in-port-washington-morphs-into-brick-osteria-i62638 | |
| 18 | *11zero50 Kitchen & Bar opens in Port Washington,* Newsday, (Aug 25, 2018), https://www.newsday.com/lifestyle/restaurants/11zero50-kitchen-bar-port-washington-j58682 | |
| 19 | *11zero50 closes in Port Washington,* The Island Now, (Oct 16, 2018), https://theislandnow.com/news-98/11zero50-closes-in-port-washington/ | |

| | | |
|---|---|---|
| 20 | *Phase 3 in Port Washington: Italian Eatery Adapts to Coronavirus,* NY Patch, (Jun 24, 2020), https://patch.com/new-york/portwashington/phase-3--port-washington-italian-eatery-adapts-coronavirus | |
| 21 | Transcript of Deposition Testimony of Michael Tizzano (for impeachment purposes only) | |
| 22 | Transcript of Deposition Testimony of Massimo Gammella (for impeachment purposes only) | |

    b. **Offered by Defendants**

| Trial Exhibit # | Description | Plaintiffs' Objections |
|---|---|---|
| A | Form 2553, shows Mr. Gammella as sole president of Rosso Uptown Ltd. | Not produced in Discovery. Defendant: Not true, was given via email and hand delivered at conference in presence of Judge Locke |
| B | Schedule K-1, shows Mr. Gammella as 100% owner of Rosso Uptown Ltd. | Not produced before close of Discovery. FRE 106. Defendant: Same as above. |
| C | Corporate Tax Returns 2015, 2016, 2017, 2018. | Not produced before close of Discovery. FRE 106. Defendant: same as above |
| | | |

    **12. Motions in limine.** A list of motions in limine each party intends to file, pursuant to the deadline set forth in Rule IV.B.1 below, with a brief description of the nature of such motion.

    Motion in limine for defendants: "Barrera V. Pepe Rosso 24 Inc. 18-cv04558"

**Plaintiffs.** Plaintiffs will move to exclude the testimony of witnesses and admission of documentary evidence not furnished by defendants in the course of discovery.

## Defendant Gammella's Objections to plaintiffs exhibits/references/citations…:

**1.3 and 1  3** The case is irrelevant to this lawsuit, the assumptions made were merely the plaintiffs' lawyer opinions and were never proved.
 Mr. Tizzano never employed any of my employees. Plaintiff Hernandez at deposition declared that he was hired by Mr. Massimo i.e. Mr. Gammella. Mr. Tizzano only offered his advice in case of need and never under compensation or in a continuative manner, never supervised, hired or fired, setting work schedules or determined pay.  He had another business to run. There could not be overtime as none of my employees worked over 40 h weekly.
**2** The defendant Rosso Uptown for all the length of its short business life never had sales in excess of 500k expect for the year 2016. Under the FLSA an employer has to have a revenue sales of 500k or more.
**16 17 18 19 20** Articles only show that the restaurant was struggling and that changed identity 3 times in 3 years of business. Articles are merely hearsay, those statements never made under oath or in a court of law (FRE)
**Trial Exhibit No 6, 7, 8, 9, 10** They are irrelevant to this lawsuit, they only show an outcome of a previous case.
**15** a 2011 New York Times review of my establishment that has nothing to do with the ongoing case.
**Trial Exhibits Objections**

(Exhibits from Defendant Tizzano, initially identified as exhibits **A B C (form 2553, schedule K1, Corporate tax returns…)** contrary to Plaintiffs' counsel objections, were exchanged way before discovery, sent to him via email an hand delivered at conference trial at the presence of Judge Locke. Will be attached here again.

**Defendant Gammella's objections Citations cases**

**Carter v. Dutchess Community College**: I declare that there was no other manager controlling the plaintiffs except me. The case cited refers to inmates not receiving federal minimum wage, I always paid my employees according to the hours worked and at the state min wage. Furthermore, in paragraph **Hn1 Wage & Hour laws, scope & definitions** clearly states "it is common ground that courts, in determining whether an employment relationship exists for purposes of the flsa act, 29 USCS 201 et seq, must evaluate the "economic reality" of the relationship. The "economic reality" test includes inquiries into whether the alleged employer had the power to hire and fire the employees supervised and controlled employees work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records. **The power to control a worker clearly is a crucial factor in determining whether an employment relationship exists"** Mr. Gammella was the only person in charge of keeping payroll records, controlling the plaintiffs work and determine rate of pay.

Paragraph HN2 **Scope & definitions of employ** "a case-by-case analysis is required because the definitions in the FLSA Act, 29 USCS 201 et seq, are stated in only the broadest terms. 29 USCS 203 defines employee as any individual employed by an employer. "Employ" is defined as to suffer or permit to work. 29 USCS 203 (g). An "employer is one who acts directly or indirectly in the interest of an employer in relation to an employee. 29 USCS 203(d)."

To conclude and to clarify that all has to be analyzed on a case by case, paragraph HN3 **Wages & hour laws, Scope & definitions;** states: **"The fact that control over a worker may qualified is not a sufficient factor, in and of itself, to place an employment relationship beyond the scope of the FLSA Act, 29 USCS 201 es seq"**

Mr. Moser refers to the case **"Thomas v. River Green Construction Grp**. I found it irrelevant as the case refers to constructions' workers, sub-contractors, joint employers and investors, to the extent that the court agreed and granted motions as some defendants did not qualify as employers because did not have enough control over workers.

Mr. Moser refers to case **Zeng Liu v. Jen Chu Fashion Corp 2004** The defendants resulted in default, for these reasons the court ruled in favor of the plaintiffs.

**DEFENDANT TIZZANO'S OBJECTIONS TO PLAINTIFFS' REFERENCES, CITATIONS, EXHIBITS…:**

**1.3 and 1 3** The case is irrelevant to this lawsuit, the assumptions made were merely the plaintiffs' lawyer opinions and were never proved.

I never employed the plaintiffs. Plaintiff Hernandez at deposition Mr. Hernandez declared that he was hired by Mr. Massimo i.e. Mr. Gammella. I only offered advice in case of need and never under compensation or in a continuative manner, never supervised, hired or fired, setting work schedules or determined pay. I had another business to run.

2 The defendant Rosso Uptown for all the length of its short business life never had sales in excess of 500k expect for the year 2016. Under the FLSA an employer has to have a revenue sales of S00k or more.

**16 17 18 19 20** Articles only show that the restaurant was struggling and that changed identity 3 times in 3 years of business. Articles are merely hearsay, those statements never made under oath or in a court of law (FRE)

**Trial Exhibit No 6, 7, 8, 9, 10** They are irrelevant to this lawsuit, they only show an outcome of a previous case.

15 a 2011New York Times review of my establishment that has nothing to do with the ongoing case.

**DEFENDANT TIZZANO'S Trial Exhibits Objections (to Mr. Moser)**

(Exhibits provided to Mr. Moser, initially identified as exhibits **ABC (form 2553, schedule Kl, Corporate tax returns...)** contrary to Plaintiffs' counsel objections, were exchanged way before discovery, sent to him via email and hand delivered at conference trial at the presence of Judge Locke. Will be attached again here as evidence.

**DEFENDANT TIZZANO'S Objections to citations cases presented by plaintiffs' counsel**

**Carter v. Dutchess Community College:** I declare that there was no other manager controlling the plaintiffs except me. The case cited refers to inmates not receiving federal minimum wage, I always paid my employees according to the hours worked and at the state min wage. Furthermore, in paragraph Hnl**Wage & Hour laws, scope & definitions** clearly states "it is common ground that courts, in determining whether an employment relationship exists for purposes of the flsa act, 29 uses 201 et seq, must evaluate the "economic reality" of the relationship. The "economic reality" test includes inquiries into whether the alleged employer had the power to hire and fire the employees supervised and controlled employees work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records. **The power to control a worker clearly is a crucial factor in**

**determining whether an employment relationship exists"** I was the only person in charge of keeping payroll records, controlling the plaintiffs work and determine rate of pay.

Paragraph HN2 **Scope & definitions of employ** "a case-by-case analysis is required because the definitions in the FLSA Act, 29 uses 201et seq, are stated in only the broadest terms. 29 uses 203

defines employee as any individual employed by an employer. "Employ" is defined as to suffer or permit to work. 29 uses 203 (g). An "employer is one who acts directly or indirectly in the interest of an employer in relation to an employee. 29 uses 203(d)."

To conclude and to clarify that all has to be analyzed on a case by case, paragraph HN3 **Wages & hour laws, Scope & definitions;** states: **"The fact that control over a worker may qualified Is not a sufficient factor, in and of itself, to place an employment relationship beyond the scope of the FLSA Act, 29 uses 201 es seq"**

Mr. Moser refers to the case **"Thomas v. River Green Construction Grp.** I found it irrelevant as the case refers to constructions' workers, sub-contractors, joint employers and investors, to the extent that the court agreed and granted motions as some defendants did not qualify as employers because did not have enough control over workers.

Mr. Moser refers to case **Zeng Liu v. Jen Chu Fashion Corp 2004** The defendants resulted in default, for these reasons the court ruled in favor of the plaintiffs.

**Defendant Tizzano's Objections to plaintiffs' s Trial exhibits**

1, Letter From Michael Tizzano to Judge Azrack,

2, Letter to Michael Tizzano to Judge Azrack with Exhibits dated 09/29/20,

3, Letter from Michele Tizzano to the Court to proceed Pro Se in the case Barrera V Pepe Rosso, 5,

Affidavit from Michael Tizzano to Judge Azrack,

9, Amended Complaint in Barrera V. Pepe Rosso 24 Inc.

10, Acceptance of defendants' Offer of judgement in Barrera V. Pepe Rosso 24 Inc:

**All of the above are Irrelevant to the on-going case, they all refer to an old case.**

**10** Nassau County Health Inspections report for Rosso Uptown ltd, 12/4/2015-10/26/2017, The Health department inspection report produced by plaintiffs' lawyer from the year 2015 till 2017 only shows one inspection dated 10/26/17 that has my name next to it. **Even though the report produced has 6 pages, <u>only one day</u> that repeats with my name next to It is the one dated 10/26/2017.  Furthermore, any Individual may hold a Nassau County Food Manager Training Certificate. An email exchanged with the Health**

**Department quotes "the course and certification is not limited to the owner of a food service establishment" see Evidence attached.** In addition, in another email exchanged with the Department of health, shows that my Food Manager Certificate is linked to Pepe Rosso 24.

11 Facebook ad for Brick asteria dated 07/26/2018 **13** Facebook post Re: Uptown Job Email dated 08/12/2018; First of all, the dates are after the plaintiffs were terminated because Mr. Gammella decided, once again to change identity of his restaurant as his previous two concepts failed. The fact I might have posted helping to find employees does not mean I hired any of the potential candidates. If I conducted at the point in time any screening of a potential candidates, only Mr. Gammella had the final responsibility to hire employees. 14. Furthermore, a post with pies of food on any social media, are so common, and are a way to share moments spent with family, friends, spouses etc. It is wrong to assume then any influencer or social media marketing person that post pies of food is affiliated with the establishment promoted.

15 Looks familiar but its full of surprises, N.Y. Time Feb 11, 2011. **Irrelevant to the case, it refers to a New York Times review of my current restaurant came out in February 2011.**

**16-17-18-Are** to be considered "Hearsay", none of the statements have been made under oath or in a court of law, those are the assumptions of the writers. Furthermore, an email exchanged with a former Newsday writer proves what I am saying. Evidence is attached.

**SO ORDERED:**

Dated: Central Islip, New York
May    , 2024