UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SANTOS HERNANDEZ AND EMANUEL DE JESUS LIEVANO,

                                      Plaintiffs,

-*against*-

ROSSO UPTOWN, LTD., MICHELE TIZZANO S/H/A MICHAEL TIZZANO AND MASSIMO GAMMELLA,

                                      Defendants.

Case No. 20-cv-04026 (NCM)(SIL)

---

**[PROPOSED] ORDER STRIKING THE ANSWER OF DEFENDANT ROSSO UPTWON, LTD. AND ENTERING DEFAULT JUDGMENT**

Having reviewed all of the moving papers, the Court hereby finds as follows:

### Default

1.    On March 25, 2021 the Court issued a docket order relieving Hamra Law Group, PC as counsel for the Defendants, and granted Rosso Uptown, Ltd. ("Rosso") a 45-day stay to retain alternate counsel.

2.    As of March 30, 2022, Rosso had not appeared by counsel, and the Court directed Rosso Uptown, Ltd. to show cause why a default should not be entered against it for failing to defend. See ECF No. 35.

3.    On May 16, 2022 the Court gave the Plaintiffs leave to file a motion for default against Rosso. See ECF No. 39. However, Plaintiffs' counsel did not file the motion for default.

4.    On August 8, 2024 the Court issued a docket order noting that "Rosso Uptown, Ltd. failed to respond to this Court's order to show cause why default should not be entered. See ECF Order dated Mar. 30, 2022 ECF No. 39. Rosso Uptown cannot proceed unrepresented. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (requiring corporate entities be

represented by counsel). Therefore, the Court orders plaintiffs to move for default as to defendant Rosso Uptown on or before August 15, 2024."

5. On August 15, 2024, the Plaintiffs filed a motion to strike Rosso Uptown's answer and enter judgment against Rosso Uptown, Ltd.

6. Because Rosso has failed to obtain counsel despite two Court orders to do so, Plaintiffs' motion to strike Rosso's answer and for an entry of default for a sum certain is granted. *See Bratta v. Tramp, No.* 08-CV-4073 (JFB) (ETB).

## Liability

7. Paradise's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.,* 373 F.3d 241, 244 (2d Cir.2004). Based upon examination of the complaint and the declaration and documents submitted in support of the motion, the Court finds that plaintiffs have established Rosso's liability and Plaintiffs' entitlement to damages against Rosso on the following cause(s) of action:

   a. Count II: Overtime under the Fair Labor Standards Act (29 U.S.C. § 201, et seq.);

   b. Count III: Overtime under the New York Labor Law and its implementing regulations (NYLL § 663; 12 NYCRR § 146-1.4);

   c. Count IV: Spread of Hours Pay (NYLL § 663; 12 NYCRR § 146-1.4);

   d. Count V: Failure to furnish a hiring notice as required by NYLL § 195(1).

   e. Count VI: Failure to furnish wage statements as required by NYLL § 195(3).

## Damages

8. Based upon a review of complaint and the documents submitted in support of the motion, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111

(2d Cir. 1997), the Court finds that the plaintiffs have established damages in the following amounts:

| Count | Cause of Action | Santos Hernandez | Manuel De Jesus Lievano |
|---|---|---|---|
| II & III | Overtime (NYLL/FLSA) | $ 40,851.56 | $ 40,737.38 |
| IV | Spread of Hours (NYLL) | 7,050.00 | 5,940.00 |
| II-IV | Liquidated Damages (FLSA/NYLL) | 47,901.56 | 46,677.38 |
| III & IV | Prejudgment Interest (NYLL) | 31,329.59 | 25,970.91 |
| V | NYLL 195(1) | 5,000.00 | 5,000.00 |
| VI | NYLL 195(3) | 5,000.00 | 5,000.00 |
| | **TOTAL** | **$ 137,132.72** | **$ 129,325.66** |

9. The Court directs the Clerk of the Court to enter judgment against Rosso Uptown, Ltd. as follows: **$137,162.72** in favor of Plaintiff Santos Hernandez, and **$129,325.66** in favor of Plaintiff Manuel DeJesus Lievano.

### Additional Provisions

10. If any amounts remain unpaid upon the expiration of ninety days following issuance of this judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of this judgment shall automatically increase by fifteen (15) percent. NYLL § 198(4) and § 663(4).

11. Plaintiff's counsel is granted leave to seek an award of attorneys' fees and costs upon resolution of the claims against the individual defendants Michael Tizzano and Massimo Gammella.

For the foregoing reasons, the undersigned grants plaintiffs' motion and awards damages in a manner consistent with this opinion.

SO ORDERED:

_____