**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SANTOS HERNANDEZ AND EMANUEL DE JESUS LIEVANO,

                                           Plaintiffs,

-*against*-

ROSSO UPTOWN, LTD., MICHELE TIZZANO S/H/A MICHAEL TIZZANO AND MASSIMO GAMMELLA,

                                           Defendants.

Case No. 20-cv-04026 (NCM)(SIL)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE ANSWER OF DEFENDANT ROSSO UPTOWN, LTD. AND FOR DEFAULT JUDGMENT**

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** .................................................................................................1
**PROCEDURAL HISTORY** ......................................................................................................1
**FACTS** .........................................................................................................................................2
**ARGUMENT** ..............................................................................................................................4
    I.    THE ANSWER OF THE DEFENDANT ROSSO UPTOWN, LTD. SHOULD BE STRICKEN ..................................................................................................................4
    II.   STANDARD ....................................................................................................................5
    III.  SUMMARY OF COUNTS ............................................................................................5
        A.    Overtime (Counts II and III) ................................................................................5
        B.    Spread of Hours Pay (Count IV) .........................................................................6
        C.    NYLL §§ 195(1) & 195(3)(Counts V and VI) .....................................................6
    IV.  THE PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES ON COUNTS II, III, AND IV UNDER THE FLSA AND THE NYLL ....................................................... 8
    V.   THE PLAINTIFFS ARE ENTITLED TO PREJUDGMENT INTEREST UNDER THE NYLL ............................................................................................................................... 8
    VI.  THE NYLL PROVIDES THAT THE AMOUNT OF THE JUDGMENT AUTOMATICALLY INCREASES IF THE JUDGMENT IS NOT SATISFIED. ........... 9
**CONCLUSION** ........................................................................................................................10

## PRELIMINARY STATEMENT

By this motion, Plaintiffs Santos Hernandez ("Hernandez") and Emanuel De Jesus Lievano ("Lievano") seek an order striking the answer of the Defendant Rosso Uptown, Ltd. ("Rosso" or "Corporate Defendant"), and for default judgment for a sum certain on Counts II and III (overtime), Count IV (spread of hours pay) and Counts V and VI (NYLL § 195 violations). A proposed Order for Default Judgment is annexed to the Notice of Motion. For the purposes of this motion, the Plaintiff is not seeking an award of damages on Count I (Minimum Wages). Upon the Court's final decision resolving the case against all defendants, Plaintiffs will seek an award of attorneys' fees and costs. Damage calculations consistent with the principles and facts set forth herein are annexed to the Declaration of Steven J. Moser ("Moser Decl.") as Exhibit 1.

## PROCEDURAL HISTORY

This action was commenced on August 28, 2020, by the Plaintiffs Santos Hernandez, Emanuel De Jesus Lievano and Miguel Antonio Vasquez against Defendants Rosso Uptown, Ltd., Michael Tizzano, and Massimo Gammella, to remedy overtime violations of the Fair Labor Standards Act (FLSA), the New York Labor Law (NYLL) and its implementing regulations found in the Hospitality Industry Wage Order, 12 NYCRR § 146.[1]

On September 30, 2020 the Defendant Michael Tizzano a/k/a Michele Tizzano, appearing pro se, filed an answer to the complaint. *See* ECF No. 8. Subsequently, the Hamra Law Group appeared on behalf of all Defendants (*See* ECF Nos. 9-11), and filed an amended answer to the Complaint on behalf of all Defendants on December 3, 2020 (ECF No. 13). On March 25, 2021 the Court issued a docket order relieving Hamra Law Group, PC as counsel for the Defendants, and granted the defendants a 45-day stay to retain alternate counsel.[2]

---

[1] Complaint, ECF 1, annexed to Moser Decl. as Exhibit 2.
[2] *See* Docket Sheet, annexed to the Moser Decl. as Exhibit 3.

1

As of March 30, 2022, the Corporate Defendant had not appeared by counsel, and Judge Azrack directed Rosso Uptown, Ltd. to show cause why a default should not be entered against it for failing to defend. *See* ECF No. 35.[3] On May 16, 2022 Judge Azrack gave the Plaintiffs leave to file a motion for default against the Corporate Defendant. *See* ECF No. 39. However, Plaintiffs' counsel inadvertently did not file the motion for default. On June 13, 2022, the Plaintiff Miguel Antonio Vazquez withdrew from the case. *See* ECF No. 44, leaving the Plaintiffs Santos Hernandez and Emanuel De Jesus Lievano.

On August 8, 2024 the Court issued a docket order as follows:

> Defendant Rosso Uptown, Ltd. failed to respond to this Court's order to show cause why default should not be entered. *See* ECF Order dated Mar. 30, 2022 ECF No. 39. Rosso Uptown cannot proceed unrepresented. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (requiring corporate entities be represented by counsel). Therefore, the Court orders plaintiffs to move for default as to defendant Rosso Uptown on or before August 15, 2024. If plaintiffs fail to move for default by that date, I will deem the plaintiffs to have abandoned the claims against Rosso Uptown and will dismiss the claims against it for failure to prosecute.[4]

## **FACTS**

Rosso Uptown, Ltd. employed the Plaintiff Santos Hernandez as a dishwasher and food preparer[5] from approximately March 20, 2016 until approximately July 1, 2018.[6] Mr. Hernandez worked six days per week.[7] He took a lunch break each day from 3pm to 4 pm.[8] He was scheduled to work 61 hours each week[9] as follows[10]:

---

[3] The Order to Show Cause is annexed to the Moser Decl. as Exhibit 4.
[4] *See* Docket Sheet.
[5] Complaint ¶ 32
[6] Complaint ¶ 28.
[7] Complaint ¶ 29.
[8] Complaint ¶ 30.
[9] Complaint 31
[10] Complaint ¶ 30.

|            | In       | Out      | Meal  | Hours |
|------------|----------|----------|-------|-------|
| Monday:    |          |          |       |       |
| Tuesday:   | 11:00 AM | 10:00 PM | 1:00  | 10.00 |
| Wednesday: | 11:00 AM | 10:00 PM | 1:00  | 10.00 |
| Thursday:  | 11:00 AM | 10:00 PM | 1:00  | 10.00 |
| Friday:    | 11:00 AM | 11:00 PM | 1:00  | 11.00 |
| Saturday:  | 11:00 AM | 11:00 PM | 1:00  | 11.00 |
| Sunday:    | 12:00 PM | 10:00 PM | 1:00  | 9.00  |
|            |          |          | **TOTAL** | **61.00** |

Mr. Hernandez was paid a weekly salary, in cash, of $400.00.[11] From on or about May 31, 2017 until on or about July 1, 2018, Mr. Hernandez was paid a weekly salary of $475 ($350 by check, and $125 in cash).[12] He never received an accurate wage statement with the payment of wages or a hiring notice.[13]

Rosso Uptown, Ltd. employed the Plaintiff Emanuel De Jesus Lievano as a cook and salad preparer from approximately August 2016 until on or about July 1, 2018.[14] Mr. Lievano worked six days per week.[15] Mr. Lievano took a lunch break each day from 3pm to 4 pm.[16] He was scheduled to work 64 ½ hours each week[17], as follows[18]:

|            | In       | Out      | Meal  | Hours |
|------------|----------|----------|-------|-------|
| Monday:    | 10:30 AM | 10:00 PM | 1:00  | 10.50 |
| Tuesday:   |          |          |       | -     |
| Wednesday: | 10:30 AM | 10:00 PM | 1:00  | 10.50 |
| Thursday:  | 10:30 AM | 10:00 PM | 1:00  | 10.50 |
| Friday:    | 10:30 AM | 11:00 PM | 1:00  | 11.50 |
| Saturday:  | 10:30 AM | 11:00 PM | 1:00  | 11.50 |
| Sunday:    | 11:00 AM | 10:00 PM | 1:00  | 10.00 |
|            |          |          | **TOTAL** | **64.50** |

---

[11] Complaint ¶ 33.
[12] Complaint ¶ 34.
[13] Complaint ¶¶ 37-39.
[14] Complaint ¶ 43, 47.
[15] Complaint ¶ 44.
[16] Complaint ¶ 45.
[17] Complaint ¶ 46.
[18] Complaint ¶ 45.

3

From approximately August 2016 until January 2017, Mr. Lievano was paid a weekly salary, in cash, of $420.00.[19] From approximately February 2017 until March 2017, Mr. Lievano was paid a weekly salary, in cash, of $440.00.[20] From approximately April 2017 until on or about July 1, 2018, Mr. Lievano was paid a weekly salary, in cash, of $460.00.[21] He never received an accurate wage statement with the payment of wages or a hiring notice.[22]

## ARGUMENT

### I. THE ANSWER OF THE DEFENDANT ROSSO UPTOWN, LTD. SHOULD BE STRICKEN

The failure of a corporate defendant to comply with a court's scheduling order and meaningfully participate in the defense of the action is grounds for striking the answer and entering default against that defendant. *Inga v. Nesama Food Corp., Civil ACTION NO.: 20 Civ. 0909 (ALC) (SLC)*, 2021 U.S. Dist. LEXIS 143208, at *8 (S.D.N.Y. July 30, 2021); *2W Prod. Corp. v. Y&P Wholesale, Inc.*, No. CV 2007-0423 (ENV)(MDG), 2009 U.S. Dist. LEXIS 138, 2009 WL 29311, at *4-5 (E.D.N.Y. Jan. 5, 2009) (E.D.N.Y. Jan. 5. 2009) (recommending that answer be stricken where defendants "failed to participate in a meaningful fashion" and failed to comply with three court orders); *Bratta v. Tramp, No.* 08-CV-4073 (JFB) (ETB), 2009 U.S. Dist. LEXIS 152174, at *5 (E.D.N.Y. Nov. 30, 2009 ("Because [corporate defendant] has failed to obtain counsel despite two Court orders to do so, plaintiff's motion to strike defendant's answer and for an entry of default is granted.")(compiling cases).

On March 25, 2021, the Court granted the Corporate Defendant 45 days (until May 27, 2021) to retain counsel. As of March 30, 2022, the Corporate Defendant had not appeared by

---

[19] Complaint 48.
[20] Complaint 49.
[21] Complaint 50.
[22] Complaint ¶¶ 40-42.

4

counsel, and Judge Azrack directed Rosso Uptown, Ltd. to show cause why a default should not be entered against it for failing to defend. *See* ECF No. 35. As of the filing of this motion Rosso Uptown, Ltd. has failed to appear by counsel for more than 3 years and despite two court orders.

## II.    STANDARD

In the context of a motion for default judgment on FLSA and NYLL claims, the plaintiffs' "estimates of hours worked are presumed to be correct." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In resolving a motion for default judgment, the Court may rely on the allegations pled in the complaint. *Freedom Mortg. Corp. v. Hughes*, No. 22-CV-05966 (JMA) (ST), 2024 U.S. Dist. LEXIS 30749, at *5 (E.D.N.Y. Feb. 22, 2024) (stating that "the district court must accept well-pled allegations as true"). Here, plaintiffs rely upon the allegations in their Complaint, a copy of which is annexed to the Declaration of Steven Moser as Exhibit 2.

## III.   SUMMARY OF COUNTS

### A.     Overtime (Counts II and III)

The method of computation of overtime under the FLSA and the NYLL are identical. "The FLSA and the NYLL carry a rebuttable presumption that a weekly salary covers only the first forty hours, unless the parties have an alternate agreement." *Pinovi v. FDD Enters.*, No. 13 Civ. 2800 (GBD) (KNF), 2015 U.S. Dist. LEXIS 89154, at *11-12 (S.D.N.Y. July 8, 2015); *accord GE Chun Wen v. Hair Party 24 Hours Inc.*, No. 15cv10186 (ER) (DF), 2021 U.S. Dist. LEXIS 97828, at *27-28 (S.D.N.Y. May 17, 2021); *Ochoa v. Aucay Gen. Constr., Inc.*, No. 19-CV-3866 (ENV) (ST), 2020 U.S. Dist. LEXIS 174071, at *16 (E.D.N.Y. Sept. 15, 2020). Moreover, the Hospitality Industry Wage Order explicitly states that, where, as here, "an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings. . .by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 NYCRR § 146-3.5.

### B. Spread of Hours Pay (Count IV)

Section 146-1.6 of the Hospitality Industry Wage Order provides that for each day in which the interval between the beginning and ending of the employee's workday exceeds 10, the "employee shall receive one additional hour of pay at the basic minimum hourly rate." The Plaintiffs' spread of hours exceeded 10 on each day that they worked.

### C. NYLL §§ 195(1) & 195(3)(Counts V and VI)

Plaintiffs' claims arising out of Corporate Defendant's failure to provide wage notices at the time of hiring, and to furnish accurate wage statements with each payment of wages bear special mention.

In *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946), the Supreme Court recognized that an employers' failure to keep and furnish "proper and accurate" records to the employee can harm employees. The Supreme Court also fashioned a remedy for an employer's failure to maintain and keep adequate records – a relaxed burden of proof which can be met by the employee's own testimony. *Id.*

In 2011, the New York Legislature recognized that victims of wage theft are harmed by an employer's failure to notify them of their hourly wage, overtime pay, and other rights, as well as an employer's failure to furnish accurate statements showing how the employee's pay was calculated. *See* NYLL §§ 195 & 198. From April 9, 2011 until March 30, 2022 District Courts within the Second Circuit unanimously recognized that the victims of wage theft are harmed by an employer's failure to keep and furnish records to the employee as required by NYLL § 195. In March 2022 Judge Chen issued a trio of decisions finding that a Plaintiff who has standing to pursue statutory claims in state court is not entitled to a remedy in federal court absent a concrete and particularized injury and that the defendant's failure to furnish to the plaintiff a hiring notice or wage statements was essentially *harmless,* resulting in a split of authority within the circuit. *Garrido v. House of*

6

*Salads One LLC*, No. 20-CV-6072 (PKC) (CLP), 2022 U.S. Dist. LEXIS 58496, at *1 (E.D.N.Y. Mar. 30, 2022); *You Qing Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC) (ST), 2022 U.S. Dist. LEXIS 57481, at *1 (E.D.N.Y. Mar. 29, 2022); *Francisco v. NY Tex. Care, Inc.*, No. 19 Civ. 1649 (PKC) (ST), 2022 U.S. Dist. LEXIS 55633, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022)

The Supreme Court's reasoning in *Anderson* applies with equal force to claims under NYLL § 195. If there were no harm to the employee by an employer's failure to keep and furnish accurate payroll records, the Supreme Court would never have fashioned a remedy. Just as the failure to keep accurate payroll records prejudices a victim of overtime theft, inaccurate or non-existent wage statements and the failure to furnish a hiring notice prejudice New York employees who are victims of wage theft. They are kept in the dark about their actual rates of pay and their rights. The failure to furnish wage statements makes it more difficult for them to satisfy their burden of proof.

Numerous courts within the Second Circuit continue to recognize that a plaintiff who is the victim of wage theft has the right to assert claims against the employer for failure to keep and furnish the records required by NYLL § 195. *See Kaur v. Natasha Access. Ltd.*, No. 23-CV-6948 (JPO), 2024 U.S. Dist. LEXIS 127326, at *9 (S.D.N.Y. July 16, 2024) (Oetken, J.); *Bueno v. Buzinover*, No. 22 Civ. 2216 (PAE) (KHP), 2023 U.S. Dist. LEXIS 38154, at *5-6 (S.D.N.Y. Mar. 7, 2023) (Engelmayer, J.); *Veloz v. MM Custom House Inc.*, No. 19-cv-852(DLI)(JRC), 2024 U.S. Dist. LEXIS 54202, at *19 (E.D.N.Y. Mar. 26, 2024) (Irizarry, J.). Consistent with the Supreme Court's decision Anderson, courts within the Second Circuit have continued to recognize that the failure to properly pay employees' their overtime and regular wages is a natural and "tangible downstream consequence of the failure to receive" information required by NYLL 195. *Martinez v. Finger Mgmt. Corp.,* No. 23-CV-5901, 2024 U.S. Dist. LEXIS 85146, 2024 WL 2114330, at *2 (quoting *Lipstein v. 20X Hosp. LLC*, No. 22-cv-04812 (JLR) (JW), 2023 U.S. Dist. LEXIS 167615,

at *25 (S.D.N.Y. Sep. 19, 2023). NYLL § 195 simply gives victims of wage theft another arrow in the quiver, where the wage theft is accompanied by a NYLL § 195 violation.

## IV. THE PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES ON COUNTS II, III AND IV UNDER THE FLSA AND THE NYLL

Under the FLSA, an employer who underpays an employee is liable "in the amount" of those unpaid wages "and in an additional equal amount as liquidated damages" unless the employer shows to the satisfaction of the court that its behavior giving rise to the FLSA violation "was in good faith" and that it had "reasonable grounds" for believing it was not in violation of the FLSA.

*Muhammed Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60-61 (2d Cir. 2016) (citing 29 U.S.C. § 260).

"[T]he employer bears the burden of establishing, by 'plain and substantial' evidence, subjective good faith and objective reasonableness." *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 70-71 (2d Cir. 1997) (citing 29 U.S.C. § 260). This burden, "is a difficult one to meet, however, and '[d]ouble damages are the norm, single damages the exception.'" *Id.* at 71 (quoting *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987)).

## V. THE PLAINTIFFS ARE ENTITLED TO PREJUDGMENT INTEREST UNDER THE NYLL

Where both the FLSA and New York Labor Law provide for recovery, it is appropriate for the Court to award the maximum recovery available. *Wlodzimierz Drozd v. Vlaval Constr., Inc.*, No. 09CV5122 (SJ) (CLP), 2012 U.S. Dist. LEXIS 146568, at *4-5 (E.D.N.Y. Oct. 10, 2012); *see also Jiao v. Chen*, No. 03 Civ. 0165 (DF), 2007 WL 4944767, 2007 U.S. Dist. LEXIS 96480, at *17 (S.D.N.Y. Mar. 30, 2007).

New York law directs the recovery of both prejudgment interest and liquidated damages:

In any action instituted in the courts upon a wage claim by an employee [] in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, <u>prejudgment interest as required under the civil practice law and rules</u>, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, <u>an additional amount as</u>

8

> liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

NYLL 198 (emphasis supplied); *see also Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493, at *35 (S.D.N.Y. June 9, 2016); *Castillo v. RV Transp., Inc.*, No. 15 Civ. 0527 (LGS), 2016 U.S. Dist. LEXIS 48503, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016). The CPLR provides for prejudgment interest of 9 percent per annum[23] on all damages from a single reasonable intermediate date.[24]

Although it is true that an employee seeking liquidated damages under the FLSA may not recover prejudgment interest, the Plaintiff may recover prejudgment interest for "any period where both [the FLSA and the NYLL] allowed for liquidated damages in the same amount of 100 percent of unpaid wages, and the Court has opted to award such damages under state law." *Rodriguez v. Obam Mgmt.*, No. 13cv00463 (PGG) (DF), 2016 U.S. Dist. LEXIS 155315, at *67-68 (S.D.N.Y. Nov. 7, 2016).

## VI. THE NYLL PROVIDES THAT THE AMOUNT OF THE JUDGMENT AUTOMATICALLY INCREASES IF THE JUDGMENT IS NOT SATISIFED.

Both NYLL § 198(4) and § 663(4) state:

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

Because all of the damages sought are available under the NYLL the order should provide for an automatic increase consistent with NYLL §§ 198(4) and 663(4). *Gonzalez-Diaz v. Daddyo's Mgmt. Grp.*, No. 16 CV 1907 (ENV)(RML), 2017 U.S. Dist. LEXIS 185397, at *11 (E.D.N.Y. Nov. 7, 2017) (compiling cases).

---

[23] NY CPLR § 5004.
[24] NY CPLR § 5001.

9

**CONCLUSION**

The Plaintiffs have computed damages consistent with the principles set forth in this memorandum of law.[25] For the foregoing reasons, Plaintiffs request that the instant motion for default be granted in its entirety, and that the Clerk be directed to enter judgment in favor of the Plaintiffs against Rosso Uptown, Ltd. as follows.

| Count | Cause of Action | Santos Hernandez | Manuel De Jesus Lievano |
|---|---|---:|---:|
| II & III | Overtime (NYLL/FLSA) | $ 40,851.56 | $ 40,737.38 |
| IV | Spread of Hours (NYLL) | 7,050.00 | 5,940.00 |
| II-IV | Liquidated Damages (FLSA/NYLL) | 47,901.56 | 46,677.38 |
| III & IV | Prejudgment Interest (NYLL) | 31,329.59 | 25,970.91 |
| V | NYLL 195(1) | 5,000.00 | 5,000.00 |
| VI | NYLL 195(3) | 5,000.00 | 5,000.00 |
| | **TOTAL** | **$ 137,132.72** | **$ 129,325.66** |

Dated: Huntington, New York
August 15, 2024

Respectfully submitted,

_____
Steven J. Moser

---

[25] The damage computations spreadsheet, annexed as Exhibit 4 to the Moser Declaration, shows the formulas used to incorporate the principles set forth herein.