UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
SANTOS HERNANDEZ and EMANUEL DE JESUS
LIEVANO,

                         Plaintiffs,

    -against-

ROSSO UPTOWN, LTD., MICHAEL TIZZANO, and
MASSIMO GAMMELLA,

                        Defendants.
------------------------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**
20-cv-4026 (NCM)(SIL)

**STEVEN I. LOCKE**, United States Magistrate Judge:

Presently before the Court, on referral from the Honorable Natasha C. Merle

for Report and Recommendation, is Plaintiffs Santos Hernandez's and Emanuel De

Jesus Lievano's (together, "Plaintiffs") motion to strike the Amended Answer of

Defendant Rosso Uptown Ltd. ("Rosso Uptown") and enter a default judgment against

Rosso Uptown pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed.

R. Civ. P."). *See* Docket Entry ("DE") 92. By way of a Complaint dated August 28,

2020, Plaintiffs commenced this action against Defendants Rosso Uptown, Michael

Tizzano, and Massimo Gammella (collectively, "Defendants"), alleging wage and hour

violations under the Fair Labor Standards Act ("FLSA") and the New York Labor

Law ("NYLL"). DE [1]. For the reasons set forth herein, the Court respectfully

recommends that Plaintiffs' motion to strike Rosso Uptown's Amended Answer be

granted and that Plaintiffs' motion for a default judgment against Rosso Uptown be

denied without prejudice and with leave to re-file upon the Clerk of the Court entering

a Certificate of Default on the docket pursuant to Fed. R. Civ. P. 55(a).

## I.    BACKGROUND

### A.    Facts

All relevant facts are taken from the Complaint, pleadings, affidavits, and exhibits submitted in support of the instant motion.[1]  Both Hernandez and Lievano are individuals who reside in Nassau County, New York.  *See* Complaint ("Compl."), DE [1], ¶¶ 4-5.  At all relevant times, Defendant Rosso Uptown was incorporated under the laws of the State of New York and operated a restaurant, maintaining a principal place of business at 52 Main Street, Port Washington, New York 11050.  *Id.* at ¶¶ 7-8.  Although not personally implicated in the instant motion, Defendants Gammella and Tizzano reside in Nassau County, New York and are individual shareholders of Rosso Uptown.  *Id.* at ¶¶ 9-16.

At all relevant times, Hernandez and Lievano were Rosso Uptown employees. *Id.* at ¶¶ 27, 42.  Hernandez worked as a dishwasher and food preparer six days a week from March 20, 2016 to July 1, 2018, generally working at least 61 hours per week.  *Id.* at ¶¶ 28, 29, 31, 32.  From March 20, 2016 to May 31, 2017, Hernandez received a weekly salary of $400.00; and from May 31, 2017 to July 1, 2018, he received a weekly salary of $475.00.  *Id.* at ¶¶ 33-34.  Plaintiffs allege that Rosso Uptown did not compensate Hernandez at the federal or New York State minimum wage for all hours worked, did not pay him overtime compensation, did not provide him with a wage notice or any wage statements, and did not pay him a spread of hours premium.  *Id.* at ¶¶ 35-41.

---

[1] In this regard, the Court notes that Defendants Gammella and Tizzano, who appear *pro se*, dispute some of these facts.  *See* DEs [94], [95], and [96].

Lievano worked at Rosso Uptown as a cook and salad preparer six days a week from approximately August 2016 to July 1, 2018, generally working at least 64.5 hours per week. *Id.* at ¶¶ 43, 46, 47. From approximately August 2016 to January 2017, Lievano received a weekly salary of $420.00; from approximately February 2017 to March 2017, he received a weekly salary of $440.00; and from approximately April 2017 to July 1, 2018, he received a weekly salary of $460.00. *Id.* at ¶¶ 48-50. Plaintiffs allege that Rosso Uptown did not compensate Lievano at the federal or New York State minimum wage for all hours worked, did not pay him overtime compensation, did not provide him with a wage notice or any wage statements, and did not pay him a spread of hours premium. *Id.* at ¶¶ 51-56.

### B.    **Procedural History**

On August 28, 2020, Plaintiffs Hernandez, Lievano, and Miguel Antonio Vasquez commenced this action against Defendants Rosso Uptown, Michael Tizzano, and Massimo Gammella.[2] *See* DE [1]. In their Complaint, Plaintiffs allege causes of action against all Defendants for: (1) violation of minimum wage laws under the NYLL; (2) violation of overtime wage laws under the FLSA; (3) violation of overtime wage laws under the NYLL; (4) failure to pay a spread of hours premium under the NYLL; (5) wage notice violations under the NYLL; and (6) wage statement violations under the NYLL. *Id.*

---

[2] Plaintiff Miguel Vasquez subsequently withdrew as a plaintiff from this action, *see* DE [44], and the term "Plaintiffs" refers only to Hernandez and Lievano.

On September 30, 2020, Tizzano, acting *pro se*, filed an Answer to the Complaint on behalf of only himself. *See* DE [8]. Defendants subsequently retained counsel and filed an Amended Answer to Plaintiff's Complaint on behalf of all three Defendants. *See* DEs [11], [13]. In a March 25, 2021 Electronic Order, the Court granted Defendants' counsel's motion to withdraw. *See* DE [17]. Although the Court granted Defendants' request for 45 days to retain new counsel, Rosso Uptown has not done so and continues to proceed *pro se*.

As previously stated in this action, *see* DE [77], the Court again declines to scour the docket for a complete recitation of the parties' delinquencies, including their repeated failures to appear for Court conferences and adhere to Court Orders and deadlines. *See* DEs [14], [19], [24], [25], [26], [28], [34], [39], [66] (documenting repeated failures of all parties to appear at Court conferences). Nevertheless, to provide context, on July 2, 2021, Plaintiffs filed a motion for an Order to Show Cause as to why default should not be entered against Rosso Uptown for its failure to appear through counsel. DE [23-1]. Plaintiffs did not request that the Clerk of the Court enter a Certificate of Default at that time, nor have they done so since then. *Id.*

On March 30, 2022, the Honorable Joan M. Azrack issued an Order to Show Cause ordering Rosso Uptown to show cause as to why the Clerk of the Court should not be instructed to enter a default against Rosso Uptown pursuant to Fed. R. Civ. P. 55(a). DE [35]. On May 16, 2022, Judge Azrack held a Show Cause Hearing, at which no Defendant appeared. *See* DE [39]. Accordingly, Judge Azrack instructed Plaintiffs to "file a motion for default" as to Rosso Uptown. *Id.*

On February 2, 2024, this matter was reassigned from Judge Azrack to Judge Merle.  On August 8, 2024, Judge Merle again admonished Russo Uptown that it is unable to proceed unrepresented and instructed Plaintiffs "to move for default as to defendant Russo Uptown on or before August 15, 2024."  *See* Electronic Order dated August 8, 2024.

On August 15, 2024, Plaintiffs filed the instant motion in which they move:  (1) to strike Rosso Uptown's Amended Answer, and (2) for entry of a default judgment against Rosso Uptown.  *See* DE [92].  For the reasons set forth herein, the Court respectfully recommends that Plaintiffs' motion to strike be granted, and that Plaintiffs' motion for a default judgment be denied without prejudice and with leave to renew upon the Clerk of the Court's entry of a Certificate of Default pursuant to Fed. R. Civ. P. 55(a).

## II.   DISCUSSION

### A.   Motion to Strike Rosso Uptown's Answer

A corporation may not proceed *pro se* and must be represented by counsel.  *See Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to [Fed. R. Civ. P.] 55 . . . .").  Where a corporate defendant fails to obtain counsel despite the court's instruction to do so, striking its answer and entering a default judgment is an appropriate sanction.  *See, e.g., Inga v. Nesama Food Corp.*, No. 20 Civ. 909, 2021 WL 3624666, at *3

5

(S.D.N.Y. July 30, 2021) (Report and Recommendation), *adopted by* 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021) ("A corporate defendant's failure to comply with a court order to retain counsel is an appropriate basis for striking that defendant's answer and entering default."); *Arch Ins. Co. v. Sky Materials Corp.*, No. 17-CV-2829, 2021 WL 966110, at *3-4 (E.D.N.Y. Jan. 29, 2021) (collecting cases in which courts struck defendants' answers for failure to comply with orders to retain and appear through counsel); *Bratta v. Tramp*, No. 08-CV-4073, 2009 WL 10708936, at *2 (E.D.N.Y. Nov. 30, 2009) ("Because [the corporate defendant] has failed to obtain counsel despite two Court orders to do so, Plaintiff's motion to strike defendant's answer and for an entry of default is granted.").

Here, the District Court advised Rosso Uptown on multiple occasions that it was required to appear through counsel and ordered Rosso Uptown to show cause as to why default should not be entered for its failure to do so. *See* DE [35]; Electronic Order dated August 8, 2024. Despite these warnings, Rosso Uptown has failed to retain counsel and continues to proceed *pro se*, which is impermissible for a corporate defendant. *See Grace*, 443 F.3d at 192; *Colonial Sur. Co. v. William G. Prophy LLC*, No. 20-CV-1730, 2023 WL 7338784, at *3 n.3 (E.D.N.Y. Nov. 7, 2023) ("[W]hile the individual defendants may elect to proceed pro se, the corporate defendants are not permitted to represent themselves."); *Kantor v. Air Atl. Med., P.C.*, No. 19-CV-3597, 2020 WL 7123319, at *1 (E.D.N.Y. Dec. 4, 2020) (imposing sanction of striking answer and permitting the plaintiff to move for default judgment after issuance of Certificates of Default).

As Rosso Uptown has failed to obtain counsel, being fully advised of the consequences of failing to do so, the Court respectfully recommends that the District Court impose an appropriate sanction and strike Rosso Uptown's Amended Answer. *See Colonial Sur. Co.*, 2023 WL 7338784, at \*3 n.3; *Arch Ins. Co.*, 2021 WL 966110, at \*3-4; *Bratta*, 2009 WL 10708936, at \*2.[3]

### B.    Motion for a Default Judgment Against Rosso Uptown

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011).  Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a).  Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *Id.* at 55(b).  Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true.  *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

Here, although a default judgment may eventually be appropriate, the Clerk of the Court has not yet entered a Certificate of Default as required pursuant to Fed R. Civ. P. 55(a), nor has Plaintiff requested entry of a Certificate of Default from the

---

[3] Insofar as both Tizzano and Gammella submitted letters in response to Plaintiffs' instant motion, *see* DEs [94], [95], [96], those letters do not affect the Court's recommendation, as the relief Plaintiffs seek is only against Rosso Uptown.  *See* DE [92].

Clerk of the Court.[4]  As the entry of a Certificate of Default is a prerequisite to obtaining a default judgment, the Court respectfully recommends that this portion of Plaintiffs' motion be denied without prejudice and with leave to renew upon entry of a Certificate of Default.  *See Freedom Mortgage Corp. v. Monteleone*, No. 19-CV-1410, 2023 WL 4397222, at \*2 (E.D.N.Y. June 16, 2023) (denying motion for default judgment where the Clerk of the Court did not enter a Certificate of Default); *Charber Consultants, LLC v. G.O.A.T.S. Prods., LLC*, No. 22-CV-6045, 2023 WL 3848335, at \*1 (S.D.N.Y. Apr. 6, 2023) (denying motion for default judgment without prejudice where the plaintiff had not obtained a Clerk's Certificate of Default); *Grazette v. Rockefeller*, No. 20-CV-965, 2022 WL 252631, at \*2 (S.D.N.Y. Jan. 26, 2022) (denying the plaintiff's motion for default judgment where the plaintiff failed to obtain a Certificate of Default from the Clerk of the Court); *Kantor*, 2020 WL 7123319, at \*1 (striking the corporate defendant's answer and requiring that the plaintiff obtain a certificate of default before moving for a default judgment); *Bastien v. Samuels*, No. 14-CV-1561, 2014 WL 5306016, at \*6 (E.D.N.Y. Oct. 15, 2014) ("The Court denies plaintiff's motion for a default judgment because plaintiff has not obtained an entry of default.").

---

[4] The Court is cognizant of the May 16, 2022 and August 8, 2024 Electronic Orders instructing Plaintiffs to move for default as against Rosso Uptown.  The first step of this process, however, requires that a Certificate of Default be entered pursuant to Fed. R. Civ. P. 55(a) prior to filing the motion.

Therefore, the Court respectfully recommends that Plaintiffs' motion for a default judgment be denied without prejudice and with leave to renew upon the Clerk of the Court entering a Certificate of Default in compliance with Fed. R. Civ. P. 55(a).

## III.    CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiffs' motion to strike the Amended Answer as to Rosso Uptown be granted and that Plaintiffs' motion for a default judgment be denied without prejudice and with leave to renew upon entry of a Certificate of Default pursuant to Fed. R. Civ. P. 55(a).

## IV.    OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiffs by electronic filing on the date below.  Plaintiffs are directed to serve a copy of it on all Defendants via first-class mail and promptly file proof of service by ECF.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:        Central Islip, New York
              November 19, 2024

                                        /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge

9