

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

December 03, 2024

**VIA ECF**

Hon. Natasha C. Merle, USDJ
United States District Court, Eastern District of New York
225 Cadman Plaza East Courtroom 2F North
Brooklyn, NY 11210

      Re:    *Hernandez, et ano v Rosso Uptown Ltd, et al,* Case No. 20-cv-04026-NCM-SIL

Dear Judge Merle:

I represent the Plaintiffs in the above referenced action. Plaintiffs respectfully submit this letter pursuant to the Court's November 27, 2024 order concerning whether Plaintiffs have standing to bring claims under NYLL 195(1) and NYLL 195(3). For the reasons stated herein, the Plaintiffs' respectfully request leave to present evidence as to the specific harm caused by the violations of the foregoing statutes and to amend the complaint to conform to the evidence presented at trial.

In *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308 (2d Cir. 2024), the Second Circuit clarified that a plaintiff who is able to "show some causal connection between the lack of accurate notices and the downstream harm" has standing to bring claims for violations of NYLL 195(1) and NYLL 195(3). "A plaintiff-employee *may* have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion." *Guthrie*, 113 F.4th at 309. At the pleading stage, "the plaintiff-employee must support a plausible theory as to *how* he was injured by [the] defendants' failure to provide the required documents." *Guthrie*, 113 F.4th at 309.

Post-Guthrie, courts within the Second Circuit have identified the types of downstream consequences that, if properly alleged, establish Article III standing. *Rosas v. M & M La. Solucion Flat Fixed Inc.*, No. 23-CV-1212 (DG)(MMH), 2024 U.S. Dist. LEXIS 163906, 2024 WL 4131905, at *12 (E.D.N.Y. Sept. 10, 2024) (plaintiffs sufficiently established Article III standing where they "aver[ed] that Defendants' alleged failure to provide wage notices and statements caused [them] to endure uncertainty regarding [their] wages and prevented [them] from taking action to correct Defendants' wage and hour violations"); *Reyes v. Crystal Window & Door Sys.*, No. 23-CV-2578 (RPK) (JRC), 2024 U.S. Dist. LEXIS 158005, 2024 WL 4028308, at *4 (E.D.N.Y. Sept. 3, 2024) (plaintiffs adequately pleaded concrete injuries where they "allege[d] that defendant's failure to provide the notices resulted in Plaintiffs working for years without knowledge of their correct pay frequency and overtime rate"); *Freeland v. Findlay's Tall Timbers Distrib. Ctr., L.L.C.*, No. Case #22-CV-6415-FPG, 2024 U.S. Dist. LEXIS 199220, at *4-5 (W.D.N.Y. Nov. 1, 2024) (plaintiff properly alleged standing where he claimed that Defendant's failure to provide him with accurate wage statements "misinformed [him] about the correct

Hon. Natasha C. Merle, USDJ
Re: *Hernandez, et ano v Rosso Uptown Ltd, et al*,
   Case No. 20-cv-04026-NCM-SIL
Page 2

MOSER LAW FIRM, PC

overtime rate he was entitled to receive" and prevented him from "accurately determin[ing] what amounts he was being underpaid by," which "allowed [] Defendant to continue their unlawful pay scheme."); *Herrera v. Comme Des Garçons, Ltd.*, 2024 U.S. Dist. LEXIS 186715, at *11 (S.D.N.Y. Sep. 11, 2024)(plaintiffs' allegation that "Defendants' omission of the regular and overtime rates of pay from their wage notices and wage statements 'denied [them] the ability to identify their wage deficiencies earlier, preventing efforts to correct the deficiency of being wrongfully deprived of overtime pay, and resulting in Plaintiffs being deprived of thousands of hours of overtime pay over a course of years'" was sufficient to establish Article III standing.

> Indeed, Guthrie itself approvingly noted three cases with identical reasoning. Guthrie explained that in a "number of cases, district courts have concluded that plaintiffs adequately alleged that the lack of accurate notices caused a downstream harm." *Guthrie*, 113 F.4th at 311. Guthrie cited *Kaur v. Natasha Access. Ltd.*, No. 23-CV-6948 (JPO), 2024 U.S. Dist. LEXIS 127326, 2024 WL 3429129 (S.D.N.Y. July 16, 2024); *Santamaria v. Vee Techs., Inc.*, No. 22-cv-4472 (AS), 2024 U.S. Dist. LEXIS 51588, 2024 WL 1216579 (S.D.N.Y. Mar. 21, 2024), *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19 Civ. 10104 (ER) (KHP), 2023 U.S. Dist. LEXIS 54340, 2023 WL 2674743 (S.D.N.Y. Mar. 29, 2023).
>
> In Kaur the Plaintiff plausibly alleged that "her wage statements showed fewer hours than what she actually worked, which prevented her from determining and seeking payment for the precise amount of her unpaid wages." The Court held that this "financial harm is a tangible downstream consequence of the failure to receive required [*33] information." *Kaur*, 2024 U.S. Dist. LEXIS 127326.
>
> In Santamaria, the Plaintiff claimed that she "suffered an injury because she was misclassified and therefore underpaid...she...didn't know she was supposed to be paid overtime, and so she lost out on the ability to advocate for it." *Santamaria*, 2024 U.S. Dist. LEXIS 51588. The Court found Article III standing.
>
> In Metcalf, the Plaintiffs "received inaccurate wage notices...which thereby prevented them from knowing whether, and to what extent, they had been underpaid." *Metcalf*, 2023 U.S. Dist. LEXIS 54340. Plaintiff also established standing.

*Charles v. Pinnacle Too, L.L.C.*, No. 22-cv-4232 (DEH) (JW), 2024 U.S. Dist. LEXIS 188084, at *32-33 (S.D.N.Y. Oct. 11, 2024)

Plaintiffs will be able to show that there were sufficient downstream consequences of the failure to furnish wage notices and wage statements to give rise to standing under Article III.  More specifically, plaintiffs will show that

> *Neither Mr. Hernandez nor Mr. Lievano ever received a hiring notice as required by NYLL 195(1) and 12 NYCRR 146-2.2.  Nor were they furnished with an accurate*

Hon. Natasha C. Merle, USDJ  
Re: *Hernandez, et ano v Rosso Uptown Ltd, et al,*  
   Case No. 20-cv-04026-NCM-SIL  
Page 3

MOSER LAW FIRM, PC

> *statement showing their hourly rates of pay as required by NYLL 195(3). They were not paid proper minimum wages or overtime wages. Had the notices and statements been furnished, both Mr. Hernandez and Mr. Lievano would have been informed of their actual regular rates and the overtime rates to which they were entitled, and what they were paid. The failure to furnish these notices, combined with the payment of cash wages prevented Plaintiffs from determining their actual regular rate and overtime rates and from identifying the wage violations sooner. The failure to provide wage notices and statements caused them to endure uncertainty regarding their wages and the identities of their employer(s), and prevented them from taking action to correct Defendants' wage and hour violations.*

Here, the complaint was filed in 2020, two years before Judge Chen, in *Sevilla v. House of Salads One LLC,* No. 20-cv-6072, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022) and two other cases decided on consecutive days, held that federal courts lack jurisdiction to hear WTPA wage statement and notice claims. As the sufficiency of the pleading was never challenged by the Defendants, the complaint was not amended. Under these circumstances, it is appropriate to permit plaintiffs to present evidence of downstream harm at trial and to amend the pleadings to conform to that evidence. *See Yunjian Lin v. Grand Sichuan 74 St. Inc.*, No. 15-CV-2950 (JGLC), 2024 U.S. Dist. LEXIS 204667, at *1-2 (S.D.N.Y. Nov. 11, 2024)(addressing a pre-*Sevilla* complaint and holding that "[t]o the extent Plaintiffs have not expressly alleged…harm, the Court permits Plaintiffs to present evidence of downstream harm at trial and "to amend the pleadings to confirm them to [that] evidence.").

                                                      Respectfully submitted,

                                                      *Steven J. Moser*

                                                      Steven J. Moser

CC:    Pro-Se Defendants (Via Email)