Massimo Gammella
141-42 72nd Rd
Flushing NY 11367

**FILED**
**Dec 3, 2024, 9:37 AM**
**in the Clerk's Office**
**U.S. District Court,**
**EDNY, Brooklyn**
**Pro Se Office**
**via Box.com**

December 04, 2024

Hon. Natasha C. Merle, USDJ
United States District Court, Easter District of new York
225 Cadman Plaza East Courtroom 2F North
Brooklyn, NY 11210

Ref: Hernandez, et ano V. Rosso Uptown Ltd, et al, Case No. 20-cv-04026-NCM-SIL

Dear Judge Merle,
Hope this letter finds you well,

I am Massimo Gammella, pro se defendant in the above captioned case and respectfully submit this letter in response to the Plaintiff's recent submission. December 03, 2024 Defendant dispute the Plaintiffs' claims and provide the following clarifications:

1. **Compliance with wage notice requirements**

   Defendant has consistently complied with wage notice obligations under the NYLL 195.
   Wage notices were provided to all employees at the hire date, even when some employees refused to sign. In such cases, the notices were annotated as "refused to sign" in compliance with legal standards.
   Additionally, wage notices are not legally required to be reissued annually unless there is a change in pay. **NYLL 195 (1).**

2. **Accurate wage payments.**

   Plaintiffs were compensated in accordance with minimum wage laws, and their hours worked were accurately recorded. The plaintiffs have suffered no harm or prejudice as a result of defendant's alleged failures, as evidenced by the absence of unpaid wages or demonstrable injury.

3. **Lack of evidence of harm.**

The plaintiffs' claims seem inflated and exaggerated, aiming to secure financial gain without demonstrating actual harm. As the second Circuit has held in Spokeo, Inc. v. Robins, 578 U.S. 330 (2016), a plaintiff must show concrete and particularized harm to have standing, which the Plaintiffs here fail to establish.

Furthermore, Courts have recognized that logistical challenges (records left behind due to eviction) do not inherently result in liability, provided that employees were paid and informed per statutory requirements.

4. **Request to reserve judgment for the jury**

A trial is imminent, where all evidence will be presented and assessed by a jury. As such, Defendant respectfully requests that the Court deny Plaintiffs' request for a ruling a this stage, as factual disputes remain that are appropriate for jury determination (Anderson v. Liberty lobby, Inc, 477 U.S. 242, 248 (1986).

In light of the upcoming trial, Defendant urges the Court to refrain from making determinations that preempt the jury's role. Plaintiffs' claims lack substantiation and rely on speculation rather than evidence, as will de demonstrated at trial.

Respectfully submitted,

Massimo Gammella