# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

January 27, 2025

*Via Electronic Filing*
The Hon. Judge Natasha C. Merle, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re*:    *Hernandez et al v. Rosso Uptown, Ltd. et al*
Case No.: 2:20-cv-04026-NCM-SIL

Dear Honorable Judge Merle:

This law firm represents Defendants Rosso Uptown, Ltd. (the "Corporate Defendant"), Michael Tizzano and Massimo Gammella (together, the "Individual Defendants", and collectively, the "Defendants") in the above-referenced matter.

Pursuant to Your Honor's Individual Motion Practice Rules, and the directives contained in Your Honor's January 27, 2025 Order, this letter respectfully serves as a request for an extension of time to complete depositions from January 29, 2025 [*see* Dckt. No. 100] to February 28, 2025.

If granted, the instant request would also necessitate an adjournment of the Individual Defendants' depositions from January 27, 2025, to mutually agreeable dates and times, on or before February 28, 2025.

This is Defendants' counsel's first[1] request of its kind. Counsel for Plaintiffs Santos Hernandez, Emanuel De Jesus Lievano and Miguel Antonio Vasquez (collectively, the "Plaintiffs") had made two (2) prior requests [*see* 11/19/2024 Minute Entry, Dckt. No. 99], which the Court subsequently granted.

The instant letter further respectfully serves to request the scheduling of an in-person settlement conference, at a date and time set by the court, on or before March 14, 2025. This is the first request for the scheduling of a settlement conference.

The undersigned met-and-conferred with Plaintiffs' counsel on January 24, 2025 at approximately 4:07 p.m. regarding the instant application. Plaintiffs' counsel did not consent to the instant requests, on the purported basis that neither request would benefit his clients.

As set forth more fully below, Defendants can establish "good cause" pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 6(b)(1)(A), for an extension of time to complete depositions in this action.

## I.    Legal Standard

"The [Federal Rules of Civil Procedure] authorize extensions of time within which acts may be done on a showing of good cause where, as here, the extension is sought in advance of the deadline." *ICBC (London) PLC v. Blacksands Pac. Grp., Inc*., 2016 WL 7378778, at *3 (S.D.N.Y.

---

[1] Defendants' filed an identical request on January 24, 2025 [Dckt. No. 112], which was subsequently denied without prejudice, and with leave to renew. [*See* 1/27/2025 Order].

2016); *see also* Fed.R.Civ.P. 6(b)(1)(A).[2] "Good cause under Rule 6(b)(1) has been described by the [Second] Circuit as a 'non-rigorous standard.'" *Doe v. Warren & Baram Mgt. LLC*, 2024 WL 1242322, at *2 (S.D.N.Y. 2024) (citing *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021)). "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id*.

## II.    Legal Analysis

### A. Defendants Have Demonstrated "Good Cause" for an Extension of the Deposition Completion Deadline

The initial basis of this request is that the undersigned law firm has only recently been retained. [*See* Dckt. Nos. 110, 111]. Additional time is needed for the undersigned to obtain a copy of the parties' case files, including any discovery requests and responses propounded, in order to complete the undersigned's investigation of Plaintiffs' claims, and prepare for any depositions.

A second, independent basis, also necessitates the instant request. The undersigned law firm has conflicting, unavoidable, obligations on Monday, January 27, 2025, including a previously-scheduled deposition.

A third, independent basis, also necessitates the instant request. Defendants wish to exhaust alternative dispute resolution mechanisms, before the incurrence of additional attorneys' fees and costs, in conducting depositions. [*See* § II(B), *infra*].

### B. The Parties Have Never Benefitted from Alternative Dispute Resolution, Thus, the Scheduling of an In-Person Settlement Conference is Critical

Defendants respectfully request the scheduling of a settlement conference, to avoid the incurrence of attorneys' fees and costs with respect to the upcoming depositions.

This case has never benefited from a referral to any alternative dispute resolution. While Defendants are prepared to promptly proceed with the scheduling of their depositions, the scheduling of an in-person settlement conference, prior to the completion of all parties' depositions, is critical, if the parties are to accomplish a settlement.

This factor further constitutes "good cause" for an extension of the fact discovery completion deadline.

## III.    Conclusion

---

[2] Federal Rule of Civil Procedure ("Fed.R.Civ.P.") provides:

"When an act may or must be done within a specified time, the court may, for good cause, extend the time:

    (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"

In light of the foregoing, it is respectfully submitted that Defendants have demonstrated "good cause" for an extension of the deposition completion deadline to, through and including, February 28, 2025, and for the scheduling of an in-person settlement conference.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
    Jason Mizrahi, Esq.
    60 East 42nd Street, Suite 4700
    New York, New York 10165
    Tel. No.:  (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Defendants*