UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SANTOS HERNANDEZ,
EMANUEL DE JESUS LIEVANO,
MIGUEL ANTONIO VASQUEZ,

        *Plaintiffs*,

– against –

ROSSO UPTOWN, LTD.,
MICHAEL TIZZANO,
MASSIMO GAMMELLA,

        *Defendants*.

**MEMORANDUM & ORDER**
20-cv-04026 (NCM)(SIL)

---

**NATASHA C. MERLE**, United States District Judge:

    The Court has received the Report and Recommendation ("R&R") on plaintiffs' motion for default judgment as to defendant Rosso Uptown, Ltd. ("Rosso Uptown") and to strike Rosso Uptown's amended answer for failure to retain counsel, from the Honorable Steven I. Locke. R&R, ECF No. 97. The *pro se* individual defendant Michael Tizzano submitted an objection to the R&R ("Tizzano Objection"). Tizzano Obj., ECF No. 108. *Pro se* individual defendant Massimo Gammella also filed an objection to the R&R ("Gammella Objection"), *see* ECF No. 105, as well as materials requesting a stay of the Court's decision on the instant R&R to allow him additional time to secure legal representation for Rosso Uptown, *see* ECF No. 106, and a motion for reconsideration of this Court's denial of a stay, *see* ECF No. 109. Since then, Rosso Uptown has secured counsel, who filed notices of appearance on January 22, 2025. *See* ECF Nos. 110, 111. Rosso Uptown has not submitted an objection nor sought an opportunity to do so.

    For the reasons that follow, the R&R is adopted in part and respectfully modified in part.

1

## BACKGROUND

Plaintiffs brought this action by a complaint dated August 28, 2020. Compl., ECF No. 1. The complaint alleges wage and hour violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against defendants Rosso Uptown, Michael Tizzano, and Massimo Gammella. Compl. ¶ 1, 7–16. On December 3, 2020, all defendants filed an amended answer through counsel. Amended Answer ("Am. Answer"), ECF No. 13. On March 18, 2021, counsel for defendants filed a motion to withdraw, citing defendants' financial hardship and inability to pay legal fees. ECF No. 17. The Court granted the motion to withdraw on March 25, 2021, and granted a stay of 45 days to allow defendants to retain alternate counsel. *See* ECF Order dated Mar. 25, 2021. The docket in this case after March 2021 is rife with delinquencies from both parties, including repeated failures to appear for scheduled Court conferences. *See* ECF Nos. 19, 24, 25, 26, 28, 34, 39, 66.

On August 8, 2024, the undersigned reminded defendants that corporate defendant Rosso Uptown cannot proceed unrepresented. *See* ECF Order dated Aug. 8, 2024. Plaintiffs subsequently moved for an order striking defendant Rosso Uptown's amended answer to the complaint and for default judgment against Rosso Uptown. Pls. Mot., ECF No. 92. On August 20, 2024, the undersigned referred the motion to Magistrate Judge Steven I. Locke for an R&R. *See* Referral Order, ECF Order dated Aug. 20, 2024. Magistrate Judge Locke issued his R&R on November 19, 2024, recommending that the undersigned grant the motion to strike Rosso Uptown's amended answer and deny the motion for default judgment. *See* R&R. The individual defendants have filed objections to the R&R purportedly on behalf of Rosso Uptown. *See* Gammella Obj., ECF No. 105;

2

Tizzano Obj., ECF No. 108. Since the magistrate judge issued the R&R, Rosso Uptown secured counsel. *See* ECF Nos. 110, 111.

## LEGAL STANDARD

Reports and recommendations issued by magistrate judges on dispositive matters, which are properly objected to, are subjected to *de novo* review pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b)(3).[1] Motions that request striking a pleading or that the Court enter default judgment are considered case-dispositive, *see Irish v. Tropical Emerald LLC*, No. 18-cv-00082, 2022 WL 2716182, at *5 (E.D.N.Y. July 13, 2022), and thus a report and recommendation on those motions are subject to *de novo* review upon an adequate objection.

"[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection" pursuant to Rule 72(b). *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022); *see also New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate [judge]'s recommendations."). Nor will a court consider any arguments not previously raised, but which could have been raised, before the magistrate judge. *Carpenters*, 335 F. Supp. 3d at 351. A district court reviews "[p]ortions of a report and recommendation that are not properly objected to" for any "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024); *see also Sosa v. New*

---

[1] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*York City Dep't of Educ.*, 368 F. Supp. 3d 489, 497 (E.D.N.Y. 2019) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error."). After its review, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

### I. The Court reviews Magistrate Judge Locke's R&R for clear error.

Plaintiffs did not file an objection to the magistrate judge's recommendation, including denial of their motion for default judgment against Rosso Uptown. Mr. Gammella and Mr. Tizzano filed untimely objections purportedly on behalf on Rosso Uptown, as to the magistrate judge's recommendation in its entirety. *See* Gammella Obj., ECF No. 105; Tizzano Obj., ECF No. 108. However, because these objections were filed by individual defendants, who cannot represent Rosso Uptown in court, their objections do not warrant *de novo* review of the R&R. *See S & S Mach. Corp. v. Wuhan Heavy Duty Mach. Tool Grp. Co.*, No. 07-cv-04909, 2012 WL 958527, at *3 (E.D.N.Y. Mar. 21, 2012) (declining to consider objections to a report and recommendation filed by an individual on behalf of an unrepresented corporate defendant and "treat[ing] the R&R as not objected to"); *see also Batac Dev. Corp. v. B&R Consultants, Inc.*, No. 98-cv-00721, 2000 WL 307400, at *2 (S.D.N.Y. Mar. 23, 2000) ("[B]ecause [plaintiff corporation's] motion was made not by counsel but by a layperson who cannot legally represent the plaintiff, I must disregard it as a nullity."); *United Welfare Fund v. Amed, Inc.*, No. 13-cv-00025, 2013 WL 1120831, at *1 (E.D.N.Y. Mar. 18, 2013) ("Where . . . a motion is made by a non-attorney on behalf of a corporate defendant who is not represented by counsel, the Court may not consider that motion.").

4

Therefore, the Court reviews Magistrate Judge Locke's R&R for clear error.

## II. Plaintiffs' motion for default judgment is denied without prejudice.

To secure a default judgment, the party seeking the judgment must first obtain a certificate of default from the Clerk of Court, after which the party may apply for entry of a default judgment. Fed. R. Civ. P. 55(a)–(b). Magistrate Judge Locke correctly noted that a certificate of default has not been entered as to defendant Rosso Uptown. R&R 7–8. Accordingly, Magistrate Judge Locke recommended that plaintiffs' motion for default judgment be denied without prejudice and with leave to renew upon entry of a certificate of default. R&R 9.

Plaintiffs did not file an objection to the magistrate judge's R&R. However, Mr. Gammella filed an objection to Magistrate Judge Locke's recommendation that the motion for default judgment be denied without prejudice and requested that the motion be denied *with* prejudice. Gammella Obj. 2. As discussed above, Mr. Gammella's objection to Magistrate Judge Locke's R&R is a legal nullity. *See Batac*, 2000 WL 307400, at *2. Nevertheless, the Court acknowledges Mr. Gammella's frustration that plaintiffs have repeatedly failed to appear for Court conferences and adhere to Court orders and deadlines. Gammella Obj. 1–2. However, those failures are not limited to plaintiffs. *See* R&R at 4. The individual defendants have also repeatedly failed to appear for Court conferences and adhere to Court orders, and as relevant here, defendant Rosso Uptown was unrepresented for over three years. Accordingly, Magistrate Judge Locke's recommendation that plaintiffs' motion for default judgment be denied without prejudice is not clearly erroneous, and plaintiffs' motion for default judgment as against defendant Rosso Uptown is DENIED without prejudice.

5

### III. The Court declines to strike defendant Rosso Uptown's amended answer.

Magistrate Judge Locke's R&R recommended striking Rosso Uptown's amended answer because Rosso Uptown, at the time of the issuance of the R&R, remained unrepresented despite instructions from the Court to retain counsel and despite being advised of the consequences for failing to do so. *See* R&R 6–7. Magistrate Judge Locke committed no clear error in recommending that defendant Rosso Uptown's amended answer be stricken. However, Rosso Uptown has, at long last, retained counsel. Considering that striking pleadings is "a harsh remedy to be used only in extreme situations," *see Agiwal v. Mid Island Mort. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009), and the change in circumstances following the issuance of Magistrate Judge Locke's R&R, the Court respectfully declines to strike Rosso Uptown's answer.

Though Rosso Uptown has come into compliance with the Court's order, the Court could still impose this sanction to strike its answer. However, the Court finds that striking Rosso Uptown's amended answer would not serve the purpose of a Rule 37 sanction. *See S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (describing the purposes of disciplinary sanctions pursuant to Rule 37 as threefold: first, to ensure a party does not benefit from its own failure to comply, second, to seek to obtain compliance with a particular order, and third, to serve a general deterrent effect on both the case at hand and on other litigation) (citing *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)). Rosso Uptown has not benefited from its failure to proceed without counsel. Indeed, discovery is now closed, the deadline for dispositive motion practice has passed and Rosso Uptown is facing a trial set to begin in two months. And as stated above, following the issuance of Judge Locke's R&R, Rosso Uptown finally complied with the

6

Court's directives to secure counsel to defend itself in this action. Also, while imposition of a sanction could serve a general deterrent effect, the Court finds that the drastic effect that striking Rosso Uptown's answer would have on this action is unwarranted at this juncture.

Considering the change in circumstance following the issuance of Judge Locke's R&R, the Court respectfully modifies the portion of the R&R that recommends striking Rosso Uptown's answer. Accordingly, plaintiffs' motion to strike defendant Rosso Uptown's amended answer is DENIED without prejudice to renewal should defendant Rosso Uptown become unrepresented in the future. The Court is mindful of the fact that Rosso Uptown failed to retain counsel for over three years. Accordingly, should Rosso Uptown yet again become unrepresented, and fail to abide by Court imposed deadlines for the retention of new counsel, the Court will not hesitate to impose sanctions in the future.

## CONCLUSION

Having reviewed Magistrate Judge Locke's R&R, I find no clear error. Accordingly, I adopt the recommendation insofar as it recommends that plaintiffs' motion for default judgment be DENIED, and modify the recommendation in part so that plaintiffs' motion to strike Rosso Uptown's amended answer is DENIED without prejudice.

**SO ORDERED.**

                                                                                                                 /s/ Natasha C. Merle
                                                                                                             NATASHA C. MERLE
                                                                                                             United States District Judge

Dated:         February 5, 2025
                Brooklyn, New York