UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SANTOS HERNANDEZ AND EMANUEL DE JESUS LIEVANO,<br><br>                                        Plaintiffs,<br><br>                    -against-<br><br>ROSSO UPTOWN, LTD., MICHELE TIZZANO S/H/A MICHAEL TIZZANO AND MASSIMO GAMMELLA,<br><br>                                        Defendants. | Case No. 20-cv-04026 (NCM)(SIL) |

## PLAINTIFFS' PROPOSED JURY CHARGES

The Plaintiffs Santos Hernandez and Emanuel DeJesus Lievano, by and through their undersigned counsel, present the following proposed jury charges. Annexed hereto as Exhibit 1 are proposed verdict sheets for the Plaintiffs Santos Hernandez and Manuel DeJesus Lievano. The Plaintiffs reserve their rights to modify, amend or supplement their proposed jury charges in accordance with the evidence presented at trial and the rules of the Court.

Dated: Huntington, New York
        March 19, 2025

                              Respectfully submitted,
                              MOSER LAW FIRM, P.C.


                              _____
                              Steven John Moser, Esq. (SM1133)
                              5 East Main Street
                              Huntington, NY 11743
                              (516) 671-1150
                              steven.moser@moserlawfirm.com
                              *Attorneys for Plaintiff*

1

TABLE OF PROPOSED JURY CHARGES

REQUEST NO. 1:   PRELIMINARY INSTRUCTIONS BEFORE TRIAL - DUTY OF JURORS ............................................................................................ 3

REQUEST NO. 2:   PRELIMINARY INSTRUCTIONS BEFORE TRIAL - THE ORDER OF THE CASE .................................................................................. 5

REQUEST NO. 3:   BEFORE AND AFTER TRIAL EVIDENCE IN THE CASE ................... 6

REQUEST NO. 4:   PRELIMINARY INSTRUCTIONS AFTER TRIAL - DUTIES OF JURORS ............................................................................................ 7

REQUEST NO. 5:   PREPONDERANCE OF THE EVIDENCE ............................................ 8

REQUEST NO. 6:   DIRECT AND CIRCUMSTANTIAL EVIDENCE .................................. 9

REQUEST NO. 7:   EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS ....... 10

REQUEST NO. 8:   IMPEACHMENT - INCONSISTENT STATEMENTS OR CONDUCT . 11

REQUEST NO. 9:   ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED ............. 12

REQUEST NO. 10: ISSUES - IN GENERAL ......................................................................... 13

REQUEST NO. 11: ELEMENTS OF PLAINTIFFS' OVERTIME CLAIMS ......................... 14

REQUEST NO. 12: ELEMENTS OF PLAINTIFFS' SPREAD OF HOURS CLAIM ............ 15

REQUEST NO. 13: WHETHER MICHELE TIZZANO EMPLOYED THE PLAINTIFFS ... 16

REQUEST NO. 14: FLSA record-keeping requirments and burden shifting ........................... 17

REQUEST NO. 15: NYLL RECORDKEEPING REQUIREMENTS AND BURDEN SHIFTING ...................................................................................... 18

REQUEST NO. 16: DETERMINING HOURS WORKED ...................................................... 19

REQUEST NO. 17: GENERAL PRINCIPLES ........................................................................ 20

REQUEST NO. 18: LIABILITY AND DAMAGES ................................................................ 21

REQUEST NO. 19: COURT HAS NO OPINION .................................................................... 22

REQUEST NO. 20: QUESTIONS FROM JURY .................................................................... 23

REQUEST NO. 21: UNANIMOUS VERDICT ....................................................................... 24

**REQUEST NO. 1:    PRELIMINARY INSTRUCTIONS BEFORE TRIAL - DUTY OF JURORS**

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have to better understand what will be presented before you and how you should conduct yourself during trial.

The party who brings a lawsuit is called the plaintiff. In this action, the Plaintiffs are Santos Hernandez and Manuel De Jesus Lievano.

The party against whom the suit is brought is called the defendant. In this action, the Defendants are Rosso Uptown, Ltd., Massimo Gammella and Michele Tizzano.

Plaintiffs have brought claims against Defendants upon which you will be asked to return a verdict. After all the evidence is presented during trial, you will be given specific instructions on the law relating to Plaintiffs' claims that you must apply to the facts as you determine them.

By your verdict, you will decide disputed issues of fact. The Court will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, the Court will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that the Court will instruct you at the end of the trial concerning the manner in which you should determine the credibility or lack of credibility of each witness and the weight to be given to their testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers and my instructions to you on the applicable law. While the trial is in process, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, the Court may be called upon to make rulings of law on objections or motions made by the parties. It is the duty of the attorney, on each side of a case, to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. If the Court sustains an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing about questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

[O'Malley, Greenig & Lee, Federal Jury Practice and Instructions, §101.01 (5th ed.

2000).]

**REQUEST NO. 2:**    **PRELIMINARY INSTRUCTIONS BEFORE TRIAL - THE ORDER OF THE CASE**

The case will proceed in the following order:

First, Plaintiffs will make an opening statement outlining their case. Immediately after Plaintiffs statement, Defendants will make an opening statement outlining their respective case. Neither party is required to make an opening statement. What is said in opening statements is not evidence, but is simply designed to provide you with an introduction as to the evidence that the parties intend to produce.

Second, Plaintiffs will introduce evidence in support of their claim. At the conclusion of Plaintiffs case, Defendants will introduce evidence. After Defendants introduce evidence, Plaintiffs may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inferences that they contend you should draw from the evidence. What is said in closing arguments, just as what is said in opening statements, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. Because Plaintiffs have the burden of proof, Plaintiffs have the right to make the first opening statement and the last closing argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

[Source: O'Malley, Greenig & Lee, Federal Jury Practice and Instructions, §101.01 (5th ed. 2000).]

**REQUEST NO. 3:    <u>BEFORE AND AFTER TRIAL EVIDENCE IN THE CASE</u>**

Statements and arguments of counsel are not evidence in the case. While the attorneys may present explanations for their clients, these statements and arguments are not evidence. The attorneys are not witnesses in this case. Evidence is introduced by witnesses, not by attorneys.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proven the fact or event that has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of which party may have called them; all exhibits received in evidence, regardless of who has produced them; all facts that may have been admitted or stipulated; and all facts and events that may have been judicially noticed.

[O'Malley, Greenig & Lee, Federal Jury Practice and Instructions, §101.01 (5th ed. 2000).]

**REQUEST NO. 4:     PRELIMINARY INSTRUCTIONS AFTER TRIAL - DUTIES OF JURORS**

MEMBERS OF THE JURY:

Now that the evidence is in and counsel have summed up their contentions, the time has come for us to perform our respective functions in the administration of justice in this case.

As I stated to you at the outset, it is my duty to instruct you as to the principles of law to be followed, and it is your duty to accept those instructions as they are given by the Court and apply them to the evidence in this case. In performing your function, you should not single out any one instruction as stating the law, but, rather, should consider these instructions as a whole.

The instructions to you will consist of three sections. First, I will give you some general instructions applicable in every case. Second, I will instruct you regarding the specific issues that will need to be decided by you in this case. Finally, I will give you some instructions regarding the conduct of your deliberations. A copy of these instructions will be available for you in the jury room to consult if you find it necessary.

DUTIES OF THE JURY

In defining the duties of the jury, let me first give you a few general rules:

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them to be from the evidence in the case.

The questions that you must decide will be submitted to you in the form of a special verdict consisting of specific questions for you to answer. You must answer these questions by applying the facts as you find them to be. I shall give to you the rules of the law that apply to these questions. You must apply them in arriving at your answers.

You are not to single out any one instruction alone as stating the law, but, instead, must consider the instructions as a whole. Nor are you to be concerned with the wisdom of any rule of law stated by me. You are obligated to follow the law.

Nothing I say in these instructions is to be taken as an indication that the Court has any opinion, one way or the other, about the facts of the case. It is not my function to determine the facts, but rather that is your function.

You must perform your duties as jurors without bias or prejudice as to any party. You must follow the law as I give it to you, whether you agree with it or not. The law does not permit you to be governed by sympathy, prejudice, or public opinion. You are to treat all parties equally. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

[O'Malley, Greenig & Lee, Federal Jury Practice and Instructions, §101.01 (5th ed. 2000).]

**REQUEST NO. 5:**    __PREPONDERANCE OF THE EVIDENCE__

In this case, the burden of proof is by "a preponderance of the evidence"the case is on the Plaintiffs. Plaintiffs must prove each and every essential element of their

To "establish by a preponderance of the evidence" means to prove that something is more likely than not. The phrase "preponderance of the evidence" refers to the quality of the weight and effect it has on your mind. It does not mean that the party with the greatest number of witnesses or the greatest length of time wins. You may conclude that a fact has been proven by a preponderance of the evidence if you find that the scales tip, however slightly, in favor of the party with the burden of proof as to that fact.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely than not." It applies in criminal cases, but not in this civil case; so, put it out of your mind.

[O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§171.60, 171.61 (5th ed. 2000); 4 Modern Federal Jury Instructions-Civil P. 73.01 (2019); *Nissho-Iwai Co. v. M/T Stolt Lion*, 719 F.2d 34, 38 (2d Cir. 1983); *Burka v. N.Y. City Transit Auth.*, 739 F. Supp. 814, 843 n.23 (S.D.N.Y. 1990); 8TH CIR. CIVIL JURY INSTR, § 3.04].

**REQUEST NO. 6:**    **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence: the proof of a chain of circumstances from which another fact may be inferred.

To illustrate what I mean by circumstantial evidence, let me give you an example. Assume that when you entered the courthouse this morning the sun was shining brightly outside and it was a clear day. In the courtroom, however, the shades are drawn, and you cannot see outside. As the trial progresses, people start entering the courtroom wearing raincoats and carrying dripping umbrellas. From these facts, you might reasonably infer that it has begun to rain, even though you cannot see out the window and do not know by direct observation or evidence that it is raining.

Having told you that the law recognizes both direct and circumstantial evidence, let me also instruct you that the law makes no distinction between the weight to be given to either direct or circumstantial evidence.

As I said before, which of the admitted evidence you will accept as authoritative is up to you. However, you may consider only what has been admitted as evidence in this trial things that the Court has ruled inadmissible may not be considered. And, of course, it is for you to interpret the

[4 L. Sand, et al, Modern Federal Jury Instructions, §74-2 (2001); 4 Modern Federal Jury Instructions-Civil P. 74-2 (2019).]

**REQUEST NO. 7:    EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding who to believe, you may consider a witness's intelligence; the opportunity the witness had to see or hear the things he testified about; the witnesses memory, knowledge, education and experience; any reasons that a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether the witness's testimony is reasonable, and whether the witness's testimony is consistent with other evidence.

[8TH CIR. CIVIL JURY INSTR, § 3.03 (modified).]

**REQUEST NO. 8:**    <u>**IMPEACHMENT - INCONSISTENT STATEMENTS OR CONDUCT**</u>

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with her or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

[O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §105.04 (5th ed. 2000)]

**REQUEST NO. 9:     ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce, as exhibits, all papers and things as evidence in the case.

[O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §105.04 (5th ed. 2000).]

**REQUEST NO. 10:  <u>ISSUES - IN GENERAL</u>**

This case arises under the federal Fair Labor Standards Act, which I will also refer to as the "FLSA", and the New York Labor Law. Both the FLSA and the New York Labor Law require the payment of "time and a half" for working more than 40 hours per week, and set other protections for workers. The purposes of these laws are to ensure that employees receive a fair day's pay for a fair day's work, and to protect law-abiding employers from unfair competition by employers who do not pay employees as required by law.

[*A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 89 L. Ed. 1095 (1945); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Solis v. Cindy's Total Care, Inc.*, 2011 U.S. Dist. LEXIS 138556, at *7 (S.D.N.Y. Dec. 2, 2011).]

**REQUEST NO. 11:   ELEMENTS OF PLAINTIFFS' OVERTIME CLAIMS**

The Plaintiffs have brought overtime claims against the Defendants under the FLSA and the New York Labor Law,. Generally, employers must pay employees 1½ times the regular rate for all hours worked in excess of forty hours per week.

In this case, the Plaintiffs claim that they did not receive any overtime compensation. Instead, they claim that they were paid a fixed salary which only covered the first 40 hours that they worked.

In order to prevail on this claim, the Plaintiffs must prove by the preponderance of the evidence that (1) the Defendants employed the Plaintiffs[1], and (2) the Defendants failed to pay the Plaintiffs time and a half for overtime hours worked.[2]

[29 U.S.C. § 207(a)(1); 29 U.S.C. § 203(s)(1)(A); *Feng v. Soy Sauce LLC*, No. 15-CV-3058 (ENV) (LB), 2017 U.S. Dist. LEXIS 211050, at *11 (E.D.N.Y. Dec. 11, 2017).]

---

[1] There appears to be no dispute that Massimo Gammella and Rosso Uptown, Ltd. employed the Plaintiffs. More specifically, Massimo Gammella testified that Santos Hernandez and Manuel De Jesus Lievano were employees of Rosso Uptown, Ltd. (M. Gammella Dep. 49-52). Plaintiffs worked for Massimo Gammella at Rosso Uptown, Ltd. (Gammella Dep. 8:5-8:14). Gammella had the power to hire and fire the Plaintiffs. (Gammella Dep. 48:2-48:5). Together with another manager he controlled the Plaintiffs' work schedules. (Gammella Dep. 48:6-48:15). He maintained their payroll records. (Gammella Dep. 48:16-48:22). He determined the rate of pay. (Gammella Dep. 48:23-48:24). He owned Rosso Uptown. (Gammella Dep. 48:25-49:3). Therefore, to the extent that this issue is not resolved by stipulation Plaintiffs intend on moving for a directed verdict with regard to Massimo Gammella's and Rosso Uptown's status as employers.

[2] Plaintiffs intend on moving for a directed verdict with regard to the applicability of the FLSA, as Rosso Uptown, Ltd. operated a restaurant and therefore was an enterprise engaged in commerce, and tax returns produced by Rosso Uptown confirm that it had annual gross sales of at least $500,000.00 during the FLSA statute of limitations.

**REQUEST NO. 12:   ELEMENTS OF PLAINTIFFS' SPREAD OF HOURS CLAIM**

The Plaintiffs have brought a claim for "spread of hours pay" under the New York Labor Law. The spread of hours is the time between the beginning and end of an employee's workday, and includes meal periods and time off. For example, an employee who works from 7AM to 7PM, but rests from 12 PM-3 PM, has a "spread of hours of 12.

On each day on which a restaurant employee works a spread of hours of more than 120, he receive one additional hour of pay at the basic minimum hourly rate.

In order to prevail on this spread of hours claim, the Plaintiffs must prove by a preponderance of the evidence that they worked a "spread of hours" in excess of and were not paid spread of hours pay.[3]

---

[3] There appears to be no dispute that Rosso Uptown, Ltd. was a restaurant and therefore the Plaintiffs are protected by the hospitality industry wage order. Gammella Dep. 21; Tizzano Dep. 8:11-13.

**REQUEST NO. 13:  <u>WHETHER MICHELE TIZZANO EMPLOYED THE PLAINTIFFS</u>**

Under both the FLSA and the New York Labor Law, an individual can be held personally liable for the wage violations of a business. The FLSA and the New York Labor Law do not require an individual to be "personally complicit" in wage violations in order to be personally liable. In fact, unless individuals with true control over a business are held personally liable, they will have no financial incentive to comply with the law.

In determining whether Michele Tizzano employed the Plaintiffs you may consider the following:

First, whether an individual is personally liable under the FLSA and New York Labor Law is to be decided under the "totality of the circuimstances." Some facts that you may consider are whether Michele Tizzano (1) interviewed perspective employees, (2) hired the Plaintiffs; (3) had the authority to hire and fire employees, (4) supervised employees, (5) told employees how to perform their work, (6) managed Rosso Uptown and (7) owned Rosso Uptown.

Second, these are not the only factors which you may consider and, and you may also consider any other factors that are relevant to whether Michele Tizzano employed the Plaintiffs as a matter of "economic reality."

Third, in order to find that Michele Tizzano employed the Plaintiffs, you do not have to find that Michele Tizzno paid the Plaintiffs.

Fourth, under the applicable laws, employment has a very broad meaning and two or more persons or companies can employ a single employee at the same time. As such, if Plaintiff was controlled by Michele Tizzano and Massimo Gammella and Rosso Uptown, Ltd. then you may find that all three employed Plaintiffs for the purposes of this case.

*Irizarry v. Catsimatidis*, 722 F.3d 99, 101 (2d Cir. 2013); *Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003); *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 135 (2d Cir. 2008) .

**REQUEST NO. 14:   FLSA RECORD-KEEPING REQUIRMENTS AND BURDEN SHIFTING**

Under the FLSA, an employer must keep accurate records of (1) the time and day of week when employee's workweek begins, (2) hours worked each day and total hours worked each workweek, (3) the employee's regular hourly rate of pay, (4) total weekly straight-time earnings, (5) total overtime earnings for the workweek, (6) all additions to or deductions from the employee's wages, (7) total wages paid each pay period, and (8) date of payment of wages and the pay period covered by the payment.

If you find that the Defendants failed to make and preserve these records, then Plaintiffs have a "minimal" burden. You can rely on the Plaintiffs' recollection of the apporoximate numbe of hours worked and wages paid in determining liability and damages. Then the burden shifts to the Defendants to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of Plaintiffs' estimates. In meeting its burden of proof as to Plaintiffs' precise hours and wages, Defendants must produce documentary evidence or records - testimony of witnesses is not enough. If Defendants fail to produce such evidence, you may then award damages to the Plaintiff, even though damages are approximate.

[29 CFR 516; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Jin v. Pac. Buffet House, Inc.*, No. CV-06-579 (VVP), 2009 WL 2601995 (E.D.N.Y. Aug. 24, 2009) (E.D.N.Y., 2009); *Doo Nam Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 335 (S.D.N.Y. 2005);*Central Pension Fund v. Murphy's Tire, Inc*., 1998 WL 865594,9 (N.D.N.Y.,1998); 29 U.S.C. § 211; 29 C.F.R. § § 516.5(a), 516.6(a) and 12 NYCRR 142-2.6(a)]

**REQUEST NO. 15:** **NYLL RECORDKEEPING REQUIREMENTS AND BURDEN SHIFTING**

Under the New York Labor Law, an employer must furnish a "pay stub" or "statement" with every payment of wages to employees listing the following: "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions. . .and net wages." The pay stub or statement must "include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." If you find that Defendants failed to furnish such a statement to Plaintiffs, you may view this failure by Defendants as supporting Plaintiffs' versions of the hours they worked and the wages they received.

Under the New York Labor Law, an employer must "establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions [and] net wages." "[T]he payroll records shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked."

If you determine that the Defendants failed to make and keep these records, then the Defendants have even a higher burden of proof than under the FLSA. Where an employer fails to keep adequate records or provide accurate statements of wages to employees, the employer has the burden of proving that the employee was paid as required by law. The New York Labor Law does not permit the employer to discharge this burden by undermining the reasonableness of an employees' estimates regarding hours worked and wages paid. Instead, the NYLL requires that an employer demonstrate by a preponderance of the evidence that it in fact paid its employees in accordance with the law.

[NYLL 195(3); NYLL 195(4); *Canelas*, 2017 U.S. Dist. LEXIS 50615, 2017 WL 1233998, at *9 (quoting NYLL § 196-a(a)); *see generally Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017) (discussing the FLSA and NYLL burden-shifting frameworks where an employer's payroll records are inaccurate or incomplete), *aff'd*, 752 F. App'x 33 (2d Cir. 2018) (summary order); *Gonzalez v. Allied Concrete Indus.*, 575 F. Supp. 3d 336, 341 (E.D.N.Y. 2021)]

**REQUEST NO. 16:  <u>DETERMINING HOURS WORKED</u>**

1.  The continuous workday doctrine

Employers must pay employees for all time that is part of the continuous workday, except for bona-fide meal periods. All time between the beginning of the workday until the end of he workday must be included in the calculation of hours worked. Thus, time spent on activities that may not constitute compensable work on their own nevertheless must be paid if they occur during the workday. For example, bathroom breaks, waiting time, and time spent on the phone with a spouse or child during an employee's workday must be paid. Once the continuous workday begins, any time spent on non-work tasks, including waiting time, are compensable.

[*IBP, Inc. v. Alvarez,* 546 U.S. 21, 28-29, 37 (2005)("[D]uring a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is . . . covered by the FLSA."); Kuebel v. Black & Decker Inc., 643 F.3d 352, 359-360 (2d Cir. 2011) (same); 29 C.F.R. § 790.6(a); May 31, 2006 Wage and Hour Advisory Memorandum, United States Department of Labor, No. 2006-2; Armour & Co. v. Wantock, 323 U.S. 126, 132-133 (1944) (waiting time during the continuous workday is compensable).]

2.  Bona-fide meals

The only time that an employer may deduct from the continuous workday is the a bona fide meal period. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

[See 29 CFR 785.19]

**REQUEST NO. 17:   GENERAL PRINCIPLES**

In determining whether Plaintiffs' are entitled to unpaid overtime or spread of hours pay, you should be guided by the following principles:

    1.  Once Hours are Worked, they Must Be Paid

It is the duty of the Defendant to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. Once work is performed by the employee, it must be paid.

[See 29 CFR 785.13 and Barfield v. NYCHHC, 537 F.3d at 132 (2d Cir. 2008)]

    2. Plaintiffs are Not Required to Complain or Protest Wage Violation

Once an employer pays an employee less than the law requires, the employee is entitled to recover the underpayment of his wages from the employer, regardless of whether the employee complained about or protested the underpayment of his wages. The employer's legal obligations do not depend on whether an employee complains.

[See Caserta v. Home Lines Agency, Inc., 273 F.2d 943 (2d Cir. 1959) and NYLL 663(1).

    2.  Adverse Inference - Failure to Furnish Statement of Wages

Under the law, Defendants were required to furnish to Plaintiffs a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages. The word "furnish" as used here means giving the statement to the employee to take with him, similar to an employee receiving a pay stub each pay day from his employer.

[See 12 NYCRR 142-2.7]

**REQUEST NO. 18:  LIABILITY AND DAMAGES**

After deciding on the hours worked by Plaintiffs for Defendants and the wages they received from Defendant, the next step is to determine liability and damages under the overtime laws and the spread-of-hours law - liability under these laws is determined on a weekly basis.

A. FLSA Overtime Wage Calculation

Plaintiffs seek to recover unpaid overtime wages under the FLSA. The first step in determining liability and damages is to determine the Plaintiffs' regular hourly rates during each week. The regular rate is arrived at by dividing the gross wages Plaintiffs received by 40.

To calculate Plaintiff's FLSA overtime wage damages, you should multiply the hours worked over forty (overtime hours) by 1.5 times the regular rate.

[29 USC 207; 29 CFR 778.5]

B. NYLL Overtime Wage Calculation

Plaintiffs seek to recover unpaid overtime wages under the NYLL. To calculate Plaintiffs' NYLL overtime wage damages, you should multiply the hours worked over forty by 1.5 times the regular rate.

C. NYLL Spread-of-Hours Wage Calculation

Plaintiffs seek to recover unpaid spread-of-hours wages under the NYLL. To calculate Plaintiff's NYLL spread-of-hours wage damages, you should multiply the number of days that Plaintiff worked a spread-of-hours of more than 10 by the applicable NY minimum wage rate. The "spread of hours" is the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty. The minimum wages applicable to restaurant employees on Long Island were as follows:

2016        $10.00 /hour

2017        $11.00 /hour

2018        $12.00 /hour

**REQUEST NO. 19:  <u>COURT HAS NO OPINION</u>**

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

[Federal Jury Practice and Instructions, §106.07 (5th ed. 2000).]

**REQUEST NO. 20:  <u>QUESTIONS FROM JURY</u>**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson or by one or more members of the jury. The courtroom deputies should be given the note and he or she will deliver it to me. No member of the jury should attempt to communicate with the Court by means other than a signed note, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open Court.

Bear in mind also that you are never to reveal to any person not even to the Court how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

[Federal Jury Practice and Instructions, §106.08 (5th ed. 2000)]

**REQUEST NO. 21:  <u>UNANIMOUS VERDICT</u>**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.