

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

March 19, 2025

**VIA ECF**

Hon. Natasha C. Merle, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East Courtroom 2F North
Brooklyn, NY 11210

    Re:    *Hernandez, et ano v Rosso Uptown Ltd, et al,* Case No. 20-cv-04026-NCM-SIL

Dear Judge Merle:

    Please accept this letter motion *in limine* for an order prohibiting Defendants from mentioning or enquiring about the Plaintiffs' immigration status, work authorization or Plaintiff's reporting and/or payment of taxes. Such evidence is irrelevant to plaintiffs' FLSA Claims. *See Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 7 (S.D.N.Y. 2015)(compiling cases). More specifically:

> Relevant evidence is generally admissible at trial, *see* Fed. R. Evid. 402, and evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The law is clear that that 'any individual' is entitled to pursue an action under the Fair Labor Standards Act (the 'FLSA')." *Francois v. Mazer*, No. 09 CIV. 3275, 2012 U.S. Dist. LEXIS 60846, 2012 WL 1506054, at *1 (S.D.N.Y. Apr. 24, 2012) (quoting 29 U.S.C. § 203(e)(1)). As a result, an FLSA "plaintiff's immigration status is not relevant because it does not have any tendency to make any material fact more or less probable." *Romero v. Prindle Hill Constr., LLC*, No. 3:14-CV-01835, 2017 U.S. Dist. LEXIS 124466, 2017 WL 3390242, at *2 (D. Conn. Aug. 7, 2017). Indeed, "[e]ven if evidence regarding immigration status were relevant, the risk of injury to the plaintiffs if such information were disclosed outweighs the need for its disclosure because of the danger of intimidation and of undermining the purposes of the FLSA." *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (internal quotation [*4] marks omitted). For similar reasons, evidence of a plaintiff's immigration status is not relevant to any claims brought under New York state labor law. *Francois*, 2012 U.S. Dirst. LEXIS 60946, 2012 WL 1506054, at *1. Evidence of the immigration status of any Plaintiff in this action is inadmissible and will be precluded at trial.

Hon. Natasha C. Merle, USDJ                                          MOSER LAW FIRM, PC
Re:     *Hernandez v. Rosso Uptown Ltd.*
Page 2

> Likewise, evidence of payment or non-payment of income tax is irrelevant to an FLSA or NYLL plaintiff's wage and hour claims. *Demirovic v. Ortega*, 254 F. Supp. 3d 386, 389 (E.D.N.Y. 2017); *see also D'Arpa v. Runway Towing Corp.*, No. 12 CV 1120, 2012 U.S. Dist. LEXIS 175452, 2012 WL 6138481, at *3 (E.D.N.Y. Dec. 11, 2012) (holding that "the discovery of a plaintiff's tax returns in an FLSA case is generally not warranted as the information sought is at best only minimally relevant and can be more readily obtained from a less intrusive source, namely the defendant's own records"). Because this information is irrelevant to the claims and defenses in this case, evidence of Plaintiffs' payment or nonpayment of income taxes is inadmissible and will be precluded at trial.

*Quintanilla v. Suffolk Paving Corp.*, No. CV 09-5331 (AKT), 2019 U.S. Dist. LEXIS 59529, at *3-4 (E.D.N.Y. Apr. 4, 2019).

                                                          Respectfully submitted,

                                                          *Steven J. Moser*

                                                          Steven J. Moser