# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____
420 Lexington Avenue • Suite 2458 • New York, New York 10170
T: 212.792.0046 • E: Joshua@levinepstein.com

March 21, 2025

<u>*Via Electronic Filing*</u>
The Hon. Judge Natasha C. Merle, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *Hernandez et al v. Rosso Uptown, Ltd. et al*
         <u>Case No.: 2:20-cv-04026</u>

Dear Honorable Judge Merle:

  This law firm represents Defendants Rosso Uptown, Ltd. (the "Corporate Defendant"), Michael Tizzano and Massimo Gammella (together, the "Individual Defendants", and collectively with the Corporate Defendant, the "Defendants") in the above-referenced matter.

  Pursuant to Your Honor's Individual Motion Practice Rules, and the directives contained in Your Honor's November 19, 2024 Order, this letter respectfully serves to respond to the *Motion in Limine* filed by Plaintiffs Santos Hernandez, Emanuel De Jesus Lievano and Miguel Antonio Vasquez (collectively, the "Plaintiffs") [Dckt. No. 120].

  Plaintiffs seek the entry of an order prohibiting Defendants from mentioning or inquiring about, *inter alia*, Plaintiffs' reporting and/or payment of taxes. [*Id*].

  While Defendants have no interest in Plaintiffs' immigration status or work authorization, Defendants respectfully submit that inquiries into Plaintiffs' tax filings should be permitted, to the extent that they are limited to relevant queries regarding Plaintiffs' work for other employers. For example, an employee is required to disclose the existence of their employers on tax documents such as IRS Form W-2, which reports wages paid to employees and the taxes withheld, or IRS Form 1099, which details non-employee compensation, including work performed as an independent contractor.

  These records provide relevant and objective evidence of Plaintiffs' earnings from other sources, during the period of time they alleged to have worked for Defendants. This information may be critical to assessing damages, determining whether Plaintiffs mitigated their losses, and evaluating the credibility of their claims regarding their work history and income. Accordingly, Defendants should be permitted to inquire whether Plaintiffs reported income from other employers, as such information directly pertains to the scope of their employment and potential offsets to claimed damages. Such inquiries would not delve into Plaintiffs' immigration status or broader tax compliance but would instead be narrowly tailored to assessing their employment and earnings, which are central to the issues in this case.

  Thank you, in advance, for your time and attention to this matter.

               Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Joshua Levin-Epstein*
Joshua Levin-Epstein, Esq.
420 Lexington Avenue, Suite 2458
New York, New York 10170
Tel. No.:  (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for Defendants*