UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Santos Hernandez and Emanuel De Jesus Lievano,

            Plaintiffs,

        v.

Rosso Uptown Ltd., Michele Tizzano s/h/a Michael Tizzano and Massimo Gammella,

            Defendants.

Case No. 20-cv-04026-

**REVISED JOINT PRE-TRIAL ORDER DATED 4/2/2025**

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**1. Trial Counsel**

*For Plaintiffs Santos Hernandez, Emanuel De Jesus Lievano,*

Steven J Moser
Moser Law Firm PC
133 C New York Avenue
PO Box 710
Huntington, NY 11743
Steven Moser Cell: 516-671-2776
Shirley Navarro Losito Cell: 631-827-4248
steven.moser@moserlawfirm.com

*For Defendants Rosso Uptown Ltd., Michele Tizzano s/h/a Michael Tizzano and Massimo Gammella,*

Michael Tizzano, *Pro Se*
11 Yennicock Avenue
Port Washington, NY 11050
michaelcapri@optonline.net

Massimo Gammella, *Pro Se*
141-42 72nd Drive
Flushing, NY 11050
mm@rossouptown.com
mystat@mashomes.com

2. **Statement of the Case:**

   a. **Plaintiff's Position**

   The law requires the payment of overtime to employees for working more than 40 hours a week. In addition to requiring the payment of overtime, New York State Law also requires restaurants to pay their employees and "spread of hours pay" (which is additional compensation owed to an employee for spending more than 10 hours at work on a given day). The New York Labor Law requires employers to provide a notice at the time of hiring and with each payment of wages showing how wages were calculated. Employers are required by law to maintain records to prove their compliance with these laws.

   The purposes of labor laws are (1) to level the playing field and protect law abiding businesses from unfair competition by businesses that do not comply with labor laws (2) to protect workers from substandard wages, and (3) to make sure that taxpayer dollars are not needed to supplement employees' wages.

   Plaintiffs worked at Defendants' restaurant, Rosso Uptown and were not paid the overtime, and "spread of hours" compensation required by law. In addition, the Defendants did not keep adequate records to prove their compliance with these laws. Furthermore the defendants did not (1) provide a hiring notice to the Plaintiffs (2) provide pay stubs showing how their wages were calculated, and (3) did not maintain records to prove their compliance with labor laws.

   b. **Defendants' Position**

   <u>**Michael Tizzano**</u>

   I was not an "employer' of the the NYLL, my lack of daily or continuous involvement over the restaurant day to day operations, precludes me from being classified as an "employer' or owner under the statue.

   I have never held any position as an officer, owner, co-owner, employee or as a shareholder of Rosso Uptown.

   Documents show Mr. Gammella as a sole proprietor.

   I have never received any form of compensation of financial benefit from the sued restaurant.

   I have never engaged in any activities related to hiring or firing the plaintiffs or employees of said restaurant, never supervised or managed employees nor I have been involved in creating their work schedules, or determine their rate of pay or compensation.

   I never had access to the bank account or records of any kind.

**Massimo Gammella**

Rosso Uptown was a short lived restaurant, Aug 2014 - Sept 2018.

Plaintiffs' were paid all of the compensation they were entitled to under the the NYLL. Salaries were distributed diligently and according to the schedule and days worked.

Records were left behind after an eviction notice and after the surrender of the premises. Wage notices were always given at time of hiring, even in different languages, and when employees refused to sign, we wrote "refused to sign".

The plaintiffs commenced this lawsuit after more than 2 years from their last day of employment.

Evidence will show that this is an orchestrated lawsuit to manipulate the legal system for financial gains, as one of the plaintiffs was involved in a similar lawsuit.

Rosso Uptown, Ltd.

Please see the above statement by Massimo Gammella.

3. **Jurisdiction.**

   The Court has dismissed the FLSA Claims without prejudice and will retain supplemental jurisdiction over the NYLL claims in order to avoid duplicative relief and juror confusion.

4. **Claims and Defenses.**

   a. **Plaintiffs' Claims**

| I. | NYLL Overtime under the Hospitality Industry Wage Order (12 NYCRR § 146-1.4) | | |
|---|---|---|---|
| **Elements** | | **Citation** | **Summary of Facts to Establish Element** |
| | | | |
| 1.1 | Rosso Uptown, Ltd. employed the Plaintiffs | 12 NYCRR 146-3.2; *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018)(FLSA and NYLL definitions of "employer" are co-extensive). | Stipulated |
| 1.2 | Massimo Gammella employed the Plaintiffs | 12 NYCRR 146-3.2 | Stipulated |

| | | | |
|---|---|---|---|
| 1.3 | Michele Tizzano a/k/a Michael Tizzano employed the Plaintiffs | 12 NYCRR 146-3.2; *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013). | "Tizzano was a joint owner and manager of Rosso Uptown." *Barrera v. Pepe Rosso 24, Inc.,* 18-cv-04558 (Answer, ECF No. 30) (¶ 13). "Defendant, Tizzano, managed Rosso Uptown." *Barrera v. Pepe Rosso 24, Inc.,* 18-cv-04558 (Answer, ECF No. 30) (¶ 22). Mr. Tizzano told customers that he was a manager of Rosso Uptown, Ltd. (Tizzano Dep. 17:25 - 22:14). He told members of the press that he was the "General Manager" of Rosso Uptown. (81:15-83:3). He directed employees to do things (40:22-40:25), and would "show them how to work properly." (41:5 – 41:15). He held the food certificate for Rosso Uptown issued by the Nassau County Health Department. (67:14-68:20). He used his Facebook page to advertise job openings at Rosso Uptown and listed his personal cell phone number as the number to call for those interested. (70:12 –71 : 23). He interviewed candidates. (73:3-73 : 22 ). He hired the Plaintiffs. |
| 2 | Plaintiffs were covered by the Hospitality Industry Wage Order | 12 NYCRR 146-3.2 | Stipulated |
| 3 | Defendants failed to pay Plaintiffs overtime pay for overtime hours worked | 12 NYCRR 146-1.4; The Plaintiffs' may estimate hours worked and wages paid based upon their recollection as the Defendants have not produced any payroll records. *Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35, at *9 (S.D.N.Y. Jan. 7, 2004)(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687- | Plaintiffs were paid a fixed salary based on their schedule for all hours worked. Plaintiffs will rely on their sworn testimony as to the salary paid and hours worked. |

| | | 88, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946)). | |
|---|---|---|---|
| **II.** | **Spread of Hours Pay (12 NYCRR 146-1.6)** | | |
| | **Elements** | **Citation** | **Summary of Facts to Establish Element** |
| 1 | Defendants employed the Plaintiffs | 12 NYCRR 146-3.2; *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018)(FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of NYLL Overtime claim, supra. |
| 2 | Plaintiffs were covered by the Hospitality Industry Wage Order | 12 NYCRR 146-3.2 | Stipulated |
| 3 | Defendants failed to pay Plaintiffs "spread of hours pay" for each workday in which the spread of hours exceeded 10. | 12 NYCRR 146-1.6; NYLL 198 | Plaintiffs were paid a fixed salary for all hours worked. Plaintiffs will rely on their sworn testify as to the wages paid and hours worked. |
| **III.** | **Wage Notice Violations (NYLL §§ 195(1) & 198))** | | |
| | **Elements** | **Citation** | **Summary of Facts to Establish Element** |
| 1 | Defendants employed the Plaintiffs | NYLL 190(3); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of NYLL Overtime claim, supra. |
| 2 | Plaintiffs were "employees" | NYLL 190(2); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of NYLL Overtime claim, supra. |
| 3 | Defendants did not furnish Plaintiffs "in writing in English and in the | NYLL 195(1); NYLL 198 | Plaintiffs will rely on their sworn testimony. Defendants have not produced any hiring notices. |

| | language identified by [them as] the[ir] primary language…a notice" at the time of hiring. | | |
|---|---|---|---|
| IV. | Wage Statement Violations (NYLL §§ 195(3) & 198)) | | |
| | **Elements** | **Citation** | **Summary of Facts to Establish Element** |
| 1 | Defendants employed the Plaintiffs | NYLL 190(3); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of NYLL Overtime claim, supra. |
| 2 | Plaintiffs were "employees" | NYLL 190(2); *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at *12 (S.D.N.Y. Dec. 11, 2018); (FLSA and NYLL definitions of "employer" and "employee" are co-extensive). | See 1.1-1.3 of NYLL Overtime claim, supra. |
| 3 | Defendants did not furnish Plaintiffs "a statement with every payment of wages" | NYLL 195(3); NYLL 198 | Plaintiffs will rely on their sworn testimony. Defendants have not produced any wage statements. |

b. **Defendants' Defenses**

| **Massimo Gammella** | | | |
|---|---|---|---|
| **Defense** | | **Citations** | **Summary** |
| 1 | Plaintiffs' were paid all of the compensation they are entitled to under the FLSA and the NYLL.<br><br>Plaintiffs orchestrated the lawsuit for financial gains | *Martinez v. Milgard Mfg. Inc.*, 2008 WL 4793616 (C.D. Cal. 2008);<br><br>---------------------------------------<br><br>*De Luna-Guerrero v. The North Carolina Growers' Ass'n, Inc.*, 370 F. Supp. 2d 386 (E.D.N.C. 2004); | The court found in favor of the employer, partly because the employees claims were deemed not credible and appeared motivated by potential for financial gain rather than genuine underpayment.<br><br>---------------------------------------<br><br>The employer in this case lost payroll records, but successfully argued that employees were compensated fairly based on |

| | | | |
|---|---|---|---|
| | Two of the plaintiffs were not aware of the ongoing lawsuit. One resigned with prejudice. Eviction and surrender of the premises let me leave behind records. | | evidence from other documentation and testimony. The court noted that the employees claims appeared opportunistic |
| | | -------------------------------------- *Mclaughlin v. Stineco, Inc.*, 1994 WL 730330 (M.D. Fla. 1994); *Duran v. La Boom Disco, Inc; Ning Wang v. Tiani and Co., Inc.* | -------------------------------------- This case involved an employer who was able to provide alternative evidence despite lost payroll records to show that the wage claims were unfounded and driven by employees' desire for financial benefit. The court found that employees lacked credibility. |
| | | -------------------------------------- *Duran V. La boom Disco, Inc* | -------------------------------------- Employees of la Boom Disco in Queens manipulated work sheets and exaggerated their claims. This led the court to dismiss the lawsuit, finding that employees had "orchestrated" the lawsuit for financial gain rather than due to genuine grievance. |
| | | *Ning wang v. Tiani and co, Inc* | -------------------------------------- Employees sued their employer, in court testimonials from other co-workers demonstrated that plaintiffs had significantly misrepresented their work hours. The plaintiffs lost their case as they credibility was thoroughly undermined by the evidence provided by their peers. |
| 2 | | | |
| **Michael Tizzano** | | | |
| **Defense** | | **Citations** | **Summary** |
| 1 | Plaintiffs' were paid all of the compensation they are entitled to under the FLSA and the NYLL | *Green v. Harbor Freight Tools USA, Inc.*, 888 F.3d 866 (9th Cir. 2017); *Yoshikawa v. City & County of Honolulu,* 2004 WL 5116799 (9th Cir. 2004); *Gomez v. Tyson Foods, Inc.*, 2010 WL 5068582 (D. Neb. 2010); | In these cases, courts carefully examined the evidence and motivations behind the lawsuits. Where plaintiffs could not substantiate their claims or were found to have ulterior financial motives, courts have been willing to dismiss the cases. Plaintiffs did not have a |

| | | | |
|---|---|---|---|
| | | *Wells v. General Dynamics Information Technology, Inc.,* 2020 WL 2571791 (E.D. Va. 2020); | legitimate basis for their claims. |
| 2 | | | |
| 3 | Defendant Tizzano was not an employer under the FLSA Lack of control over employees, their schedule, rate of pay, hiring or firing. | *Li v. HLY Chinese Cuisine, lnc.,* 2020WL2369636 (S.D.N.Y. 2020); *Irizarry v. Catsimatidis,* 722 F.3d 99 (2d Cir. 2013); *Moreau v. Air France,* 356 F.3d 942 (9th Cir. 2004); *Roman v. Jan-Pro Franchising lnfl, Inc.,* 2021 WL 6193475 (9th Cir. 2021); *Lam v. Univ. City Condo. Ass'n,* 2013 WL 4516108 (D. Mass. 2013) *Gray v. Powers,* 673 F.3d 352 (5th Cir. 2012) . | These cases illustrate that for an entity or individual to be deemed an employer under wage and hour laws, there must be a demonstrable level of control and involvement in the employment relationship. Courts often consider the totality of the circumstances, focusing on factors such as direct supervision, control over work conditions, and involvement in employment decisions, hiring and firing, determining rate and method of payment and maintaining employment records. These conditions lead the courts to rule in favor of the defendants. |

5. **Statement of Relief Sought.**

    a. **Plaintiffs' Position:** Plaintiffs seek compensatory damages as follows:

        i. Overtime;

        ii. Liquidated Damages equal to Overtime;

        iii. Spread of Hours Pay;

        iv. Liquidated Damages equal to Spread of Hours Pay;

        v. Statutory Damages for Hiring Notice Violations;

        vi. Statutory Damages for Wage Notice Violations;

        vii. Prejudgment interest;

        viii. Should the Plaintiffs prevail at trial, Plaintiffs' counsel will seek a separate

   award of attorneys' fees and costs.

 b. **Defendants' Position**

  Michael Tizzano

  Seeking damages for $ 9.000 for days missed at work and initial lawyer's retainer fee paid.

  Massimo Gammella

  I seek to recover the sum of $25,750 in legal fees incurred during the course of litigation.

6. **Witnesses:** A list of names and addresses by each party as to the fact and expert witnesses whose testimony is to be offered in its case in chief, together with a brief narrative statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

 a. **Plaintiffs' Will Call:**

  i. Santos Hernandez;

  ii. Emanuel DeJesus Lievano;

 b. **Plaintiff's May Call:**

  i. Manuel De Jesus Vasquez;

  ii. Massimo Gammella;

  iii. Michael Tizzano

 c. **Plaintiffs' Objections to Defendants' Proposed Witness List:** The Defendants only produced Saad Safiyat for a deposition. Therefore, the remaining non-party witnesses are precluded from testifying by order of the Court.

 d. **Defendants' Position.**

  Michael Tizzano

  **Chase Bank.** Can substantiate that I was never on any bank accounts held by the sued corporation.

**Joe De Guida.** Owner of Shine Studio hair, located directly across Rosso Uptown he has knowledge of whether I was the Plaintiffs' employer.

<u>Massimo Gammella</u>

**Massimo Gammella**

**Joe Deguida**

**Salvatore DiMeo (owner of trattoria Di Meo)**
**183 Roslyn Rd**
**Roslyn Heights, NY 11577**

…He can testify about the nature of his lawsuit with plaintiff Hernandez

**Jospeh J. Russo (ex Employee)**
**35 Graywood Rd**
**Port Washington NY 11050**

**Michele Pellegrino (ex employee)**
**211 Northern Blvd**
**Manhasset NY 11030**

**Salvatore Vitiello (ex employee)**
**2 Bay Club Dr.**
**Bayside NY 11360 apt E1H**

**Ida Guarna (ex employee)**
**4756 Glenwood Street**
**Little Neck NY 11362**

**Sonia Begum (ex delivery driver)**
**50 Nottingham Dr.**
**Middle Island NY 11953**

**Ak Safiat (ex delivery driver)**
**50 Nottingham Dr.**
**Middle Island NY 11953**

**Saad Safiat (ex delivery driver)**
**50 Nottingham Dr.**
**Middle Island NY 11953**

…All ex-employees can testify about the way the restaurant operated, who was the manager, waiters, pizza man, hours of operation and day to day

      operation.

7. **The Deposition Testimony to be offered in its case in chief, with any cross designations and objections by any other party.**

    a. Plaintiffs: None (except for impeachment).

    b. Defendants: None (except for impeachment).

8. **Stipulations:** A statement of stipulated facts, if any.

    a. Plaintiffs were employees of and employed by Rosso Uptown, Ltd.

    b. Plaintiffs were employees of and employed by Massimo Gammella.

    c. Plaintiffs were covered by the Hospitality Industry Wage order as Rosso Uptown, Ltd. was a restaurant.

    d. Defendants have not produced any records regarding hours worked by the Plaintiffs.

    e. Defendants have not produced and records regarding wages paid to the Plaintiffs.

    f. Defendants have not produced any wage statements.

    g. Defendants have not produced any hiring notices.

9. **The Exhibits.** A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The plaintiff's exhibits shall be identified by numbers, and the defendant's exhibits shall be identified by letters. Except for good cause shown, only exhibits listed will be received into evidence. The parties will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party and set out the proponent's responses to those objections. Descriptions need not be longer than several sentences, but they shall include more than just a list of the rules upon which objections are based. Any objection not listed in the pretrial order shall be deemed waived, and any exhibits without an objection will be deemed admitted into evidence at the start of the trial. Parties are expected to resolve as many admissibility issues before trial as possible. Where the parties have not resolved their objections to exhibits, they shall be prepared to address them with the Court at the final pretrial conference.

    a. **Offered by Plaintiffs**

| Trial Ex No. | Number 8/6/2024 JPTO (D.E. 83) | Description | Ruling |
|---|---|---|---|
|  |  |  |  |

| 1 | 1 | Letter from Michele Tizzano to Judge Joan M. Azrack and Magistrate Steven I. Locke dated 9/29/2020 | Admitted |
|---|---|---|---|
| 2 | 2 | Letter from Michele Tizzano to Judge Joan M. Azrack and Magistrate Steven I. Locke denying allegations with Exhibits dated 9/29/2020 | Admitted |
| 3 | 3 | Letter from Michele Tizzano to the Court to proceed Pro se with Exhibits on in case of *Barrera v. Pepe Rosso 24 Inc.* dated 02/18/2021 | Admitted |
| 4 | 10 | Defendants' Offer of Judgement in *Barrera v. Pepe Rosso 24 Inc.* dated 06/28/2021 | Admitted |
| 5 | 11 | Nassau County Health Inspection Report for Rosso Uptown, Ltd., 3/20/16-10/26/2017 | Admitted |
| 6 | 12 | Michael Tizzano Facebook Ad for Brick Osteria dated 07/26/2018 | Admitted |
| 7 | 13 | Michael Tizzano Facebook post Re: Rosso Uptown Job email dated 08/12/2018 | Admitted |
| 8 | 14 | Michael Tizzano Facebook page with Postings of food from Brick Osteria with multiple dates | Admitted |

| **Additional Potential Exhibits (Including Those Used for Impeachment)** | | | |
|---|---|---|---|
| TBD | 21 | Transcript of Deposition Testimony of Michael Tizzano (for impeachment purposes only) | |
| TBD | 22 | Transcript of Deposition Testimony of Massimo Gammella (for impeachment purposes only) | |
| TBD | 5 | Affidavit of Michele Tizzano dated 03/06/2022 | |
| TBD | 6 | Letter from Massimo Gammella to the Court Re: Case *Barrera v. Pepe Rosso 24 Inc.* dated 02/22/2021 | |
| TBD | 7 | Affidavit from Massimo Gammella dated 03/08/2022 | |
| TBD | 8 | Pl 1st RFP to Def dated - 7/12/2021 | |
| TBD | 15 | *Looks Familiar But its Full of Surprises*, N.Y. Times, (Feb 11, 2011), https://www.nytimes.com/2011/02/13/nyregion/13dineli.html | Excluded |
| TBD | 16 | *Rosso Uptown goes back to Rustic Italian roots as Brick Osteria,* Port Washington Times-The island Now, (Sept 19, 2017), https://theislandnow.com/port-washington/rosso-uptown-goes-back-rustic-italian-roots-osteria/ | Excluded |
| TBD | 17 | *Rosso Uptown in Port Washington morphs into Brick Osteria,* Newsday, (Sept 13, 2017), https://www.newsday.com/lifestyle/restaurants/rosso-uptown-in-port-washington-morphs-into-brick-osteria-i62638 | Excluded |
| TBD | 18 | *11zero50 Kitchen & Bar opens in Port Washington,* Newsday, (Aug 25, 2018), | Excluded |

| | | https://www.newsday.com/lifestyle/restaurants/11zero50-kitchen-bar-port-washington-j58682 | |
|---|---|---|---|
| TBD | 19 | *11zero50 closes in Port Washington,* The Island Now, (Oct 16, 2018), https://theislandnow.com/news-98/11zero50-closes-in-port-washington/ | Excluded |
| TBD | 20 | *Phase 3 in Port Washington: Italian Eatery Adapts to Coronavirus,* NY Patch, (Jun 24, 2020), https://patch.com/new-york/portwashington/phase-3--port-washington-italian-eatery-adapts-coronavirus | Excluded |

b. **Offered by Defendants**

| Trial Exhibit # | Description | Plaintiffs' Objections |
|---|---|---|
| A | Business Lease of Rosso Uptown Ltd. | Admitted |
| B | Video Recording of Plaintiff Lievano | Court Reserved Decision |
| C | Certificate of Incorporation for Rosso Uptown, Ltd. | Admitted |
| D | Demand for payment of past due rent | Admitted |
| E | Schedule K-1 (form 1120S) | Admitted |
| F | Form 2553 Election form | Admitted |
| G | Form 4506 sent to Mr. Moser giving him access to corporate tax returns | Excluded |
| | | |
| I | Corporate tax returns Rosso Uptown 2015, 2016, 2017, 2018 | Admitted |
| J | Records of Chase Bank | Admitted |
| J1, 2 3, | Depositions from plaintiffs. Mr Hernandez denying being involved in another labor lawsuit, Mr. Lieviano admitting to meet his lawyer for the first time at deposition. | (May be Used for Impeachment) |
| K | Plaintiff Hernandez settlement reached in another labor lawsuit, settle for $46,000 | (May Be Used for Impeachment) |
| K[1] | E-mail from Nassau Co. Department of Health | Admitted |
| L | Plaintiff Hernandez entering a complaint against Trattoria Di Meo, Matching signature as proof. | (May Be Used for Impeachment) |
| M | Mr. Vasquez resignation/withdrawal signed with prejudice, filed 06/13/22 document 44 | Excluded |
| N | FLSA amendments | Excluded |

---

[1] Exhibit K offered by Defendant Tizzano only

| O   | Chase documents showing Mr. Gammella as a sole signer of the business account. | Admitted |
|-----|-----|-----|
| L[2] | Page from Department of Health Website | Ruling Reserved |
| M[3] | Email from former Newsday writer. | Not Admitted |
| P   | Full transcript deposition Mr. Hernandez | (May Be Used for Impeachment) |
| Q   | Full transcript deposition Mr. Lieviano | (May Be Used for Impeachment) |

---

[2] Exhibit L offered by Defendant Tizzano only.
[3] Exhibit M offered by Defendant Tizzano only.